# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br>Tri-State Paper, Inc.,<br>　　　　Debtor. | Case No. 23-13237-pmm<br>Chapter 11 |
| Tri-State Paper, Inc.,<br>　　　　Plaintiff,<br>　　　　v.<br>Tyquil Shoemake,<br>　　　　Defendant. | Adversary No. |

**Complaint for Turnover of Property to the Estate Pursuant to 11 U.S.C. § 542**

**AND NOW**, Plaintiff Tri-State Paper, Inc., by and through its undersigned counsel, alleges the following upon information and belief:

### Parties

1. Plaintiff Tri-State Paper, Inc. is the debtor in the above chapter 11 bankruptcy case and a corporation who is and was at all relevant times domiciled in the state of Pennsylvania.

2. Upon information and belief, Defendant Tyquil Shoemake is an individual who is and was at all relevant times domiciled at 4129 Stirling Street, Philadelphia, PA 19135.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

5. The Plaintiff has standing to bring this action pursuant to 11 U.S.C. § 542 and Fed. R. Bankr. P. 7001(1).

6. Venue is proper pursuant to 28 U.S.C. § 1409(a).

7. The Plaintiff consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with U. S. Const. art. III.

## Statement of Claim

8. The preceding paragraphs of this Complaint are incorporated by reference as if set forth at length herein.

9. Upon information and belief, on or about August 5, 2022, the Plaintiff issued Check No. 8735 made payable to the order of XYZ Corporation in or about the amount of $1.00 from its Citizens Bank checking account #XXXXXX5759.

10. Upon information and belief, on or about August 5, 2022, the Plaintiff sealed Check No. 8735 in an envelope addressed to XYZ Corporation and placed it in a United States Postal Service collection box with proper first-class postage.

11. Upon information and belief, on or about August 5, 2022, the Defendant stole the envelope containing Check No. 8735 from a USPS collection box or otherwise intercepted it prior to its receipt by XYZ Corporation.

12. Upon information and belief, the Defendant then forged and altered Check No. 8735 by using chemicals to erase the legitimate payee and payable amount and then made it payable to himself in the amount of $18,900.00.

13. Upon information and belief, on or about August 5, 2022, the Defendant fraudulently endorsed Check No. 8735 and deposited it into his Navy Federal Credit Union financial account.

14. A copy of the front and back of Check No. 8735 as it appeared when processed for payment by Citizens Bank is attached as Exhibit A.

15. The Defendant has no relationship with the Plaintiff and was not entitled to payment of funds from the Plaintiff in any amount.

16. When the Plaintiff declared bankruptcy on October 27, 2023, the funds fraudulently obtained by the Defendant became property of the Plaintiff's bankruptcy estate.

17. The Plaintiff demands turnover of the fraudfully obtained funds from the Defendant pursuant to 11 U.S.C. § 542.

**Request for Relief**

**NOW, THEREFORE**, the Plaintiff requests entry of judgment against the Defendant in the amount of $18,900.00 plus attorney fees and costs, and for such other and further relief in its favor as may be necessary and proper under the law.

Date: November 20, 2023

CIBIK LAW, P.C.
*Counsel for Plaintiff*
*Tri-State Paper, Inc.*

By: /s/ Michael A. Cibik
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com