**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>　　Tri-State Paper, Inc.,<br><br>　　　　　　Debtor. | Case No. 23-13237-pmm<br><br>Chapter 11 |

**Order Granting Debtor's Motion to Approve**
**Balloting Procedure for Plan Voting**

**AND NOW**, upon consideration of the Debtor's Motion to Approve Balloting Procedure for Plan Voting, and after notice and hearing, it is hereby **ORDERED** that:

1. The motion is **GRANTED**.

2. The provisions of this order will apply to voting on all proposed plans in this case, unless otherwise ordered by the Court.

3. The Debtor must send the following documents to every claimholder and equity security holder entitled to vote on the plan:

   a. a paper copy of the plan,

   b. a paper copy of the Court's order scheduling the confirmation hearing, setting the last date for objections to the plan, and setting the date by which ballots must be received, and

   c. a paper ballot that conforms substantially to Official Form 314.

4. The Debtor must comply with Fed. Bankr. P. 2002 and send the documents in Paragraph 3 via first class mail, postage prepaid, to the address listed on each party's proof of claim/interest for service of notices, unless an attorney for such has appeared pursuant to Fed. Bankr. P. 2002, in which case the ballot must be sent to that attorney's address on record with the Clerk.

5. The Debtor is authorized to accept votes by using electronic ballots and parties entitled to vote are authorized to do so using electronic ballots sent to them by the Debtor.

6. Electronic ballots may only be sent using a commercially available electronic signature service that employs industry-standard encryption and is compliant with the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. ch. 96.

7. Electronic ballots must conform substantially to Official Form 314 and must be sent with the following documents:

   a. an electronic copy of the plan, and

   b. an electronic copy of the Court's order scheduling the confirmation hearing, setting the last date for objections to the plan, and setting the date by which ballots must be received.

8. Electronic ballots and documents listed in Paragraph 7 may only be sent to the email address listed on a party's proof of claim/interest for service of notices, unless an attorney for such has appeared pursuant to Fed. Bankr. P. 2002, in which case the ballot may only be sent to that attorney's primary email address on record with the Clerk.

9. If a party casts more than one ballot voting the same claim/interest, the last ballot timely received and most recently dated is deemed to reflect the voter's intent and will supersede any prior ballots, unless that ballot does not indicate acceptance or rejection of the plan or indicates both acceptance and rejection of the plan.

Date: December 19, 2023

_Patricia M. Mayer_
Patricia M. Mayer
U.S. Bankruptcy Judge

2