**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | Chapter 11 |
| Tri-State Paper, Inc. | Bankruptcy Number: 23-13237 |
| Debtor | |

**CITIZENS BANK, N.A. ("BANK") AND DEBTOR TRI-STATE PAPER, INC. ("DEBTOR")'S JOINT MOTION FOR ORDER APPROVING STIPULATION OF SETTLEMENT BY AND BETWEEN THE BANK AND THE DEBTOR**

TO THE HONORABLE PATRICIA MAYER, BANKRUPTCY JUDGE:

Citizens Bank, N.A. (the "Bank") and Debtor Tri-State Paper, Inc. ("Debtor"), by and through their respective counsel, move this Honorable Court for an order approving the Stipulation of Settlement by and between the Bank and the Debtor. In support of the Motion, the Bank and the Debtor respectfully state as follows:

**Jurisdiction and Venue**

1. This court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are 11 U.S.C. § 105, and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**Background**

4. On October 27, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtor is indebted to Bank under a Term Note dated January 18, 2018 in the original principal sum of $470,000.00, made, executed and delivered by the Debtor to the Bank (the "Note").

6. The Bank has a first mortgage (the "Mortgage") on the 4500-4520 N. 3rd Street, Philadelphia, Pennsylvania 19140 (the "Property") which mortgage is recorded in the office of the Recorder of Deeds for Philadelphia County on January 24, 2018 as Doc. I.D. #53319235, granted by the Debtor to secure payment and performance of the Note.

7. The Note matured in January, 2023, and is due and payable in full by the Debtor. Copies of the Note and Mortgage are attached hereto as Exhibits "A" and "B." As Debtor did not pay the Note in full on the maturity date, the Bank initiated a mortgage foreclosure action in connection with the Property in or around September 2023, which action was stayed by the instant bankruptcy filing.

8. The Bank filed a Proof of Claim (Claim No. 3) in the amount of $436,624.72 as of October 31, 2023, plus continuing interest, fees and costs in accordance with the Note and Mortgage[1].

9. Prior to the petition date, the Debtor had filed an insurance claim in connection with certain fire and water damage to the Property (the "Insurance Claim").

10. The Bank is an additional insured under the Debtor's insurance policy with regard to the Property, in accordance with the terms of the Mortgage.

11. The Debtor's insurance company has issued a check to settle the Insurance Claim by payment of a check in the amount of $679,353.08, payable to the Debtor, the Bank, and the insurance adjuster, Young Adjustment Company, Inc. (the "Insurance Proceeds").

---

[1] The total amount due under the Bank's claim is $455,490.00 as of January 26, 2024.

12. It is well established that the owner of an insurance policy cannot obtain greater rights to the proceeds of that policy than he would have under state law by merely filing a bankruptcy petition. Thus, a debtor's rights to the proceeds of his policy are inevitably subject to the contractual restrictions in his mortgagee agreement. See *First Fidelity Bank v. McAteer,* 985 F.2d 114, 117 (3d Cir.1993).

13. The Eastern District has held that a debtor does not have any right to possession of insurance proceeds, where there is language in the mortgage giving mortgagee absolute discretion as to whether to apply proceeds to mortgage indebtedness or to permit their use in restoration or repair of property damaged. See *In re Jones*, 179 B.R. 450 (Bankr. E.D. Pa. 1995).

14. The provision of the Mortgage on the Property provides as follows with respect to application of insurance proceeds:

> **Application of Proceeds**. Grantor shall promptly notify Lender of any loss or damage to the Property…Whether or not Lender's security is impaired, *Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness*, payment of any lien affecting the Property, or the restoration and repair of the Property…
>
> See Exhibit "B."

15. The Mortgage is clear that the Bank has the absolute right to "receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness."

16. The Bank has asserted a claim to receipt of Insurance Proceeds in accordance with the Note and Mortgage, up to the full amount of the indebtedness under the Note and Mortgage.

17. As of January 26, 2024, the total amount due under the Note and Mortgage is $455,490.00.

**Relief Requested**

18. The Insurance Proceeds have been paid into Court pursuant to this Court's Order dated January 10, 2024.

19. The Bank and the Debtor have agreed to resolve the debt owed to the Bank under the Note and Mortgage, and the mortgage foreclosure action, by way of the Bank's receipt of the Insurance Proceeds up to the full amount of the indebtedness.

**Terms and Conditions of the Settlement**

20. The terms and conditions of the Settlement are summarized as follows:

    a. Debtor and the Bank agree that the Court may order the release of the Insurance Proceeds, in the amount of $**434,032.48** to be paid over to Bank. The Bankruptcy Court will determine the disposal of the balance of the Insurance Claim over the amount to be paid to the Bank.

    b. Once the Bank has received the payoff, in good, collected and indefeasible funds and the Bankruptcy Court has approved this settlement and all applicable appeal periods have passed, the Bank's claims under the Note and Mortgage will be satisfied and the Bank shall take such action as necessary to terminate all outstanding litigation and claims between the parties in the state court and bankruptcy court, including without limitation discontinuance of the mortgage foreclosure action, satisfaction of the Mortgage of record, and satisfaction of the claim filed in the Estate of Justino Petaccio.

