## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                              :
TRI-STATE PAPER, INC.                               :        Chapter 11
           Debtor                      :        Case No. 23-13237-pmm
                                                    :
_____                 :

### PENN JERSEY PAPER CO.'S MOTION TO HAVE
### PROOF OF CLAIM FILED OUT OF TIME
### DEEMED TIMELY FILED PURSUANT TO F.R.B.P. 9006(b)(1)

AND NOW COMES Penn Jersey Paper Co. ("Penn Jersey" or "Movant"), by and

through its undersigned counsel, Joshua B. Ladov, Esquire, and Ladov Law Firm, P.C., and

hereby moves this Honorable Court for an Order granting having its Proof of Claim filed out of

time in the Tri-State Paper, Inc. (the "Debtor") bankruptcy proceeding deemed timely filed

pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1).  In support thereof, Penn Jersey

avers as follows:

    1.      Penn Jersey is a corporation organized and existing under the laws of the

Commonwealth of Pennsylvania and is a full line distributor and installer of food service

supplies, equipment, and disposables with a principal place of business located at 9355 Blue

Grass Road, Philadelphia, PA 19114.

    2.      Debtor is a corporation organized and existing under the laws of the

Commonwealth of Pennsylvania and offers paper products and other supplies to restaurants.

    3.      On or about November 6, 2023, the Honorable Patricia M. Mayer issued an Order

(the "11/6/23 Order") Setting the Last Day to File Proofs of Claim as January 5, 2024 (the "Bar

Date") for persons or entities whose claim is listed on the Debtor's schedules of assets and

liabilities as "disputed", "contingent" or "unliquidated".  A true and correct copy of the 11/6/23

Order is attached hereto and incorporated herein by reference as Exhibit "A".

4.      On or about January 24, 2024, Debtor filed a Chapter 11 Subchapter V Plan of Liquidation (the "Plan"), pursuant to which all of the Debtor's Allowed Unsecured Claim holders will receive 100% of their claims.  *See* Exhibit A Liquidation Analysis ("Liquidation Analysis") attached to the Plan.  A true and correct copy of the Plan is attached hereto as Exhibit "B."

5.      Pursuant to the Plan, the Debtor has funds totaling $1,725,434.57 available for unsecured claims.  *See* Liquidation Analysis.

6.      Debtor's Allowed General Unsecured Claims total $436,909.57. *See* Liquidation Analysis.

7.      Thus, following 100% distribution for Allowed General Unsecured Claims, funds in the amount of $1,288,525.00 will remain in the bankruptcy estate.

8.      Penn Jersey's claim of $70,872.99 is listed as "unliquidated" on the Debtor's Schedule F.

9.      Notwithstanding the January 5, 2024 Bar Date, Penn Jersey's counsel inadvertently failed to file Penn Jersey's Proof of Claim by January 5, 2024.  See Affidavit of the undersigned counsel attached as Exhibit "D."

10.     Accordingly, on or about February 8, 2024, Penn Jersey filed its Proof of Claim. A true and correct copy of the Penn Jersey's Proof of Claim is attached hereto and incorporated herein by reference as Exhibit "C".

11.     Penn Jersey now seeks to have its Proof of Claim, in the form attached hereto as Exhibit "C", deemed timely filed in the amount of $70,872.99 to enable Penn Jersey to collect the outstanding balance due and owing Penn Jersey by the Debtor in light of the fact that ample funds are available in the bankruptcy estate.

2

12.    Federal Rule of Bankruptcy Procedure 9006(b)(1) specifically provides for a court

to permit a proof of claim to be filed out of time as follows:

> (b) Enlargement
>
>> (1)    In general
>>
>> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is
>> required to be done at or within a specified period by these rules or by a notice
>> given thereunder or by order of the court, the court for cause shown of
>> the specified period permit the act to be done where the failure to act was the
>> result of excusable neglect.

