# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>    Tri-State Paper, Inc.,<br><br>                   Debtor. | Case No. 23-13237-pmm<br><br>Chapter 11 |

### ORDER SETTING LAST DAY TO FILE PROOFS OF CLAIM

**NOTICE: Your rights may be affected.** Failure to file a timely proof of claim may result in the loss of the right to vote on any proposed plan of reorganization and the right to share in any distribution of money or property from the debtor's bankruptcy estate. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult an attorney.

**AND NOW**, upon motion of Debtor Tri-State Paper, Inc., it is hereby **ORDERED** that:

1. **January 5, 2024**, is the **LAST DAY** for the filing of all **CLAIMS** and **INTERESTS** by creditors and equity security holders ("the Bar Date") **EXCEPT** for those persons and entities described in Paragraphs 2, 5, 6 and 7 below.

2. **April 24, 2024**, is the **LAST DAY** for the filing of all **CLAIMS** and **INTERESTS** of governmental units.

3. Proofs of Claims or Interests may be filed with:

   Office of the Clerk
   U.S. Bankruptcy Court
   900 Market Street, Suite 400
   Philadelphia, PA 19107

4. Proofs of Claim mailed or delivered to the Office of the Clerk ("the Clerk") or electronically filed with the Clerk will be deemed timely filed only if actually received by the Clerk on or before the Bar Date.

5. A person or entity need not file a proof of claim on or before the bar date if:

   a. it has already properly filed a Proof of Claim against the Debtor with the Clerk.

   b. its claim is listed in the Debtor's schedules of assets and liabilities, list of equity holders, and statement of financial affairs (collectively, the "Schedules") or any amendments thereto, and

      i. its claim is NOT described therein as "disputed," "contingent," or "unliquidated," and

      ii. it does NOT dispute the amount or classification of its claim as set forth in the Schedules.

    c. its claim against the Debtor has been allowed by an Order of the Court entered on or before the Bar Date or that has been paid with court authorization before the Bar Date.

    d. it asserts an administrative expense claim against the Debtor pursuant to 11 U.S.C. § 503(b), except that a person or entity asserting an administrative expense claim against the Debtor under 11 U.S.C. § 503(b)(9) shall file a claim by the Bar Date set forth in Paragraph 1.

    e. it is a professional retained by the Debtor pursuant to Orders of this Court who asserts administrative claims for fees and expenses subject to the Court's approval pursuant to 11 U.S.C. §§ 330, 331 and 503(b).

6. Any claim arising from the rejection of an executory contract or rejection of an unexpired lease shall be filed on or before the later of (a) the bar date set forth in Paragraph 1; or (b) thirty-five (35) days after the effective date of the rejection as set forth in the order of rejection.

7. If the debtor amends the schedules after the date of this order to designate any claim as contingent, unliquidated or disputed, or amends the Schedules to reduce the amount or classification of a Claim previously listed: (a) the Debtor shall forthwith provide notice ("the Amendment Notice") to the Claimant of the amendment(s), describing with particularity the prior classification and amount of the claim originally set forth in the Schedules and the changes thereto resulting from the amendment; and, (b) the Claimant shall have until the later of the Bar Date or thirty-five (35) days after service of the Amendment Notice in which to file a proof of claim.

8. On or before November 13, 2023, the Debtor shall serve this Order on all creditors, interest holders and other parties in interest, including all persons and entities who have filed an entry of appearance or a request for notices under Fed. R. Bankr. P. 2002, or parties entitled to notice under Fed. R. Bankr. P. 2002(j).

9. For purposes of Paragraph 8, the date of the Order shall be the "Record Holder Date" i.e., the date used to determine which holders of claims and interests shall be entitled to receive notice of the Bar Date and to vote on the Plan.

10. Promptly after complying with the service requirements of Paragraph 8 above, the Debtor shall file a Certification of Service.

Date: **November 6, 2023**

/Patricia M. Mayer/
_____
Patricia M. Mayer
U.S. Bankruptcy Judge

2