**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| In re: | Case No. 23-13237-pmm |
| Tri-State Paper, Inc., | Chapter 11 |
| Debtor. | Response to ECF No. 169 |

### Debtor's Response to Penn Jersey Paper Co.'s Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1)

**AND NOW**, Debtor Tri-State Paper, Inc., by and through its attorney, hereby responds to the Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1) filed by Penn Jersey Paper Co.

The Debtor opposes the Motion. The Court must deny the motion because the failure of Penn Jersey's counsel to properly calendar a task is not the kind of error that gives rise to a defense of excusable neglect. *Ragguette v. Wines*, 691 F.3d 315, 326 (3d Cir. 2012) (holding that excusable neglect for human error is appropriate when an avoidable error was not readily foreseeable); *Airline Pilots v. Executive Airlines*, 569 F.2d 1174 (1st Cir. 1978) (counsel's failure to properly calendar is not excusable). It is readily foreseeable that the rights of an attorney's client will be affected if the attorney does not have internal controls and procedures to prevent deadlines from passing without action.

Further, the Court must consider "whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court," *Ragguette*, 691 F.3d 315 at 325. In this case, Penn Jersey's counsel does not provide an excuse other than to say that he "was not properly representing [Penn Jersey's] interests." ECF No. 169-4, p. 2. While that is certainly enough for the Court to determine neglect, it is not enough for the Court to determine whether that neglect is excusable.

Penn Jersey's reliance on its counsel to file a proof of claim does not excuse its responsibility to verify that the claim was actually filed. Aside from the order setting the last day to file proofs of claim that was served on November 8, 2023, the Debtor served pleadings on Penn

Jersey on November 22, 2023, December 4, 2023, and December 11, 2023. ECF No. 34, 76, 84-4, 94. The Bankruptcy Noticing Center also served a notice of the bankruptcy case on Penn Jersey on November 17, 2023. ECF No. 69.

Those documents were not related to the proof of claim deadline, but they were constant reminders to Penn Jersey that it was a creditor in this bankruptcy case. There is no proffering by Penn Jersey or its counsel that Penn Jersey took any steps to verify that its counsel filed the claim on time or even verified that counsel received and was aware of its direction to file a claim.

**NOW, THEREFORE**, the Debtor asks this Court to deny the motion in the form of order attached.

Date: February 28, 2024

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

## Certificate of Service

I certify that on this date I caused a true and correct copy of the Debtor's Response to Penn Jersey Paper Co.'s Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1) to be served on Penn Jersey Paper Co. through the CM/ECF system along with all attachments.

Date: February 28, 2024

/s/ Michael I. Assad
Michael I. Assad