# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case No. 23-13237-pmm |
| TRI-STATE PAPER, INC. | : | |
| Debtor | : | Date:  March 13, 2024 |
| | : | Time:  9:30 a.m. |
| | : | Robert N.C. Nix, Sr. Federal |
| | : | Courthouse, Courtroom 1 |

### PENN JERSEY PAPER CO.'S OBJECTION TO CONFIRMATION OF DEBTOR'S SUBCHAPTER V PLAN OF LIQUIDATION

AND NOW COMES Penn Jersey Paper Co. ("Penn Jersey"), by and through its undersigned counsel, Joshua B. Ladov, Esquire, and Ladov Law Firm, P.C., and hereby files this Objection to Confirmation to Tri-State Paper, Inc.'s ("Debtor") Subchapter V Plan of Liquidation (the "Plan") on the following grounds:

1. On or about October 27, 2023, the Debtor filed a voluntary Chapter 11 Petition with the United States Bankruptcy Court for the Eastern District of Pennsylvania.

2. On or about November 6, 2023, the Honorable Patricia M. Mayer issued an Order (the "11/6/23 Order") Setting the Last Day to File Proofs of Claim as January 5, 2024 (the "Bar Date") for persons or entities whose claim is listed on the Debtor's schedules of assets and liabilities as "disputed", "contingent" or "unliquidated".

3. On or about January 24, 2024, Debtor filed a Chapter 11 Subchapter V Plan of Liquidation (the "Plan"), pursuant to which all of the Debtor's Allowed Unsecured Claim holders will receive 100% of their claims.

4. On or about February 8, 2024, Penn Jersey filed its Proof of Claim for goods sold and delivered to Debtor. A true and correct copy of Penn Jersey's Proof of Claim is attached hereto as Exhibit "A".

5. On or about February 16, 2024, Penn Jersey filed a Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1) (the "Motion"). *See*, docket entries 169, 170, 173.

6. A hearing to consider Penn Jersey's Motion is scheduled for March 13, 2024, 9:30 a.m., Robert N.C. Nix Federal Courthouse, Courtroom 1. See, docket entry 173.

7. The confirmation hearing on the Debtor's Plan of Liquidation is also scheduled for March 13, 2024 at 9:30 a.m., Robert N.C. Nix Federal Courthouse, Courtroom 1.

8. The Debtor has filed a Motion to Extend time to Deadline for Plan Voting to March 20, 2024, and that Motion is pending. See, docket entry 191.

9. The Bankruptcy Code only permits confirmation of a plan if, *inter alia*, "[t]he plan has been proposed in good faith…" *11 U.S.C. 1129(a)(3).*

10. The Debtor's Plan was not proposed in good faith.

11. Article 5 of the Debtor's Plan provides that "No distribution will be made on account of a disputed claim unless the claim is allowed by a final non-appealable order.

12. Article 5 of the Debtor's Plan provides that a claim is considered disputed as follows:

> A claim is considered disputed if it has not been allowed or disallowed by a final non-appealable order and:
>
> (i) a proof of claim is filed or deemed filed and the debtor or another party in interest has objected to it, or
>
> (ii) a proof of claim is not filed and the debtor scheduled the claim as disputed, contingent, or unliquidated.

13. The Bankruptcy Code defines a "claim" as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

. . .

*11 U.S.C. §101(5)(A).*

14. The Bankruptcy Code does not define the term unliquidated. *In re Keenan*, 201 B.R. 263, 264 (S.D.Cali. 1996) (abrogated on unrelated grounds).

15. Whether or not a debt is liquidated "turns on whether it is subject to 'ready determination and precision in computation of the amount due.'" *Id* at 265.

16. "Contract debts (even though disputed) are considered liquidated…." *Id.*

17. On its schedules, the Debtor listed ninety seven (97) general unsecured claims, ninety five (95) of which were designated as "unliquidated." A true and correct copy of the Debtor's Schedules A/B - J , Summary of Assets & Liabilities, Declaration Under Penalty of Perjury for Non-individual Debtors , Statement of Financial Affairs for Non-Individual is attached hereto as Exhibit "B."[1]

18. Accordingly, in accordance with Article 5 of the Plan, ninety eight percent (98%) of the Debtor's general unsecured claims are designated as "disputed".

19. "[A] debtor's designation of a debt as "unknown" or "unliquidated" does not settle the question." *In re: De Jounghe*, 334 B.R. 760, 768 (Bankr. D.P.R. 2005); *In re Piovanetti*, 496 B.R. 57, 62 (Bankr. D.P.R. 2013) ("A debtor's characterization of the debt is not ultimately conclusive").

