# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-13237-pmm |
|     Tri-State Paper, Inc. | Chapter 13 |
|     Debtor. | Response to ECF No. 169, 195 |

### Debtor's Supplemental Response to Penn Jersey Paper Co.'s Motion to Allow Claim and Response to Penn Jersey Paper Co.'s Objection to Confirmation of Plan

Penn Jersey Paper Co.'s proof of claim was filed forty-two days late because its lawyer committed malpractice. *See* ECF No. 169-4; *see also* Pa. Rules of Prof'l Cond. 1.3. Penn Jersey itself failed to make sure its proof of claim was filed in time, despite several reminders. *See* ECF No. 185. In light of those transgressions, Penn Jersey's allegation that the Debtor proposed its plan in bad faith is audacious. *See* Fed. R. Civ. P. 11(b)(1)-(2). As discussed in the Debtor's earlier response, the Motion to Allow Claim is baseless because it fails to explain why Penn Jersey's neglect is excusable. Similarly, Penn Jersey's objection to confirmation of the plan is just a numbered list of lowkey aspersions and random procedural events disguised as a legal argument.

As the Debtor stated at the meeting of creditors, the status hearing, and in the plan itself, the Debtor's leadership has been in turmoil over the past three years. Its founding principal died suddenly in late 2021 and his successor died suddenly about a year later. The Debtor's current principal inherited the Debtor with little knowledge of its previous operation, only to discover rampant fraud and mismanagement by the Debtor's (now-terminated) employees.

Because the Debtor's books are in disarray from that mismanagement, the Debtor needed to complete its schedules guided by records it could not verify the accuracy of. With that in mind, the Debtor listed most of the claims as unliquidated to compel creditors to file proofs of claim and present documentation that would verify the validity and amount of each debt.[1] Had the Debtor done otherwise, the Debtor and the creditor body would be prejudiced by payment of debts in inaccurate amounts.

Allowing Penn Jersey's claim based on the theory advanced in its objection would allow all scheduled claimants to file late proofs of claims totaling as much as $192,000 and needlessly disrupt the process prescribed by law. The claim deadline is not a procedural gotcha intended to punish tardy creditors. It is a structural milestone necessary for a debtor to develop a confirmable plan. None of the arguments in Penn Jersey's voluminous pleadings meet the legal standard for making an exception. Simply put, the Court cannot order Penn Jersey's $70,872.99 mistake away under these circumstances.

The Court must deny Penn Jersey's Motion to Allow Late Claim in the form of order attached. Because it does not make sense for the Debtor and Penn Jersey to keep arguing about the same thing in different procedural mediums, the Court must also preliminarily overrule Penn Jersey's objection to confirmation.

---

[1] The Debtor's only other option under the circumstances would have been to schedule Penn Jersey and other similar claimants in "unknown" amounts. But the Bankruptcy Code requires that debtors schedule debts as a means of disclosure. Granting relief in favor of Penn Jersey will discourage many debtors from listing estimates, even as unliquidated, for fear that an overestimate will be held against them. Prejudicing a debtor who errs on the side of disclosure is against public policy.

| | |
|---|---|
| Date: March 9, 2024 | CIBIK LAW, P.C.<br>*Counsel for Debtor*<br><br>By: /s/ Michael I. Assad<br>    Michael I. Assad (#330937)<br>    1500 Walnut Street, Suite 900<br>    Philadelphia, PA 19102<br>    215-735-1060<br>    mail@cibiklaw.com |

## Certificate of Service

I certify that on this date, I did cause a copy of this document to be electronically served on all parties on the clerk's service list that are registered to receive notices through the CM/ECF system.

| | |
|---|---|
| Date: March 9, 2024 | /s/ Michael I. Assad<br>Michael I. Assad |

3