IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| TRI-STATE PAPER, INC. : | Chapter 11 |
|        Debtor : | Case No. 23-13237-pmm |
| : | |

**MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL
OF PENN JERSEY PAPER CO.'S MOTION TO HAVE PROOF OF CLAIM
FILED OUT OF TIME DEEMED TIMELY FILED PURSUANT TO F.R.B.P. 9006(b)(1)**

AND NOW COMES Penn Jersey Paper Co. ("Penn Jersey"), by and through its undersigned counsel, Joshua B. Ladov, Esquire, and Ladov Law Firm, P.C., filing this Motion for Reconsideration of the Court's Denial of Penn Jersey Paper Co.'s Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1) (the "Motion") as follows:

1. Federal Rule of Bankruptcy Procedure 502(j) provides, in relevant part, that "[a] claim that has been allowed or disallowed may be reconsidered for cause…according to the equities of the case." *F.R.B.P.* 502(j).

2. Motions for reconsideration filed within 28 days after the entry of a judgment should be determined in accordance with F.R.C.P. 59(e), rather than pursuant to Rule 60(b). *Rollins v. May*, No. CV 19-1255-LPS, 2022 WL 605577, at *1 (D. Del. Jan. 5, 2022); *In Re: John Q. Hammons Fall 2006, LLC*, 614 B.R. 371, 376 (D. Kan. 2020).

3. "The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) *quoting Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).

4. A Motion filed pursuant to F.R.C.P. 59(e) may be granted where:

the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Id. citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995); *Yates v. Bledsoe*, No. 1:11-CV-0592, 2012 WL 1165328, at *1 (M.D. Pa. Apr. 9, 2012), aff'd, 501 F. App'x 111 (3d Cir. 2012).

5. It is respectfully submitted that the Order of the Honorable Patricia M. Mayer dated March 13, 2024 denying Penn Jersey's Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1)[1] was clearly in error of law and has resulted in manifest injustice.

6. On or about January 24, 2024, Debtor filed a Chapter 11 Subchapter V Plan of Liquidation (the "Plan"), pursuant to which all of the Debtor's Allowed Unsecured Claim holders will receive 100% of their claims.

7. Pursuant to the Plan, the Debtor has funds totaling $1,725,434.57 available for unsecured claims. *See* Liquidation Analysis attached to Debtor's Plan.

8. Debtor's Allowed General Unsecured Claims total $436,909.57. *See* Liquidation Analysis.

9. Thus, following 100% distribution for Allowed General Unsecured Claims, funds in the amount of $1,288,525.00 will remain in the bankruptcy estate.

10. Penn Jersey's claim of $70,872.99 is listed as "unliquidated" on the Debtor's Schedule F.

---

[1] Penn Jersey's Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1) was filed at Docket Entry Nos. 169, 170 and 173, and same are incorporated by reference herein. The Order was filed at Docket Entry No. 205.

11.     Penn Jersey filed its Proof of Claim on February 8, 2024, 34 days following the Bar Date, yet well before the March 27, 2024 confirmation hearing.

12.     Penn Jersey sought to have its Proof of Claim deemed timely filed in the amount of $70,872.99, the precise amount scheduled as "unliquidated" by the Debtor (which Proof of Claim is supported by the documentary evidence, that is, Penn Jersey's Statement and the Invoices issued by Penn Jersey to the Debtor for goods sold, received and accepted).

13.     In support of its Motion, Penn Jersey cited F.R.B.P. 9006(b)(1) which specifically provides for a court to permit a proof of claim to be filed out of time as follows:

> (b) Enlargement
>
> (1)    In general
>
> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*F.R.B.P 9006(b)(1).*

14.     The United States Supreme Court has determined that "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993).

15.     Further,

> The "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases. The rules' differentiation between Chapter 7 and Chapter 11 filings corresponds with the differing policies of the two chapters. **Whereas the aim of a Chapter 7 liquidation is the prompt**

3

> **closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and <u>avoiding forfeitures by creditors</u>.** See *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203, 103 S.Ct. 2309, 2312–2313, 76 L.Ed.2d 515 (1983). In overseeing this latter process, the bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 527–528, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984). This context suggests that Rule 9006's allowance for late filings due to "excusable neglect" entails a correspondingly equitable inquiry.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993) (emphasis added).

16. Since the Debtor's Plan is a liquidating Chapter 11 which does not contemplate the rehabilitation of the Debtor, the sole remaining aim of the instant Chapter 11 is avoiding forfeitures by creditors.

17. In accordance with the mandate of *Pioneer*, the determination of whether a party's neglect to file a proof of claim by the bar date is excusable is an equitable one requiring the court to consider the **totality** of the following circumstances:

> (1) Danger of prejudice to the debtor;
>
> (2) The length of the delay and its potential impact on judicial proceedings;
>
> (3) Reason for the delay, including whether it was within the reasonable control of the movant; and
>
> (4) Whether the movant acted in good faith.

