EXHIBIT "A"

1

```
 1                    UNITED STATES BANKRUPTCY COURT
                       EASTERN DISTRICT OF PENNSYLVANIA
 2

 3   IN RE:                        .  Chapter 11
                                   .
 4   TRI-STATE PAPER, INC.,        .  Case No. 23-13237-PMM
                                   .
 5           Debtor.               .
                                   .
 6   . . . . . . . . . . . . . .   .
                                   .
 7   TRI-STATE PAPER, INC.,        .  Adversary Case No.
                                   .  24-00072-PMM
 8           Plaintiff,            .
                                   .
 9        v.                       .
                                   .
10   RAYMOND V. BARKMEYER,         .
     et al.,                       .
11                                 .
             Defendants.           .
12                                 .
     . . . . . . . . . . . . . .   .
13                                 .
     TRI-STATE PAPER, INC.,        .  Adversary Case No.
14                                 .  23-00090-PMM
             Plaintiff,            .
15                                 .
          v.                       .
16                                 .  Courtroom 1
     JOHN DOE #2, et al.,          .  900 Market Street
17                                 .  Philadelphia, PA 19107
             Defendants.           .
18                                 .  Wednesday, March 13, 2024
     . . . . . . . . . . . . . .   .  9:30 a.m.
19

20
                       TRANSCRIPT OF HEARING
21           BEFORE THE HONORABLE PATRICIA M. MAYER
                 UNITED STATES BANKRUPTCY JUDGE
22

23

24

25
```

2

1  <u>APPEARANCES</u>:

2  For the Debtor:              Michael I. Assad, Esquire
                                CIBIK LAW, P.C.
3                               1500 Walnut Street
                                Suite 900
4                               Philadelphia, Pennsylvania 19102

5
   For Penn Jersey
6  Paper Co.:                   Joshua B. Ladov, Esquire
                                Jill Levy, Esquire
7                               LADOV LAW FIRM, P.C.
                                1101 Market Street
8                               Suite 2820
                                Philadelphia, Pennsylvania 19107

9

10 For the U.S. Trustee:        Dave P. Adams, Esquire
                                UNITED STATES DEPARTMENT OF JUSTICE
11                              OFFICE OF THE UNITED STATES TRUSTEE
                                Robert N.C. Nix Federal Building
12                              900 Market Street
                                Suite 320
13                              Philadelphia, Pennsylvania 19107

14

15

16

17

18

19

20 Electronically
   Recorded by:                 ECRO
21
   Transcription Service:       Reliable
22                              1007 N. Orange Street
                                Wilmington, Delaware 19801
23                              Telephone: (302) 654-8080
                                E-Mail: gmatthews@reliable-co.com

24
   Proceedings recorded by electronic sound recording,
25 transcript produced by transcription service.

3

1                                   INDEX

2    MOTIONS:                                                      PAGE

3    Agenda
     Item 2:    Chapter 11 Plan Small Business Subchapter      21
4               V, Filed by Debtor Tri-State Paper, Inc.

5               Court's Ruling:                                 --

6
     Agenda
7    Item 3:    Motion to Allow Claims Filed by Penn             5
                Jersey Paper Co., Represented by JOSHUA
8               B. LADOV (Counsel).

9               Court's Ruling:                                 15

10
     Agenda
11   Item 4:    Adversary Case 23-00090.  Complaint by          18
                MICHAEL A. CIBIK on behalf of Tri-State
12              Paper, Inc. against Monika Ramirez
                (Attachments: #1 Exhibit A)
13
                Court's Ruling                                  --
14

15   Agenda
     Item 5:    Adversary Case 23-00072.  Status Hearing        16
16
                Court's Ruling:                                 17
17

18

19   Transcriptionist's Certificate                             26

20

21

22

23

24

25

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript    Page 5 of 27

4

1          (Proceedings commenced at 9:30 a.m.)

