IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          :
TRI-STATE PAPER, INC.                           :    Chapter 11
        Debtor                                  :    Case No. 23-13237-pmm
                                                :
_____         :

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL
OF PENN JERSEY PAPER CO.'S MOTION TO HAVE PROOF OF CLAIM
FILED OUT OF TIME DEEMED TIMELY FILED PURSUANT TO F.R.B.P. 9006(b)(1)**

      AND NOW COMES Penn Jersey Paper Co. ("Penn Jersey" or "Movant"), by and through its undersigned counsel, Joshua B. Ladov, Esquire, and Ladov Law Firm, P.C., filing this Memorandum of Law in Support of Motion for Reconsideration of the Court's Denial of Penn Jersey Paper Co.'s Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1) (the "Motion") as follows:

I.   FACTUAL BACKGROUND

      On or about January 24, 2024, Debtor filed a Chapter 11 Subchapter V Plan of Liquidation (the "Plan"), pursuant to which all of the Debtor's Allowed Unsecured Claim holders will receive 100% of their claims. Pursuant to the Plan, the Debtor has funds totaling $1,725,434.57 available for unsecured claims. *See* Liquidation Analysis attached to Debtor's Plan. Debtor's Allowed General Unsecured Claims total $436,909.57. *See* Liquidation Analysis. Thus, following 100% distribution for Allowed General Unsecured Claims, funds in the amount of $1,288,525.00 will remain in the bankruptcy estate. Penn Jersey's claim of $70,872.99 is listed as "unliquidated" on the Debtor's Schedule F. Penn Jersey filed its Proof of Claim on February 8, 2024, 34 days following the Bar Date. Penn Jersey sought to have its Proof of deemed timely filed in the amount of $70,872.99. Debtor filed an opposition to Debtor's Motion

focusing solely on the issue of whether or not the reason for Penn Jersey's late filing was reasonably within its control. A hearing on the matter was held before the Honorable Patricia M. Mayer on Wednesday, March 13, 2024. At the hearing, the Court did not address: (1) that allowing Penn Jersey's proof of claim filed just 34 days after the bar date would not prejudice the Debtor; (2) that allowing Penn Jersey's proof of claim filed just 34 days after the bar date would not delay the bankruptcy proceedings; and/or (3) that Penn Jersey did not file its Proof of Claim just 34 days after the bar in bad faith. Following the hearing, Judge Mayer summarily denied Penn Jersey's Motion finding that Penn Jersey had not established excusable neglect. This Motion for Reconsideration Follows.

II.    LEGAL ARGUMENT

Standard for Reconsideration Under F.R.C.P. 59(e)

Federal Rule of Bankruptcy Procedure 502(j) provides, in relevant part, that "[a] claim that has been allowed or disallowed may be reconsidered for cause…according to the equities of the case." *F.R.B.P.* 502(j). Motions for reconsideration filed within 28 days after the entry of a judgment should be determined in accordance with F.R.C.P. 59(e), rather than pursuant to Rule 60(b). *Rollins v. May*, No. CV 19-1255-LPS, 2022 WL 605577, at *1 (D. Del. Jan. 5, 2022); *In Re: John Q. Hammons Fall 2006, LLC*, 614 B.R. 371, 376 (D. Kan. 2020).

"The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) *quoting Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A Motion filed pursuant to F.R.C.P. 59(e) may be granted where:

> the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

2

*Id citing North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995);

*Yates v. Bledsoe*, No. 1:11-CV-0592, 2012 WL 1165328, at *1 (M.D. Pa. Apr. 9, 2012), aff'd, 501 F. App'x 111 (3d Cir. 2012).

Standard for Allowance of Late Filed Claims

Federal Rule of Bankruptcy Procedure 9006(b)(1) specifically provides for a court to permit a proof of claim to be filed out of time as follows:

> (b) Enlargement
>
> > (2)    In general
> >
> > Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*F.R.B.P 9006(b)(1)*. The United States Supreme Court has determined that "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993). Further,

> The "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases. The rules' differentiation between Chapter 7 and Chapter 11 filings corresponds with the differing policies of the two chapters. **Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and <u>avoiding forfeitures by creditors</u>.** See *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203, 103 S.Ct. 2309, 2312–2313, 76 L.Ed.2d 515 (1983). In overseeing this latter process, the bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization. See NLRB v. Bildisco & Bildisco,

3

465 U.S. 513, 527–528, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984). This context suggests that Rule 9006's allowance for late filings due to "excusable neglect" entails a correspondingly equitable inquiry.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993) (emphasis added). Since the Debtor's Plan is a liquidating Chapter 11 which does not contemplate the rehabilitation of the Debtor, the sole remaining aim of the instant Chapter 11 is avoiding forfeitures by creditors.

