UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  TRI-STATE PAPER, INC. | : CHAPTER 11 |
| Debtor | : NO. 23-13237 (PMM) |

### MOTION OF CREDITOR, GREEN FLEET SERVICES, INC. D/B/A SERVPRO OF OVERBROOK/WYNNEFIELD & EASTERN MAIN LINE/BALA CYNWYD & KING OF PRUSSIA & UNIVERSITY CITY TO REINSTATE PROOF OF CLAIM NO. 38 PREVIOUSLY DISALLOWED BY COURT ORDER AND PERMIT THE LATE FILING OF PROOF OF CLAIM

I. Background

A. Damage to Debtor's Real Property

1. In or about early September, 2023, the roof on debtor's warehouse located at 4500 North Third Street, Philadelphia, Pennsylvania 19140 (the "Property") partially collapsed following a bad storm and the interior of debtor's warehouse suffered substantial water damage.

2. On or about September 13, 2023, debtor, by and through its president, John Petaccio, contracted with Green Fleet Services, Inc. d/b/a Servpro of Overbrook/Wynnefield & Eastern Main Line/Bala Cynwyd & King of Prussia & University City (hereafter "Servpro of King of Prussia") to perform water remediation and restoration services at the Property. A true and correct copy of the contract is attached hereto, made a part hereof and marked Exhibit "A".

3. Beginning on September 13, 2023, Servpro of King of Prussia provided extensive water remediation and other restoration services over the course of the next several days to restore the Property and debtor's warehouse.

4. On or about October 9, 2023, Servpro of King of Prussia invoiced debtor in the amount of $94,745.54 for the water remediation and restoration services that began on September 13, 2023.

5. Thereafter, Servpro of King of Prussia was informed by debtor that it had insurance coverage for the casualty occurring at the Property and to its warehouse and that Servpro of King of Prussia would be paid from debtor's insurance claim.

5675882v1
062042.76799

B. <u>Debtor's Bankruptcy Filing and the Bar Date</u>

6. On October 27, 2023, debtor filed for bankruptcy protection under Chapter 11, Subchapter V of the United States Bankruptcy Code.

7. Servpro of King of Prussia did <u>not</u> receive any notice of debtor's bankruptcy filing.

8. On November 6, 2023, the Court set a bar date for filing of proof of claims in the above-captioned matter of January 5, 2024.

9. Servpro of King of Prussia did <u>not</u> receive any notice of the bar date entered by the Court.

10. The proofs of service filed by debtor of the service of the bar date order evidence that Servpro of King of Prussia was not among those creditors and/or parties in interest that were sent notice. True and correct copies of the bar date order and proofs of service at docket nos. 26, 34, 35 and 40 are attached hereto, made a part hereof and collectively marked Exhibit "B".

11. Throughout November and December of 2023 and January of 2024, an employee of Servpro of King of Prussia periodically checked with an insurance adjuster assigned to debtor's casualty loss, and Servpro of King of Prussia was either told or assured that its claim would be paid as part of the claim debtor filed with its insurance carrier.

12. During this time period, Servpro of King of Prussia was unaware that debtor had filed bankruptcy.

C. <u>Servpro of King of Prussia Informed of Debtor's Bankruptcy</u>

13. On February 6, 2024, a representative of Servpro of King of Prussia was contacted by the insurance adjuster and: (a) informed of debtor's bankruptcy, (b) informed that the insurance payment for Servpro of King of Prussia's services could not be made directly to Servpro but instead the entirety of the insurance proceeds was being paid into the bankruptcy estate, and (c) provided to Servpro of King of Prussia the contact information for debtor's bankruptcy attorney.

14. On that same date, February 6, 2024, a representative of Servpro of King of Prussia contacted debtor's bankruptcy attorney with regard to its claim for water remediation and restoration services.

15. On that same date, February 6, 2024, debtor's bankruptcy attorney confirmed: (a) that the insurance proceeds had been paid into the bankruptcy estate, (b) that Servpro of King of Prussia would need to file a Proof of Claim in debtor's bankruptcy in order to be paid, and (c) that debtor's bankruptcy attorney would take care of the filing of that Proof of Claim.

16. On that same date, February 6, 2024, Servpro of King of Prussia provided all of the information needed to debtor's counsel to prepare and file the Proof of Claim for the services Servpro of King of Prussia provided to debtor.

17. These communications occurred more than a month after the Court's order setting the January 5, 2024 proof of claim bar date.

18. Thereafter, debtor's counsel prepared and filed Proof of Claim No. 38 with the Bankruptcy Court. A true and correct copy of Proof of Claim No. 38 filed on behalf of Servpro of King of Prussia by debtor's counsel is attached hereto, made a part hereof and marked Exhibit "C".

19. Thereafter, on March 28, 2024, the Court entered an Order disallowing the Proof of Claim of Servpro of King of Prussia as a late filed claim. A true and correct copy of the Court's Order is attached hereto, made a part hereof and marked Exhibit "D".

