## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
In re:                                                          :    Chapter 11
                                                                :
Tri-State Paper, Inc.,                                          :    Bankruptcy No. 23-13237
                                                                :
                        Debtor.                                 :
---------------------------------------------------------------:

**RESPONSE OF PENSKE TRUCK LEASING CO., L.P. TO THE OBJECTION OF TRI-STATE PAPER, INC. TO CLAIM NO. 39**

Penske Truck Leasing Co., L.P. ("Penske" or "Claimant"), by and through its undersigned counsel, hereby files this Response (the "Response") to Tri-State Paper, Inc.'s ("Debtor") *Objection to Claim No. 39 by Claimant Penske Truck Leasing Co. L.P.* (the "Objection"). In support of this Response, Claimant states and represents as follows:

**Background**

1. On March 27, 2024, a confirmation hearing was held by the Court (the "Confirmation Hearing") wherein the Debtor agreed to further amend its *First Amended Chapter 11 Subchapter V Plan of Liquidation* [Docket No. 216] (the "First Amended Plan") to include language allowing the Claimant to file a rejection damages claim related to the Debtor's anticipated rejection of the Vehicle Lease Services Agreement (as amended and supplemented from time to time, the "VLSA").

2. On April 3, 2024, Tri-State filed the *Second Amended Chapter 11 Subchapter V Plan of Liquidation* [Docket No. 230] (the "Second Amended Plan"), which allowed, among other things, for Penske to file a rejection damages claim after confirmation of the Second Amended Plan.

3. On April 4, 2024, the Court entered the *Order Confirming Chapter 11 Subchapter V Plan* [Docket No. 231] (the "Plan Confirmation Order") confirming the Second Amended Plan.

4. Pursuant to the Plan Confirmation Order and the Second Amended Plan, the Debtor rejected the VLSA as of April 4, 2024 (the "Rejection Date").

5. On May 2, 2024, the Claimant timely filed Claim No. 39, setting forth Claimant's rejection damages' claim comprised of unpaid lease payments due and owing under the VLSA of $62,822.08 and attorneys' fees and costs incurred by Penske in the amount of $97,220.37 (the "Rejection Damages' Claim"). [1]

**Argument**

6. On July 31, 2024, the Debtor filed the Objection, asserting, without any legal or factual support, that the State Farm Policy provides coverage for the claims arising from the Accident, and, as such, by allowing the attorneys' fees portion of the Rejection Damages' Claim, Penske is obtaining more than one hundred percent (100%) of its rejection damages. *See, e.g.*, the Objection.

7. Such an unsupported assertion does not rebut the *prima facie* validity of the Rejection Damages' Claim, a claim which was filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, as such, is *prima facie* evidence of the validity and amount of the claim pursuant to Fed. R. Bankr. P. 3001(f).

---

[1] On December 22, 2021, Sandor Matusek (the "State Court Plaintiff") was involved in a motor vehicle accident with Michael Frank, an employee of the Debtor (the "Accident"). Following the accident, Matusek initiated an action in the Philadelphia County Court of Common Pleas, Case No. 230402509 (the "State Court Action"), related to the Accident. As of the date of this Response, the State Court Action is ongoing.

At the time of the Accident, consistent with the VLSA, the Debtor was insured by State Farm under three separate insurance policies which aggregated $1,000,000 in coverage ("State Farm Policy"). State Farm has confirmed coverage of Penske up to $1,000,000 in damages as a result of the State Court Action.

8. Furthermore, a bare allegation, such as the one in the Objection, is insufficient as a matter of law in order to rebut this *prima facie* validity; rather, in order to refute such *prima facie* validity, the party opposing a claim must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

9. As a consequence, a mere objection alone (as in this case) is insufficient to contest a proof of claim; the objection must contain "probative evidence to call a claim into question." *In re King Resources Co.*, 20 B.R. 191, 198 (D. Colo. 1982); *see also In re Lanza*, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity."); *In re Milbourne*, 557 B.R. 376, 388 (Bankr. E.D. Pa. 2016).

10. Finally, if and only if the party opposing a claim produces sufficient evidence to negate one or more facts in a proof of claim, does the burden of proof shift back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *See California State Bd. of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696, 698 (5th Cir. 1988) (citation omitted).

11. For the reasons set forth herein, the Objection fails to rebut the *prima facie* validity of the Rejection Damages' Claim.

12. First, in the Objection, the Debtor makes a singular, general statement concerning the alleged invalidity of the Rejection Damages' Claim and posits that based upon the coverage under the State Farm Policy, Penske's costs and attorneys' fees associated with the State Court Action must be repaid by State Farm.

13. However, other than this single allegation that the State Farm Policy may cover the Rejection Damages' Claim for certain amounts, the Debtor has not asserted nor cited to any specific provision of the State Farm Policy that provides for such. Furthermore, the Debtor has

failed to demonstrate that Penske has, in fact, been paid any portion on account of the Rejection Damages' Claim. At best, assuming that there is indeed a provision in the State Farm Policy which could arguably cover Penske's attorneys' fees and costs, the Debtor's assertions in the Objection are purely speculative and there has been no evidence or allegations asserted that Penske's attorneys' fees and costs have, in fact, been paid by State Farm.[2]

14. As such, the Objection fails to rebut the *prima facie* validity of the claim.

15. Even if the Debtor proves that Penske has, in fact, been paid a portion of the Rejection Damages' Claim from State Farm, this would not prevent Penske from recovering the remaining amount due and owing under the Rejection Damages' Claim from the Debtor. *In re Del Biaggio*, 496 B.R. 600, 603 (Bankr. N.D. Cal. 2012) ("the amount the creditor's claim in the bankruptcy case is not affected by third-party payments, except to the extent payment from the debtor would produce a double recovery").

16. In this case, there has been no showing that Penske has or will receive a double recovery from this estate and from State Farm.

17. As a result, the Debtor has failed to sustain its burden with respect to the Claim, and, accordingly, the Objection should be denied as being legally and factually inappropriate.[3]

---

[2] To date, Penske has, in fact, not received a single cent on account of its attorneys' fees and costs from State Farm.

[3] Pursuant to the Second Amended Plan, the Debtor was supposed to fund a disputed claim reserve "for the Penske rejection damages' claim, which will be paid from this reserve if and when Penske rejection damages' claim is allowed." Second Amended Plan, p. 7. In addition, the Second Amended Plan also required the Debtor to commence payments on account of allowed claims.

To date, the Debtor has failed and refused to comply with provisions, despite the fact that more than four (4) months have passed since the Second Amended Plan was confirmed by this Court.

4

WHEREFORE, Claimant respectfully requests: (i) that the Objection be denied with prejudice; (ii) that the Claim be allowed in the amount of $160,042.45; and (iii) that the Bankruptcy Court grant such other and further relief as is deemed just and proper.

DUANE MORRIS LLP

Dated: August 22, 2024

By: */s/Lawrence J. Kotler*
Lawrence J. Kotler, Esq. (56029)
E-mail: ljkotler@duanemorris.com
Ryan Spengler (332107)
E-mail: rspengler@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1514
Facsimile: (215) 979-1020

*Counsel for Creditor*
*Penske Truck Leasing Co., L.P.*