**LEGAL ARGUMENT**

21. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

22. By this Motion, Bank and the Debtor request that the Court enter an Order approving the settlement.

23. To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy. *Martin v. Ayers (In re Martin)*, 91 F.3d 389, 393 (3rd Cir. 1996).

24. In determining whether to approve an application to settle a controversy, the Court does not substitute its judgment for that of the debtor. Rather, the Court should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness. *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987; *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 802 (Bankr. E.D. Pa. 1986); See also *In re Penn Central Transportation Company*, 596 F.2d 1102 (3rd Cir. 1979)(concluding that the correct standard is that the terms of the proposed compromise must fall within the reasonable range of litigation possibilities).

25. The Third Circuit recognizes four criteria the Court should consider in making this determination: (1) the probability of success in litigation; (2) the likely difficulties in connection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *Martin*, 91 F.3d at 393; *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *Grant Broadcasting of Phildelphia, Inc.*, 71 B.R. at 395; *Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803.

26. The ultimate inquiry is whether the compromise is fair, reasonable, and in the best interest of the estate. *Marvel*, 222 B.R. at 279; *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *Neshaminy Office Bldg. Assocs.*, 62 B.R. at 802.

27. Approval of the settlement is in the best interest of the estate. The settlement will resolve all outstanding matters between the Bank and the Debtor. Accordingly, the parties submit that the settlement should be approved.

## **OBJECTIONS TO MOTION**

28. The Debtor and the Bank request, pursuant to Fed. R. Bankr. P. 9014, that the court order that objections, if any, to this Motion or the relief requested herein, must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; (c) be filed with the Clerk of the Bankruptcy Court; and (d) be served so as to be received no later than three days prior to the hearing, upon (i) bankruptcy counsel to the Debtor, (ii) counsel to the Bank (iii) counsel to the Trustee, and (iv) the Office of the United States Trustee.

29. The Debtor and the Bank further request, pursuant to Fed. R. Bankr. P. 9014, that the court order that the failure of any objecting person or entity to file its objections timely will be a bar to the assertion, at the hearing or thereafter, of any objection to this Motion and consummation and performance of the settlement, if authorized by the court.

30. Procedural Due Process: The notice of this Motion that is being provided is "reasonably calculated" to apprise interested parties of the pendency of the matter and to afford them an opportunity to object. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). Parties in interest have been and should be found to have been afforded adequate notice of this Motion.

31. The Debtor and the Bank propose to serve this Motion upon all parties who have filed with the Court a request for notices in this case via CM/ECF, and also the following parties:

| | |
|---|---|
| Tri-State Paper, Inc. | Michael A. Cibik, Esquire |
| 149 E Church St. | Michael Assad, Esquire |
| Blackwood, NJ 08012-3904 | Cibik Law, P.C. |
| *(Debtor)* | 1500 Walnut Street, Suite 900 |

Richard E. Furtek
101 Lindenwood Dr., Suite 225
Malvern, PA 19355
 *(Trustee)*

Young Adjustment Company, Inc.
900 Lenmar Drive
Blue Bell, PA 19422

Pamela Elchert Thurmond, Esquire
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA 19102-1595
*Counsel for the City of Philadelphia and/or Water Revenue Bureau*

Philadelphia, PA 19102
*(Counsel for Debtor)*

United States Trustee
900 Market Street, Suite 320
Philadelphia, PA 19107

Dave P. Adams, Esquire
DOJ-Ust
900 Market Street
Philadelphia, PA 19107
*(Counsel for U.S. Trustee)*

Joseph J. Swartz, Esquire
Pennsylvania Department of Revenue
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128-1061
*Counsel for Pennsylvania Department of Revenue*

32. The Debtor and the Bank respectfully submit that the notice of Motion it intends to submit satisfies the notice requirements of the applicable Bankruptcy Rules and the Bankruptcy Code, constitutes good and sufficient notice, and that no other or further notice is required.

## CONCLUSION

For all of the foregoing reasons, the Debtor and the Bank respectfully request that the court grant this motion and approve the settlement, and grant such other related relief as the court deems appropriate.

Date: January 30, 2024

Respectfully submitted,

*/s/ Kristen Wetzel Ladd*_____
Kristen Wetzel Ladd, Esquire
ID# 208755
Unruh Turner Burke & Frees, P.C.
17 W. Gay Street
West Chester, PA 19381

*Counsel for Citizens Bank, N.A.*

Date: January 30, 2024    CIBIK LAW, P.C.

*/s/ Michael I. Assad*
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com
*Counsel for Debtor*
*Tri-State Paper, Inc.*