*F.R.B.P 9006(b)(1).*

13.    The United States Supreme Court has determined that "by empowering the courts

to accept late filings 'where the failure to act was the result of excusable neglect,' Rule

9006(b)(1), Congress plainly contemplated that the courts would be permitted, where

appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by

intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick

Assocs. Ltd. P'ship, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993).

14.    Further,

> The "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs
> of claim in Chapter 11 cases but not in Chapter 7 cases.4 The rules' differentiation
> between Chapter 7 and Chapter 11 filings corresponds with the differing policies
> of the two chapters. **Whereas the aim of a Chapter 7 liquidation is the prompt
> closure and distribution of the debtor's estate, Chapter 11 provides for
> reorganization with the aim of rehabilitating the debtor and <u>avoiding
> forfeitures by creditors</u>.** See United States v. Whiting Pools, Inc., 462 U.S. 198,
> 203, 103 S.Ct. 2309, 2312–2313, 76 L.Ed.2d 515 (1983). In overseeing this latter
> process, the bankruptcy courts are necessarily entrusted with broad equitable
> powers to balance the interests of the affected parties, guided by the overriding goal
> of ensuring the success of the reorganization. See NLRB v. Bildisco & Bildisco,
> 465 U.S. 513, 527–528, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984). This context

suggests that Rule 9006's allowance for late filings due to "excusable neglect" entails a correspondingly equitable inquiry.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 389, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993) (emphasis added).

15.    The determination of whether a party's neglect to file by the bar date is excusable is an equitable one requiring the court to consider the following circumstances:

     a.  Danger of prejudice to the debtor;

     b.  The length of the delay and its potential impact on judicial proceedings;

     c.  Reason for the delay, including whether it was within the reasonable control of the movant; and

     d.  Whether the movant acted in good faith.

Id. at 1498. See also Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995).

16.    Penn Jersey's request to have its proof of claim approved out of time should be granted because there is no danger of prejudice to the debtor.

17.    As stated herein above, the Debtor has filed a plan of liquidation and there are ample funds in the bankruptcy estate to allow Penn Jersey's claim to be liquidated and paid. Allowing the claim to be paid will further the purposes of Chapter 11 to provide for reorganization with the aim of rehabilitating the debtor, and avoiding forfeitures by creditors, to wit, Penn Jersey.

18.    Penn Jersey's request to have its proof of claim filed out of time deemed timely filed has not, and will not, delay the administration of the Debtor's bankruptcy proceeding and or plan of liquidation as the Plan was just filed on January 24, 2024, voting to approve the Plan has not yet concluded (as objections and votes are due by March 6, 2024), and the Plan confirmation hearing is scheduled for March 13, 2024.

19.     Penn Jersey's failure to file the Proof of Claim by the Bar Date was not within its reasonable control as it had anticipated that its counsel would file its claim by the Bar Date.

20.     There is nothing to suggest that Penn Jersey failed to act in good faith when it did not file its claim by the Bar Date.

21.     Refusal to allow Penn Jersey to have its Proof of Claim deemed timely filed will only result in unnecessary prejudice to Penn Jersey and a windfall to the Debtor.

22.     Penn Jersey does not consent to the entry of a final order if the court cannot enter a final order consistent with Article III of the United States Constitution. *L.B.R. 9014-3(b)*.

**WHEREFORE,** Penn Jersey Paper Co. respectfully requests that this Honorable Court enter an order in the proposed form attached hereto permitting the Penn Jersey Paper Co.'s Proof of Claim, in the form attached as Exhibit C to this Motion, deemed timely filed and for such other and further relief as this Honorable Court deems just and proper.

**LADOV LAW FIRM, P.C.**


    /s/ Joshua B. Ladov
JOSHUA B. LADOV, ESQUIRE
LADOV LAW FIRM, P.C.
JEFFERSON CENTER
1101 MARKET STREET, SUITE 2820
PHILADELPHIA, PA  19107-2993
267-687-8855
jladov@ladovlaw.com

Dated: February 16, 2024

5