20. Notwithstanding the Debtor's characterization of a claim as being disputed if it is listed as "unliquidated", the bankruptcy courts have consistently distinguished the difference between disputed, contingent and unliquidated claims. *In re Mazzeo*, 131 F.3d 295, 302 (1997).

---

[1] Schedules A/B were subsequently amended at docket entry 112, but same does not affect the general unsecured creditors.

3

21. "Determining a debt to be unliquidated simply because a debtor lists the claim as disputed would render the term 'unliquidated' mere surplusage." *Id.* at 305.

22. Thus, "[t]he bankruptcy court can scrutinize and redesignate the characterization…when that characterization is the subject of a case or controversy." *Id.* quoting *In re Stern*, 266 B.R. 322, 326 (Bankr. D. Md. 2001) (other citations omitted) .

23. Penn Jersey disagrees with the Debtor's designation of its claim as "unliquidated" and therefore "disputed."

24. The Debtor scheduled Penn Jersey's claim as unliquidated in the amount of $70,872.99. *See*, Ex. B at 3.61.

25. Penn Jersey filed a Proof of Claim in the amount of $70,872.99, the same amount identified by the Debtor as being "unliquidated."

26. Attached to Penn Jersey's Proof of Claim is Penn Jersey's Statement and the invoices issued by Penn Jersey to Debtor, all of which evidence that the amount due and owing Penn Jersey by the Debtor is $70,872.99 for goods sold and delivered.

27. Penn Jersey's claim is based upon 'ready determination and precision in computation of the amount due'" and is, therefore, liquidated within the meaning of the Bankruptcy Code. *Keenan* at 264.

28. Clearly, the Debtor, having filed its schedules prior to Penn Jersey's filing of its Proof of Claim, and listing the amount owed to Penn Jersey as $70,872.99, has not disputed, and cannot dispute, that the amount owed to Penn Jersey is $70,872.99, irrespective of Debtor's designation of Penn Jersey's claim as unliquidated.

29. Debtor's designation of Penn Jersey's claim as unliquidated is therefore incompatible with the Bankruptcy Code and was not designated as such in good faith.

4

30. Thus, because Penn Jersey's claim is liquidated, irrespective of Debtor's designation as unliquidated, Penn Jersey was not required to file a Proof of Claim in order to participate in the distributions contemplated by the Plan.

31. Moreover, analysis of the Debtor's Plan of Liquidation discloses that the Debtor has funds totaling $1,725,434.57 available for unsecured claims. *See* Liquidation Analysis.

32. Debtor's Allowed General Unsecured Claims total $436,909.57. *See* Liquidation Analysis.

33. Thus, analysis of the Debtor's Plan of Reorganization discloses that there will be ample funds remaining in the bankruptcy estate for payment of Penn Jersey's claim following 100% distribution for Allowed General Unsecured Claims.

34. As of the date of the hereof, Penn Jersey's claim has not been denied by the Court, and Penn Jersey has pending a Motion to have Proof of Claim filed out of time deemed timely filed pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1). *See*, docket entries 169, 170, 173.

35. Penn Jersey objects to confirmation of the Debtor's Plan of Liquidation to the extent that it does not include payment of Penn Jersey's claim.

36. By inference, and due to Debtor's treatment of Penn Jersey's claim, the vast majority of the general unsecured claims listed on the Debtor's schedules are likely based upon "ready determination and precision in computation of the amount due'" and are, therefore, liquidated within the meaning of the Bankruptcy Code. *Keenan* at 264.

WHEREFORE, Penn Jersey Paper Co. respectfully requests that this Honorable Court enter an order: (i) denying approval of the Plan; (ii) requiring the Debtor to file an amended Plan

of Liquidation including, at a minimum, Penn Jersey's Claim; and (iii) granting such other and further relief as the Court deems just and equitable.

                                                  **LADOV LAW FIRM, P.C.**

Dated: March 6, 2024                        /s/ Joshua B. Ladov
                                                    JOSHUA B. LADOV, ESQUIRE
                                                    LADOV LAW FIRM, P.C.
                                                    JEFFERSON CENTER
                                                    1101 MARKET STREET, SUITE 2820
                                                    PHILADELPHIA, PA  19107-2993
                                                    267-687-8855
                                                    jladov@ladovlaw.com

                                                    *Counsel for Creditor,*
                                                    *Penn Jersey Paper Co.*