*Id.* 507 U.S. at 395, 113 S. Ct. at 1498, 123 L. Ed. 2d at 74. *See also Chemetron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir. 1995); *In re Cendant Corp. PRIDES Litig.*, 234 F.3d 166, 171–72 (3d Cir. 2000)(emphasis added).

18. "All factors must be considered and balanced; no one factor trumps the others." *In re Am. Classic Voyages Co.*, 405 F.3d. 127, 133 (3d Cir. 2005); *George Harms Construction Co.*

4

*v. Chao*, 371 F.3d 156, 164 (3d. Cir. 2004); *Arnold's Office Furniture LLC v. Bordens*, 2023 WL 3851978, & 8 (ED Pa. 2023).

19. However, some courts in the Eastern District of Pennsylvania have followed the Second Circuit's position that the third factor mandated by *Pioneer*, the reason for the delay, is the weightiest. *See In Re Kaplan,* 482 Fed. Appx. 704, 707 (3d. Cir. 2012) and *D'Angelo v. Vanguard Grp., Inc.*, 2023 WL 361788, *8 (ED Pa. 2023) *citing Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d. Cir. 2003).

20. Debtor filed an Opposition to Penn Jersey's Motion focusing solely upon the reason for the delay in the filing of the Proof of Claim and failing to address: (1) prejudice to the Debtor; (2) length of delay in the filing and the impact that such delay has on the bankruptcy proceedings; and (3) whether Penn Jersey's late Proof of Claim was filed in good faith.

21. A hearing to consider Penn Jersey's Motion was held before the Honorable Patricia M. Mayer on Wednesday, March 13, 2024.

22. During the hearing, Penn Jersey's counsel addressed ALL of the factors required to be considered for an equitable determination of excusable neglect. *See* Transcript of Hearing, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "A" at pp. 5-6.

23. By contrast, Debtor's counsel addressed only **the reason** for Penn Jersey's tardy filing of the Proof of Claim and ignored the remaining equitable factors outlined in *Pioneer*. *See* Ex. A.

24. Specifically, Debtor's counsel argued that:

> The response does not focus on any of the Pioneer elements beyond whether the – beyond the neglect because it's not necessary to; none of those elements matter unless the Court can find that the kind of neglect that took place was within the movant's reasonable control, which it was.

5

*See* Ex. A at p. 8.

25. Debtor's counsel misconstrued the mandate of *Pioneer* because the reason for the delay and/or whether it was within Penn Jersey's reasonable control is but one of the equitable factors to be considered in making an excusable neglect determination. *Booker v. United States*, No. CIV. 1:CV-07-1960, 2009 WL 1911616, at *2 (M.D. Pa. July 1, 2009) ("no one factor is determinative"); *Doe v. 9197-5904 Quebec, Inc.*, 727 F. App'x 737, 739 (3d. Cir. 2018) (excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant.").

26. Debtor's counsel also argued that the Court "could open a can of worms by allowing this claim because there are other unscheduled – there are other scheduled claims that were not filed." *See* Ex. A at p. 9.

27. This argument has been unequivocally rejected by the bankruptcy courts.

> The debtor also asserts that permitting this claim would open the flood gates to hundreds of other late filed claims. Along this line debtor also argues that bar dates would be rendered nugatory and any certainty in allowable claims would be eliminated. While the court is sensitive to the potential for a flood of additional claims and the importance of certainty, we are constrained by the Supreme Court's decision in *Pioneer* which squarely rejected this argument.

*In re Herman's Sporting Goods, Inc.*, 166 B.R. 581, 584 (Bankr. D.N.J. 1994).

28. The Court asked Penn Jersey's counsel to address Debtor's counsel's position that the other *Pioneer* factors did not need to be addressed.

29. Specifically, Judge Mayer asked:

> Well, let me ask you to address what Mr. Assad is arguing, which is that I don't even get to the equitable factors because I have to find excusable neglect first.

*See* Ex. A at p. 10.

30.     Penn Jersey's counsel replied that the reason for the delay is only **one** equitable factor to be determined regarding excusable neglect. *See* Ex. A at p. 10.

31.     Notably, with regard to the equitable factor of the potential impact on judicial proceedings, Penn Jersey's counsel stated that:

> As far as the proceedings, the creditors have until March 20th to vote on the plan. The confirmation hearing is not schedule until March 27th. So clearly there's no delay in the proceedings here.

*See* Ex. A at p. 6.

32.     The lack of potential impact on the judicial proceedings is further supported by Debtor's counsel's argument in favor of disallowing claims that are filed outside of the bar date:

> And it's not a procedural gotcha, but it's something to make sure that this process moves as smoothly as possible because, although according to the liquidation analysis and our belief, there are going to be funds available, we don't really know until the property is sold and there's a lot of "what ifs?"

*See* Ex. A at p. 9.