2               THE COURT:  Good morning.

3               THE BAILIFF:  Please be seated.

4               Court is now in session.

5               THE CLERK:  Good morning, Judge.

6               THE COURT:  Good morning.

7               THE CLERK:  Let me call number -- well, I'll just

8    call them together and then you can select how you want to go

9    and in what order --

10              THE COURT:  Okay.

11              THE CLERK:  -- 2, 3, 4, and 5, Tri-State Paper,

12   Inc.  Chapter 7 small business plan; motion to allow claims;

13   an adversary matter; and a status hearing.

14              THE COURT:  Okay.  Everybody here on Tri-State, I

15   assume?

16        (No verbal response)

17              THE COURT:  All right.  Let's get appearances.

18              Mr. Assad?

19              MR. ASSAD:  Michael Assad for the debtor, Your

20   Honor.

21              THE COURT:  Uh-huh.

22              MR. LADOV:  Good morning, Your Honor.  Joshua

23   Ladov on behalf of creditor, Penn Jersey Paper Company.

24              MS. LEVY:  Jill Levy on behalf of Penn Jersey

25   Paper Company.

Case 23-13237-pmm    Doc 211-2    Filed 03/21/24    Entered 03/21/24 20:50:48    Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript    Page 6 of 27

5

1          THE COURT:  Okay.  All right.

2          So what I'd like to do is the obvious, which is to

3    take the motion to allow the late claim first, because I

4    think if we do that first, it makes the first most sense.

5          So, Mr. Ladov, why don't you -- I assume you're

6    going to make the argument, so...

7          MS. LEVY:  No, that would be me, Your Honor.

8          THE COURT:  Oh, I'm so sorry, Ms. Levy.

9          MS. LEVY:  Well, that's okay.

10          THE COURT:  Feel free.  Jump in.

11          MS. LEVY:  Okay.  So Penn Jersey's motion to have

12    the late-filed proof of claim is governed by Bankruptcy

13    Rule 9006(b)(1) and according to 9006(b)(1), the Court is

14    permitted to allow late-filed claims if they're the result of

15    excusable neglect and the determination of excusable neglect

16    is an equitable one.

17          And that equitable determination takes various

18    factors and considerations, which include balancing the

19    interests of both the parties, the prejudice to the debtor,

20    length of delay, and the impact to judicial proceedings.  And

21    it's our position that all of these equitable factors weigh

22    in favor of allowing the claim.  There's no prejudice to the

23    debtor.  According to the debtor's own liquidation analysis,

24    there are ample funds to be distributed to the creditors at a

25    hundred percent and, really, there's no reason for Penn

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 7 of 27

6

1  Jersey to not be able to participate in the distribution of

2  the proceeds of the estate.

3          The analysis discloses that there's approximately

4  $1.7 million to be distributed to the unsecured creditors and

5  the allowed claims at this point are only $436,000, which is

6  going to leave $1.3 million in the estate and a claim of

7  70,000 -- 71,000 is all that Penn Jersey has.

8          The proof of claim was filed only 30 days -- 34

9  days late and, you know, Penn Jersey did not file the claim

10 late in bad faith.

11         As far as the proceedings, the creditors have

12 until March 20th to vote on the plan.  The confirmation

13 hearing is not scheduled until March 27th.  So clearly

14 there's no delay in the proceedings here.

15         And by contrast, by not allowing Penn Jersey to

16 have its claim, there's -- it's a big detriment to Penn

17 Jersey.  It's 70,000 -- $71,000 worth of goods that were sold

18 to the debtor that the debtor received and accepted, but

19 never paid for.  The debtor almost concedes, or pretty much

20 does concede that it owes the money, because it scheduled

21 Penn Jersey's claim on its schedules at $70,872.99, although

22 it was scheduled erroneously as "unliquidated," because it is

23 liquidated.

24         Penn Jersey's proof of claim establishes that

25 that's the precise amount that's owed, which is supported by

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 8 of 27

7

1  Penn Jersey's statement of the account and the invoices

2  submitted to the debtor, which were attached to the proof of

3  claim.