In accordance with the mandate of *Pioneer,* the determination of whether a party's neglect to file by the bar date is excusable is an equitable one requiring the court to consider the **totality** of the following circumstances:

(1) Danger of prejudice to the debtor;

(2) The length of the delay and its potential impact on judicial proceedings;

(3) Reason for the delay, including whether it was within the reasonable control of the movant; and

(4) Whether the movant acted in good faith.

*Id.* 507 U.S. at 395, 113 S. Ct. at 1498, 123 L. Ed. 2d at 74. *See also Chemetron Corp. v. Jones,* 72 F.3d 341, 349 (3d Cir. 1995); *In re Cendant Corp. PRIDES Litig.*, 234 F.3d 166, 171–72 (3d Cir. 2000)(emphasis added). Although some courts have held that the reason for delay is the weightiest of the *Pioneer* factors, most Third Circuit courts have determined that "[a]ll factors must be considered and balanced; no one factor trumps the others." *In re Am. Classic Voyages Co.,*405 F.3d. 127, 133 (3d Cir. 2005); ); *George Harms Construction Co. v. Chao,* 371 F.3d 156, 164 (3d. Cir. 2004); *Arnold's Office Furniture LLC v. Bordens,* 2023 WL 3851978, &8 (ED Pa. 2023).

Argument

4

Focusing solely on the reason for Penn Jersey's tardy filing, Debtor contends that Penn Jersey has not established an adequate reason for the delay in filing the Proof of Claim beyond the bar date because the circumstances were within counsel's control. However, Debtor's counsel ignored the remaining equitable factors outlined in *Pioneer*. *See* Ex. A. Specifically, Debtor's counsel argued that:

> The response does not focus on any of the Pioneer elements beyond whether the – beyond the neglect because it's not necessary to; none of those elements matter unless the Court can find that the kind of neglect that took place was within the movant's reasonable control, which it was.

*See* Ex. A at p. 8.

Debtor's counsel misconstrued the mandate of *Pioneer* because the reason for the delay and/or whether it was within Penn Jersey's reasonable control is but one of the equitable factors to be considered in making an excusable neglect determination. *Booker v. United States*, No. CIV. 1:CV-07-1960, 2009 WL 1911616, at *2 (M.D. Pa. July 1, 2009)("no one factor is determinative"); *Doe v. 9197-5904 Quebec, Inc.*, 727 F. App'x 737, 739 (3d. Cir. 2018) (excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant."). The *Pioneer* Court specifically rejected the standard that the reason for the delay must be based on circumstances beyond the movant's control. *In re Herman's Sporting Goods, Inc.*, 166 B.R. 581, 584–85 (Bankr. D.N.J. 1994).

Debtor's counsel also argued that the Court "could open a can of worms by allowing this claim because there are other unscheduled – there are other schedules claims that were not filed." *See* Ex. A at p. 9. However, this argument has been unequivocally rejected by the bankruptcy courts.

> The debtor also asserts that permitting this claim would open the flood gates to hundreds of other late filed claims. Along this line debtor also argues that bar dates would be rendered nugatory and any certainty in allowable claims would be eliminated. While the

5

court is sensitive to the potential for a flood of additional claims and the importance of certainty, we are constrained by the Supreme Court's decision in *Pioneer* which squarely rejected this argument.

*In re Herman's Sporting Goods, Inc.,* 166 B.R. 581, 584 (Bankr. D.N.J. 1994).

During the hearing, Penn Jersey's counsel addressed ALL of the factors required to be considered for an equitable determination of excusable neglect. *See* Transcript of Hearing, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "A" at pp. 5-6.

The Court asked Penn Jersey's counsel to address Debtor's counsel's position that the Pioneer factors did not need to be addressed. Specifically, Judge Mayer asked:

> Well, let me ask you to address what Mr. Assad is arguing, which is that I don't even get to the equitable factors because I have to find excusable neglect first.

*See* Ex. A at p. 10. Penn Jersey's counsel replied that the reason for the delay is only **one** factor to be determined regarding excusable neglect. *See* Ex. A at p. 10. Notwithstanding, at the conclusion of the hearing, Judge Mayer denied Penn Jersey's Motion for the reason that Penn Jersey and Penn Jersey's counsel received notice of the bar date. *See* Ex. A at p. 14-16. The Court did not address any of the other factors required to be considered pursuant to *Pioneer* which is a manifest error of law.