20. Servpro of King of Prussia first learned of the disallowance of its claim from debtor's counsel on April 30, 2024.

D. <u>Servpro of King of Prussia's Proof of Claim should be reinstated because it did not receive adequate notice of debtor's bankruptcy and the bar date</u>

21. With regard to notice to creditors, the Third Circuit has held:

> Inadequate notice is a defect which precludes discharge of a claim in bankruptcy. Due process requires notice that is "reasonably calculated to reach all interested parties, reasonably conveys all the required information, and permits a reasonable time for a response." *Greyhound Lines, Inc. v. Rogers (In re Eagle*

*Bus Mfg., Inc.),* 62 F.3d 730, 735 (5th Cir. 1995) (citation omitted). For notice purposes, bankruptcy law divided claimants into two types, "known" and "unknown". *In re Charter Co.,* 125 B.R. 650, 654 (M.D. Fla. 1991). Known creditors must be provided with an actual written notice of a debtor's bankruptcy filing and bar claims date. *City of New York v. New York, N.H. and H.R. Co.,* 344 U.S. 293, 296, 73 S. Ct. 299, 301, 97 L.Ed. 333 (1953). For unknown claimants, notification by publication will generally suffice. *See In re Argonaut Fin. Serv., Inc.,* 164 B.R. 107, 112 (N.D. Cal. 1994); *In re Thomson McKinnon Sec., Inc.,* 130 B.R. 717, 719-720 (Bankr.S.D.N.Y. 1991).

Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995).

22. Moreover, Federal Courts have consistently held that:

The constitutional standard for due process requires that known creditors in a bankruptcy case receive actual notice of a debtor's bankruptcy filing and the bar date. *See* \*853 *In re AMR Corp.,* 2016 WL 1068955, at \*2 (Bankr. S.D.N.Y. Mar. 17, 2016) (citing *City of New York v. N.Y., N.H. & H.R. Co.,* 344 U.S. 293, 296-97, 73 S.Ct. 299, 97 L.Ed. 333 (1953)); *In re Motors Liquidation Co.,* 576 B.R. at 773. "Known creditors ... must be afforded notice 'reasonably calculated, under all the circumstances, to apprise' them of the pendency of the bar date." *In re R.H. Macy & Co.,* 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). "[I]f a creditor is not given reasonable notice of the bankruptcy proceeding and the relevant bar dates, its claim cannot be constitutionally discharged." *In re U.S.H. Corp.,* 223 B.R. 654, 658 (Bankr. S.D.N.Y. 1998).

In re Navillus Title, Inc., 634 B.R. 847 (S.D.N.Y. 2021).

23. In the present matter, Servpro of King of Prussia was a known creditor as debtor's President hired Servpro of King of Prussia two and one-half months before debtor filed bankruptcy.

24. Servpro of King of Prussia never received actual written notice of debtor's bankruptcy filing and claims bar date.

25. For that matter, until February 6, 2024, creditor Servpro of King of Prussia never received any notice whatsoever of debtor's bankruptcy filing and the claims bar date.

26. At all times prior to February 6, 2024, creditor Servpro of King of Prussia was told that its services would be paid for through debtor's insurance coverage and that payment would be received directly from debtor's insurance company.

27. Only long after the bar date had passed did Servpro of King of Prussia learn of debtor's bankruptcy and that it would only be paid through the bankruptcy rather than directly from the insurer.

28. In fact, the bankruptcy case docket reflects that Servpro of King of Prussia was only added as a creditor on March 21, 2024, which was after debtor's counsel filed proof of claim number 38 on behalf of Servpro of King of Prussia. A true and correct copy of the list of creditors from Pacer at page 10 reflects this date and is attached hereto, made a part hereof and marked Exhibit "E".

29. Additionally, upon information and belief, the insurance proceeds only became available and were paid by debtor's insurance company in or around mid-January of 2024, weeks after the bar date.

30. Upon information and belief, it was only at that time that debtor and debtor's counsel determined that the insurance proceeds needed to be paid into the bankruptcy estate because of the claims of the mortgagee on the Property, which is where Servpro of King of Prussia performed the work.

31. It was a few weeks thereafter that creditor Servpro of King of Prussia first learned that debtor was n bankruptcy and it would not be paid directly by debtor's insurance company but instead would need to make a claim in debtor's bankruptcy case.

32. Immediately upon learning of that information, Servpro of King of Prussia contacted debtor's counsel on February 6, 2024 and provided all of the information necessary for debtor's counsel to prepare and file a Proof of Claim on its behalf, which was then accomplished by debtor's counsel.

33. The Subchapter V Plan filed and confirmed by the Court provides for a payment of 100% to all unsecured creditors.

34. The liquidation analysis and financial projections provided as part of the Plan show that there will be excess funds left over after payment of all creditors in full.

35. Although a creditor that does not receive adequate notice is not required to demonstrate a lack of prejudice to other creditors, in the present matter there will be no prejudice to the other allowed claims of creditors of debtor if the proof of claim of creditor Servpro of King of Prussia is reinstated and Servpro of King of Prussia is permitted to file a late filed proof of claim and fully share in the distribution to creditors.

WHEREFORE, creditor, Servpro of King of Prussia, respectfully requests this Honorable Court to enter an Order fully reinstating Proof of Claim No. 38, permitting its late filed claim and permitting creditor Servpro of King of Prussia to fully participate in the distribution from debtor's bankruptcy estate to creditors.

MacELREE HARVEY, LTD.

By: _____
Leo M. Gibbons, Esquire
Attorney for Servpro of King of Prussia