33.     Debtor's counsel's own argument that the Debtor's assets have not even yet been sold furthers Penn Jersey's position that allowing its claim will not impact the administration of the judicial proceedings.

34.     Notwithstanding, at the conclusion of the hearing, Judge Mayer denied Penn Jersey's Motion stating that Penn Jersey and Penn Jersey's counsel received notice of the bar date. *See* Ex. A at p. 14-16.

35.     Absent from the Order is an examination of the *Pioneer* factors required to make a determination of excusable neglect.

36.     Specifically, the Court did not address the fact that there was NO prejudice to the Debtor as, according to the Debtor's Liquidation Analysis, there are ample funds in the

bankruptcy estate and ample funds will remain in the bankruptcy estate following payment to Penn Jersey.

37. The Court did not address that there is no delay in the bankruptcy proceedings given that, the Debtor has not even yet sold the Debtor's assets, that at Debtor's request, the deadline to vote on the Plan was extended to March 20, 2024, and that at the Debtor's request, the confirmation hearing was rescheduled from March 13, 2024 to March 27, 2024.
The absence of a confirmed plan of reorganization indicates a lack of prejudice to the debtor. *In re Herman's Sporting Goods, Inc.,* 166 B.R. 581, 584 (Bankr. D.N.J. 1994); *United States v. Foster*, No. CRIM 1:CR94-071-02, 2007 WL 405946, at *2 (M.D. Pa. Feb. 2, 2007) (the absence of prejudice to the government and the judicial process weighs "strongly in favor" of allowing the appeal).

38. The Court did not consider that Penn Jersey's counsel attempted to remedy the issue by immediately filing the Proof of Claim upon realizing that the Bar Date had passed, and that the late filed Proof of Claim was not filed in bad faith. *In George Harms Const. Co., Inc. v. Chao*, 371 F.3d 156, 163-64 (3rd Cir. 2004).

39. The Court did not consider that the purpose of a Chapter 11 is the preservation, rather than forfeiture, of creditors' rights. *Pioneer* at 1495; *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.2d 835, 838 (D.C. Cir.)("The factors listed by *Pioneer* are of course not exhaustive").

40. A court conducting an excusable neglect analysis is required to consider **all** of the *Pioneer* factors. *Arnold's Off. Furniture, LLC v. Borden*, 2023 WL 3851978, *8-10, (E.D. Pa. June 6, 2023).

8

41. Courts have a "duty of explanation ... when they conduct 'excusable neglect' analysis." *In re Cendant Corp. PRIDES Litig.*, 234 F.3d 166, 171-172 (3d Cir. 2000).

42. Instead, the Court summarily entered an Order denying Penn Jersey's Motion without an opinion, without reasoning, and "without reference to the required *Pioneer* four-factor balancing standard." *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 401 F.3d 143, 154 (3d Cir. 2005).

43. Failing to disprove reasonable control is not fatal [to a motion pursuant to 9006(b)(1)] and "the lack of prejudice to the debtor or efficient judicial administration combined with good faith **weigh strongly in favor of permitting a tardy claim**." *Harms* at 164.

44. Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *F.R.C.P. 59(e )*.

45. Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "[on] motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect... *Fed. R. Civ. P. 60(b)*.

46. The Court's refusal to allow Penn Jersey to have its Proof of Claim deemed timely filed will only result in unnecessary prejudice to Penn Jersey and a windfall to the Debtor.

47. It is also noteworthy that while Debtor opposes the late-filed claim by Penn Jersey, on March 21, 2024, Debtor's Counsel, Michael Assad, filed a $94,745.54 unsecured claim on behalf of SERVPRO of King of Prussia based solely upon a single invoice dated 9/13/23. True and correct copies of SERVPRO's claim #38 along with the Claims Register as of 3/21/24 are attached hereto as Exhibits "B" and "C". Clearly then, Debtor cannot be too

9

concerned with the "can of worms" argument raised by its counsel in opposition to Penn Jersey's original Motion.

48.   Accordingly, in accordance with 11 U.S.C. Section 502(j), F.R.C.P. 59(e) and F.R.C.P. 60(b), Penn Jersey seeks reconsideration of the Court's denial of it's Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed.

**WHEREFORE,** Penn Jersey Paper Co. respectfully requests that this Honorable Court reconsider the Order entered on March 13, 2024 denying Penn Jersey Paper Co.'s Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1), enter the proposed form of order attached hereto, and grant such other and further relief as this Honorable Court deems just and proper.

**LADOV LAW FIRM, P.C.**

/s/ Joshua B. Ladov
JOSHUA B. LADOV, ESQUIRE
JILL B. LEVY, ESQUIRE
LADOV LAW FIRM, P.C.
JEFFERSON CENTER
1101 MARKET STREET, SUITE 2820
PHILADELPHIA, PA  19107-2993
267-687-8855
jladov@ladovlaw.com

Dated: March 21, 2024

10