4         And by disallowing the claim, all that will happen

5  is Penn Jersey is going to have to forfeit, rather than

6  preserve its right to payment.  And the goal of a Chapter 11

7  is, you know, for rehabilitation and to pay the creditors

8  what they're owed, or as much as they can get in the

9  bankruptcy.

10        The debtor's objection focuses solely on the

11  neglect part.  It doesn't address any of the equitable

12  considerations.  And, of course, you know, the position is

13  that it was inexcusable.  But according to -- there's a case,

14  it's Pioneer Investment Services Company v Brunswick

15  Associates Limited Partnership.  The Supreme Court of the

16  United States specifically stated that neglect encompasses

17  quote, "common omissions caused by carelessness."

18        Because this was not filed in bad faith, it's not

19  delaying anything.  There's no prejudice to the debtor, and

20  the only party that would be hurt by not allowing the claim

21  is Penn Jersey.  We'd request that the proof of claim be

22  deemed filed timely.

23             THE COURT:  Okay.  Mr. Assad?

24             MR. ASSAD:  Thank you, Your Honor.

25             First, I would just note that this Court has

Case 23-13237-pmm    Doc 211-2    Filed 03/21/24    Entered 03/21/24 20:50:48    Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript    Page 9 of 27

8

1  already, in this case, thrown out a proof of claim because it

2  was not timely filed.  Beyond, I would say Penn Jersey did

3  have proper notice of the bankruptcy case, as it concedes.

4  It received several notices about the bar date and other

5  issues in this case.  It had several reminders, you know,

6  that the case was happening.  It admits that it received the

7  proof of claim and gave it to its lawyer to file.  Its lawyer

8  didn't file it.

9          But a proof of claim, the Rules do not require an

10  attorney to file a proof of claim.  Of course everybody

11  prefers that they hire a lawyer, because that's why we're

12  here, but the proof of claim process is designed that if a

13  creditor receives a proof of claim, it can file it if it

14  wants to.  Now, it also has the right to file -- to hire an

15  attorney, but that's not necessary.

16          So Penn Jersey could have filed its own claim

17  itself upon receiving the notice, which it did not.  It

18  apparently sent the notice to its attorney.  There's nothing

19  in the papers that have been filed that Penn Jersey confirmed

20  receipt with its attorney and that's a major thing.

21          The response does not focus on any of the <u>Pioneer</u>

22  elements beyond whether the -- beyond the neglect because

23  it's not necessary to; none of those elements matter unless

24  the Court can find that the kind of neglect that took place

25  was within the movant's reasonable control, which it was.  It

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 10 of 27

9

1   was.  It could have filed a proof of claim itself.  It

2   didn't.  It could have made sure that its attorney filed the

3   claim before the deadline and it didn't.

4          And it's not a procedural gotcha, but it's

5   something to make sure that this process moves as smoothly as

6   possible because, although, according to the liquidation

7   analysis and our belief, there are going to be funds

8   available, we don't really know until property is sold and

9   there's a lot of "what ifs?"  And this Court could open a can

10  of worms by allowing this claim because there are other

11  unscheduled -- there are other scheduled claims that were not

12  filed.

13         And as the debtor's response indicated, the debtor

14  scheduled a lot of claims both, as unliquidated and unknown

15  because it wanted to make sure every creditor has notice of

16  the bankruptcy, had the opportunity to present proof of their

17  claim, to make sure that every creditor was paid fairly and

18  paid correctly.  And there's nothing here that prevented Penn

19  Jersey from participating in the process.

20         THE COURT:  Okay.  Did you want to respond?

21         MS. LEVY:  All right.  I just want to address a

22  couple of things.  First of all, as far as the "within

23  reasonable control," that is not the only factor.  All of

24  those factors are supposed to be taken into consideration,

25  all the equitable factors that I discussed previously.

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 11 of 27

10

1          This case is not in the process of -- it's not --

2    the plan hasn't even been confirmed.  The creditors haven't

3    even voted.  And as Mr. Assad said, the Rules don't require a

4    proof of claim to be filed.  If this claim had been listed

5    properly as "liquidated," which it is, we wouldn't even be

6    here because would not have to file -- have filed it.