The Court did not consider that there is no delay in the bankruptcy proceedings given that, at Debtor's request, the deadline to vote on the Plan was extended to March 20, 2024 and, at the Debtor's request, the confirmation hearing was rescheduled from March 13, 2024 to March 27, 2024 and that the absence of a confirmed plan of reorganization indicates a lack of prejudice to the debtor. *In re Herman's Sporting Goods, Inc.,* 166 B.R. 581, 584 (Bankr. D.N.J. 1994); *United States v. Foster*, No. CRIM 1:CR94-071-02, 2007 WL 405946, at *2 (M.D. Pa. Feb. 2, 2007)

6

(the absence of prejudice to the government and the judicial process weighs "strongly in favor" of allowing the appeal). As stated herein above, the Debtor has filed a plan of liquidation and there are ample funds in the bankruptcy estate to allow Penn Jersey's claim to be liquidated and paid. The Court did not consider that the purpose of a Chapter 11 is the preservation rather than forfeiture of creditors' rights. *Pioneer* at 1495; *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.2d 835, 838 (D.C. Cir.)("The factors listed by *Pioneer* are of course not exhaustive"). The Court summarily denied Penn Jersey's Motion.

A court conducting an excusable neglect analysis is required to consider **all** of the *Pioneer* factors. *Arnold's Off. Furniture, LLC v. Borden*, 2023 WL 3851978, *8-10, (E.D. Pa. June 6, 2023). Courts have a "duty of explanation ... when they conduct 'excusable neglect' analysis." *In re Cendant Corp. PRIDES Litig.*, 234 F.3d 166, 171-172 (3d Cir. 2000). However, the Court summarily entered an Order denying Penn Jersey's Motion without an opinion, without reasoning, and "without reference to the *Pioneer* four-factor balancing standard." *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 401 F.3d 143, 154 (3d Cir. 2005).

Penn Jersey's request to have its proof of claim filed out of time deemed timely filed has not, and will not, delay the administration of the Debtor's bankruptcy proceeding and or plan of liquidation as the Plan was just filed on January 24, 2024, voting to approve the Plan has not yet concluded (as objections and votes are now due by March 20, 2024), and the Plan confirmation hearing is scheduled for March 27, 2024. There is nothing to suggest that Penn Jersey failed to act in good faith when it did not file its claim by the Bar Date as it was Penn Jersey's counsel who had failed to timely file the Proof of Claim notwithstanding that Penn Jersey had forwarded to counsel the Order of the Honorable Patricia Mayer setting January 5, 2024 as the Bar Date.

7

According to Debtor's own Liquidation Analysis, there are ample funds to satisfy Penn Jersey's claim and there will still be in excess of $1,000,000.00 remaining in the bankruptcy estate. 47.

It is also noteworthy that while Debtor opposes the late-filed claim by Penn Jersey, on March 21, 2024, Debtor's Counsel, Michael Assad, filed a $94,745.54 unsecured claim on behalf of SERVPRO of King of Prussia based solely upon a single invoice dated 9/13/23  Clearly then, Debtor cannot be too concerned with the "can of worms" argument raised by its counsel in opposition to Penn Jersey's original Motion.  Thus, refusal to allow Penn Jersey to have its Proof of Claim deemed timely filed will only result in unnecessary prejudice to Penn Jersey and a windfall to the Debtor which is manifestly unjust.

III.    CONCLUSION

Penn Jersey Paper Co. respectfully requests that this Honorable Court reconsider the Order entered on March 13, 2024 denying Penn Jersey Paper Co.'s Motion to Have Proof of Claim Filed Out of Time Deemed Timely Filed Pursuant to F.R.B.P. 9006(b)(1), that the proposed form of order attached hereto be entered, and for such other and further relief as this Honorable Court deems just and proper.

                                    **LADOV LAW FIRM, P.C.**


                                    /s/ Joshua B. Ladov
                                    JOSHUA B. LADOV, ESQUIRE
                                    JILL B. LEVY, ESQUIRE
                                    LADOV LAW FIRM, P.C.
                                    JEFFERSON CENTER
                                    1101 MARKET STREET, SUITE 2820
                                    PHILADELPHIA, PA  19107-2993
                                    267-687-8855
                                    jladov@ladovlaw.com

Dated: March 21, 2024

8