7          The number is identical.  It's based on

8    documentary evidence.  And there's nothing equitable that

9    would disallow this claim.

10          THE COURT:  Well, let me ask you to address what

11   Mr. Assad is arguing, which is I don't even get to the

12   equitable factors because I have to find excusable neglect

13   first.

14          MS. LEVY:  Well, that's not how I was reading this

15   case at all.  The way I read it is that that is part of the

16   analysis and that the excusable neglect is only -- it's only

17   part of it.  It's all of the equitable factors.

18          And this is a Court of equity and the equitable

19   thing to do would be to allow this claim, and we're so early

20   in the process of the bankruptcy.

21          THE COURT:  Okay.

22          MR. LADOV:  Your Honor, may I add one thing,

23   please?

24          THE COURT:  Yes.

25          MR. LADOV:  We're talking about the neglect of

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 12 of 27

11

1   Penn Jersey Paper Company.  And I'd like to make an offer of

2   proof and I'm happy to give testimony if the Court would like

3   to hear it.  The offer of proof is this:  I've been

4   representing Penn Jersey Paper Company for approximately 20

5   years.  Our relationship is a very solid one based on a

6   foundation of trust during those 20 years.  This has never

7   once happened while -- during my representation of Penn

8   Jersey Paper Company.  I have not missed a deadline, period,

9   ever in 20 years.

10           So, was Penn Jersey, was it excusable for them to

11  expect that I would have properly represented their

12  interests, as I have for the 20 years prior by timely filing

13  a proof of claim when they sent an email to me about it?  I

14  submit that it is.

15           THE COURT:  Okay.  Mr. Assad?

16           MR. ASSAD:  Your Honor, I just want to clarify one

17  thing.  What I said during my remarks was that a proof of

18  claim is not required to be filed by an attorney.

19           Upon review of the schedules and the orders

20  specifying the process, the proof of claim did need to be

21  filed because it was marked -- because the claim was marked

22  "unliquidated" on the schedules.

23           With respect to whether it was reasonable for Penn

24  Jersey to believe, without verification, that its proof of

25  claim was filed, there was a president of the United States

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 13 of 27

12

1 who was well-known for saying, "trust, but verify." We all

2 trust our fiduciaries, but we also have to verify that they

3 are, reasonably verify that they are acting within the way

4 that they're intended to, expected to.

5      And just because they sent off this email to their

6 attorney saying that the proof of claim needed to be filed

7 doesn't absolve them of the responsibility to check to make

8 sure, even if in the course of representation over 25 years

9 there had never been a mistake made.  It's still a

10 responsibility that they had.  They still were the ones who

11 received the initial notice and knew of the deadlines and

12 they had a responsibility, as well.

13      THE COURT:  And what do you say to the argument

14 that excusable neglect is just one of many factors that I

15 have to consider, rather than the other way around, which is

16 it's the only factor and if I don't find excusable neglect, I

17 never get to the others?

18      MR. ASSAD:  Well, this specific element, I think

19 in question with respect to that is whether the neglect --

20 whether the reason for the delay was within the movant's

21 reasonable control.  So, did Penn Jersey have reasonable

22 control of the situation?  Could Penn Jersey have verified

23 that the claim was filed?  Could Penn Jersey have verified

24 that the notice was received?  Could Penn Jersey have

25 verified that all of the documentation needed for the claim

13

1  was received?

2           Reasonable control is the, I think, necessary

3  element that determines in this case whether there was

4  excusable neglect.  And I don't believe that anything that's

5  been proffered here today or in the papers shows that they

6  didn't have reasonable control over the situation.

7           THE COURT:  Okay.  Anything further?

8           MS. LEVY:  May I address one more?

9           THE COURT:  Yes.

10           MS. LEVY:  Okay.  Just because I -- debtor's

11  counsel is saying that the proof of claim had to be filed

12  because it was listed as "disputed."  I get what the plan

13  says, but the fact is, it is not -- it was checked off as

14  "unliquidated."  It is not unliquidated; it is a contract

15  issue, which they are typically considered liquidated.  And

16  just because the debtor says that it's liquidated doesn't

17  make it such and the Court has the ability to reconsider the

18  way it was described in the schedules.

19           My position is that it is absolutely not

20  unliquidated.  A proof of claim didn't need to be filed and

21  we -- again, if it had been listed properly as it is, as

22  "liquidated," we wouldn't even be sitting here.

23           THE COURT:  Well, and that may be true.  The

24  problem is that in Chapter 11, as you know, if a claim is

25  listed as "disputed" or "unliquidated," it's not considered

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript    Page 15 of 27

14

1 an allowed claim.  So that's what gives you the duty, then,

2 to file a proof of claim, which is why a bar date gets set,

3 et cetera.

4          The problem is, for me, that I believe you got

5 notice, so you knew that there was a bar date.  I presume in

6 that, you also know from that, that the claim, whether you

7 believe it was liquidated or not, the way that it's listed in

8 the schedules is certainly something that you have access to

9 at that point to determine whether or not a proof of claim

10 needs to be filed in order for you to get a distribution.

11          I think that that's a typical duty of a creditor

12 to be able to determine whether or not they have to file a

13 proof of claim when they get notice, and I guess my problem

14 is the fact that you have agreed that you, yes, you did know

15 about the bankruptcy, you did get the notices, whether or not

16 you believed that you had to file a proof of claim, I find

17 troubling to say or to believe that you thought you didn't

18 have to file one because your claim was liquidated.

19          I'm not sure that that's what you're saying, I'm

20 just --

21          MS. LEVY:  That's not what I'm saying.

22          THE COURT:  Okay.

23          MS. LEVY:  I'm just making the point that had it

24 not been listed as "unliquidated," we wouldn't be --

25          THE COURT:  Understood.

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 16 of 27

15

1          MS. LEVY:  -- having this issue.  And the Court

2   does have the discretion to take a look at the way claims are

3   listed to determine if that is actually what it is.  And my

4   position is that it's not.

5          THE COURT:  Okay.

6          MS. LEVY:  Thank you.

7          THE COURT:  Anything further?  You don't have to.

8   I was just asking if you had anything further.

9          MR. ASSAD:  Oh, I would just note at the meeting

10  of creditors and at the status conference before the Court in

11  this matter, there was never a concern raised either, by the

12  Court or by the Office of the United States Trustee or the

13  Subchapter V Trustee or any other creditors about the manner

14  in which claims were listed on the schedules.

15         THE COURT:  Okay.  Well, given the arguments of

16  the parties, and I have read everything and I understand both

17  parties' positions with regard to this, and though I

18  understand that it will be difficult for Penn Jersey, given

19  that it is a $70,000 claim, my decision is based on what I

20  believe Pioneer stands for, which is excusable neglect is not

21  something that is present here.  I think that certainly

22  there's neglect.  I just don't know that it's excusable,

23  given the notice that was given.

24          Given the status of the case, I believe there was

25  probably more than one notice that was given, so to the

Case 23-13237-pmm    Doc 211-2    Filed 03/21/24    Entered 03/21/24 20:50:48    Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript    Page 17 of 27

16

1  extent that Penn Jersey did not follow up, I don't know that

2  that is, again, in my mind, excusable neglect under the Code

3  and under the Rules.

4         So given that, I am going to deny the request to

5  allow the late-filed claim.

6         MR. LADOV:  Thank you, Judge.

7         MR. ASSAD:  Thank you, Your Honor.

8         THE COURT:  All right.  We should take -- why

9  don't we take the status hearing on Barkmeyer next and then

10 we'll get to the other status.  So, Barkmeyer seems to be the

11 easy one.

12        MR. ASSAD:  Yes, Mike Assad for the debtor, again.

13        The Defendants in this case have satisfied the

14 claim in full, so the Plaintiff did file a notice of

15 dismissal.  I know at the last status conference there was a

16 question as to whether that would be sufficient to dismiss

17 the case, given that there was a sort of answer filed --

18        THE COURT:  Right.

19        MR. ASSAD:  -- but I would note that the Court

20 didn't trial a pretrial conference or any other things that

21 it typically would when an answer is filed so --

22        THE COURT:  I think because we didn't get there.

23        MR. ASSAD:  Okay.

24        THE COURT:  So I did see the notice of dismissal

25 and I know -- I think last time we spoke, that this was a

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 18 of 27

17

1   creditor that was difficult to get anything from.  I think

2   that was part of the problem, right?

3          MR. ASSAD:  Yes, Your Honor.

4          THE COURT:  And I guess my issue is, a notice of

5   dismissal is generally okay if an answer is not filed.  I

6   have a hard time with that in this case because the letter to

7   me admitting that they owe the money, et cetera, to me seems

8   to be an answer.

9          So what I would prefer, and I know it's going to

10  be difficult for you, is that you do a consensual dismissal,

11  because I think that's the proper way to dispose of this,

12  given that it was -- well, partly because of the answer and

13  the rule, plus I think that given that it was paid, I don't

14  know that dismissal without prejudice is the right way to go,

15  given that it was paid.  So not to make your life more

16  difficult, but I prefer that a consent to dismiss be filed

17  with their signature --

18         MR. ASSAD:  Okay.

19         THE COURT:  -- and then I'm happy to close it out.

20         MR. ASSAD:  I understand the Court's position and

21  I will do my best to do that.

22         Would the Court consider ordering the Plaintiff to

23  file such a document within 30 days and the penalty for not

24  doing so being dismissal with prejudice so that if I can't

25  get all those people on the same page to sign everything, the

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 19 of 27

18

1   case can be disposed of?

2              THE COURT:  I can do that.  I can do that.

3              All right.  I'll enter an order requiring the

4   consensual dismissal be filed; otherwise, it will be

5   dismissed with prejudice.

6              MR. ASSAD:  Thank you, Your Honor.

7              And I do intend to do everything I can to get

8   that --

9              THE COURT:  No --

10             MR. ASSAD:  -- but just as a backup, just

11  because --

12             THE COURT:  -- understood.  So we can move

13  forward.  Got it.

14             MR. ASSAD:  -- in the interests of judicial

15  timing.

16             THE COURT:  Okay.  The next one is, I think, Tri-

17  State v Joe Doe, et cetera.

18             So tell me what's -- I did see the amended

19  complaint, but ...

20             MR. ASSAD:  Yes, Your Honor.

21             This is maybe the most interesting case I've ever

22  been involved in.

23             THE COURT:  It is interesting.  When I read it, it

24  is very interesting.

25             Go ahead.

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 20 of 27

19

1            MR. ASSAD:   And as the complaint alludes to, the

2    debtor is trying, and has succeeded, in determining the

3    identity of people who participated in a check-washing scheme

4    against it.   And through the testimony of one of the initial

5    Defendants who has now been dismissed --

6            THE COURT:   Uh-huh.

7            MR. ASSAD:   -- the Court would -- the Court, I'm

8    sorry -- the Plaintiff was able to determine the identity of

9    one of the Defendants.   The Court has issued a summons, which

10   the Plaintiff will serve today.   And the Plaintiff is

11   continuing to research the documents that it's obtaining

12   through discovery to find the identity of the other people

13   involved.

14           And as discussed at the meeting of creditors and

15   the status conference and various other times in this case,

16   there's been -- there are suspicions that people involved in

17   the debtor's management in the past stole from the debtor and

18   it's believe that this scheme may be related to that.   And so

19   this case is very, very important to the underlying case, to

20   the bankruptcy case, because the debtor believes that if it

21   can confirm its suspicions that the person -- people within

22   the debtor's operation are -- were involved in this, it could

23   lead to substantial funds that would be recovered for

24   creditors.

25           THE COURT:   Okay.   Because what I was going to ask

Case 23-13237-pmm    Doc 211-2    Filed 03/21/24    Entered 03/21/24 20:50:48    Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript    Page 21 of 27

20

1  you is when I read the amended complaint, it appears that the

2  people, the John Does, are perhaps people that are in

3  California and I was curious as to how we are going to deal

4  with that going forward.  But if it is, I suppose, linked to

5  insiders of the debtor, perhaps that problem goes away.

6              MR. ASSAD:  Yes, Your Honor.

7              So there's -- I'm not sure that I have enough at

8  this point to name a third John Doe, but I believe there is

9  one in, you know --

10             THE COURT:  Okay.

11             MR. ASSAD:  -- the Commonwealth of Pennsylvania or

12  the state of New Jersey.

13             THE COURT:  Okay.

14             MR. ASSAD:  I don't think I have the evidentiary

15  support at this time to amend the complaint to add them --

16             THE COURT:  Okay.

17             MR. ASSAD:  -- but I think that's coming in the

18  next month or two.

19             THE COURT:  Okay.  Which I presume will lead to

20  another amended complaint because you'll obviously run out of

21  time --

22             MR. ASSAD:  Yes.

23             THE COURT:  Okay.

24             MR. ASSAD:  So, yeah, I think in all likelihood,

25  the California John Does will probably not be identified --

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 22 of 27

21

1          THE COURT:  Okay.

2          MR. ASSAD:  -- but they probably aren't the

3   important characters in the case.

4          THE COURT:  Got it.

5          All right.  So that's that one.  Is there another

6   one that's on?

7          MR. ASSAD:  The --

8          THE COURT:  No, I don't think -- I think those are

9   the only adversaries for the today.

10         MR. ASSAD:  Oh, yes, the only adversaries.

11         I think there was Number 2 on the list was the

12  original confirmation --

13         THE COURT:  The original confirmation, right,

14  which is 3/27 now, because of the -- is that what it is?

15         MR. ASSAD:  I think 3/27 is the deadline --

16         THE COURT:  Oh, that's the deadline.

17         MR. ASSAD:  -- and then two weeks after that is

18  the confirmation hearing.  And I can provide a status update

19  on that if the Court would like.  And I believe Mr. Adams is

20  on, as well.

21         THE COURT:  Yes, Mr. Adams, I'm sorry, I have not

22  involved you at all until now.

23         MR. ADAMS:  That's all right.

24         Good morning, Your Honor.  Dave Adams for the U.S.

25  Trustee.  This is the one matter that I'm particularly

1  interested in, so...

2          THE COURT:  Okay.  So tell me what's going on

3  with, I guess, Penske, at this point, is the sole objector,

4  given that Penn Jersey is no longer.

5          MR. ASSAD:  The Penske claim --

6          THE COURT:  Uh-huh.

7          MR. ASSAD:  -- or the Penske objection --

8          THE COURT:  Uh-huh.

9          MR. ASSAD:  -- I've read briefly, but haven't

10  delved into directly yet, because there've been a few other

11  more immediate issues.  It's now that I have a few things out

12  of the way, I intend to look at it more closely --

13          THE COURT:  Okay.

14          MR. ASSAD:  -- over the next few days.

15          But with respect to the vote, I did calculate

16  things yesterday and -- because I did discuss with -- I spoke

17  yesterday with the Subchapter V Trustee just to update him,

18  as well -- and the vote is close.  Right now, there are --

19          THE COURT:  Well, the vote goes until the 20th,

20  right?

21          MR. ASSAD:  Yes.

22          THE COURT:  Okay.  Go ahead.

23          MR. ASSAD:  So I was just going to say the vote

24  is -- there needs to be a majority of quantity and value of

25  the claims.  So at this time, a majority of the value of the

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 24 of 27

23

1   claims has voted in favor of the plan and I just need six

2   more votes in quantity to reach the threshold.  So we're very

3   close to obtaining a consensual plan in this case.

4            THE COURT:  Okay.  Mr. Adams, do you have issues

5   with anything going on in this case, other than the fact that

6   we're pushing it?

7            MR. ADAMS:  I do not, Your Honor.  Thank you.

8            THE COURT:  Okay.  I'm just looking to see -- I

9   don't know if we actually did set up a new confirmation after

10  we set the 20th as the new voting deadline, so...

11           MR. ASSAD:  If I may?  The Court's order did state

12  a date, but I don't believe it's been continued in the CMECF

13  system.

14           THE COURT:  Okay.  All right.

15           Yeah, I don't -- let's see.  All right.  I'll take

16  a look at that and if it has not -- I don't see an order and

17  that just may have been an oversight.  So if that's true,

18  then I will get one on the docket.

19           But, presumably, it would be the four --

20           MR. ASSAD:  Whichever order it was that extended

21  the deadlines, my proposed order extended the deadline for

22  voting and also for objections and election to proceed

23  under (b) --

24           THE COURT:  Yes.

25           MR. ASSAD:  -- and also extend the date, as well.

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 25 of 27

24

1            THE COURT:  The confirmation is March 27th, you're

2    right.  We just didn't put it in the -- okay -- in the

3    system.  It is the 27th, I believe, at 9:30.  It's just not

4    on the calendar yet.  Okay.  I'll just make sure that that

5    happens.

6            MR. ASSAD:  What is the -- are you looking at the

7    order, Your Honor?

8            THE COURT:  So, I'm looking at the order.  It

9    looks like it -- yeah, so it extended plan voting to

10   the 20th, extended 1111(b) to the 20th, and objections to the

11   plan by the 20th, but with confirmation on the 27th.

12           MR. ASSAD:  Okay.  So I was two weeks behind in

13   my --

14           THE COURT:  Yes.  So I will make sure that it gets

15   on the calendar, as well.

16           MR. ASSAD:  I miss flying, so --

17           THE COURT:  Somehow we've -- yes, it's just --

18   yes, which is good.  It's moving forward.

19           All right.  Well, presumably, you're working on

20   votes and Penske at this point.

21           Mr. Adams, do you have -- I'm sorry -- do you have

22   anything else to add?  I thought you just came up on my

23   screen and I thought, well, maybe...

24           MR. ADAMS:  No, Your Honor.  Thank you.

25           THE COURT:  Okay.  All right.

Case 23-13237-pmm    Doc 211-2    Filed 03/21/24    Entered 03/21/24 20:50:48    Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript    Page 26 of 27

25

1          So we'll leave it on for the 27th, and between now
2 and then, good luck.
3          MR. ASSAD:  Thank you.
4          THE COURT:  All right.  Thanks.
5          And you are excused.
6          MR. ASSAD:  Thank you.
7          THE COURT:  I think that's it.
8          MR. ASSAD:  Can I ask the Court, what's the secret
9 for not coming to court?  I'm only -- I'm always the only one
10 here, but I see there's always a full list.
11          THE COURT:  Everyone -- I guess everyone, but you,
12 decides that they don't want to come, so they do everything
13 in their power to stipulate or continue or whatever -- yes.
14          MR. ASSAD:  Well, thank you, Your Honor.
15          THE COURT:  All right.
16     (Proceedings concluded at 10:00 a.m.)
17
18
19
20
21
22
23
24
25

Case 23-13237-pmm   Doc 211-2   Filed 03/21/24   Entered 03/21/24 20:50:48   Desc
Exhibit  Ex A - 03.13.24 Hearing Transcript   Page 27 of 27

26

CERTIFICATION

1

2          I certify that the foregoing is a correct

3   transcript from the electronic sound recording of the

4   proceedings in the above-entitled matter to the best of my

5   knowledge and ability.

6

7   /s/ William J. Garling                    March 14, 2024

8   William J. Garling, CET-543

9   Certified Court Transcriptionist

10  For Reliable

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25