**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:
**TRI-STATE PAPER, INC.**

Debtor.

Chapter 11

Case No. 23-13237-pmm

**NOTICE OF DEFAULT**

**Preliminary Statement and Background**

1. On October 31, 2023, Richard E. Furtek ("Trustee") was appointed by the United States Trustee as Subchapter V Trustee in this bankruptcy case.

2. On April 3, 2024, the Second Amended Chapter 11 Subchapter V Plan of Liquidation was filed (Dk# 230)

3. On April 4, 2024, an Order was enter confirming the debtor's plan pursuant to 11 U.S.C. § 1191(a). (Dk#231)

4. The Second Amended Chapter 11 Subchapter V Plan of Liquidation (Attachment 1), Article 7- Means for Implementation of the Plan states as follows:

  a) On or before the effective date, the debtor will transfer the funds held by the court to the Trustee for distribution.

  b) Starting on the effective date and then monthly at the end of each month the debtor will pay within fifteen (15) days the aggregate disposable income to the Subchapter V Trustee for disbursement consistent with this plan and for funding the Disputed Claims' Reserve. In connection with each monthly disbursement date.

  c) The debtor shall deliver to the Subchapter V Trustee (collectively, the "post-petition obligations"):
     (i) a report setting forth the calculation of the disposable income distributable to creditors,

     (ii) a copy of the debtor's bank account statements and any other backup reasonably requested by the Subchapter V Trustee to confirm the propriety of the disposable income calculation, and

     (ii) a check payable to "Richard Furtek, Subchapter V Trustee for the Estate of Tri-State Paper, Inc." in the amount of the disposable income.

**Notice of Default**

This Notice of Default is being provided due to the Debtor's failure to complete the following:

1. The Debtor received funds held by the court related to an insurance settlement that have not been transferred to the Trustee for distribution

2. The Debtor has not provided a monthly report setting forth the calculation of the disposable income distributable to creditors

3. The Debtor has not provided monthly bank account statements and any other backup, except for the May 31, 2024 bank statement (Attachment 2) which shows an ending balance of $157,424.08.

4. The Debtor has not paid monthly at the end of each month within fifteen (15) days the aggregate disposable income, except for $2,500 received on 5/24/2024 and $2,500 received on 8/26/2024.

The Trustee has requested the transfer of funds and the post-petition reporting obligations on numerous occasions by contacting the Debtor's counsel.

**Conclusion**

The Second Amended Chapter 11 Subchapter V Plan of Liquidation (Attachment 1), Article 10 – Default Remedies provides that the Debtor shall have thirty-five (35) days from the issuance of a default notice (the "notice period") to cure all defaults. If the debtor fails to cure all defaults within any notice period, the Subchapter V Trustee may certify default to this court. Upon certification of default by the Subchapter V Trustee, the court may enter an order converting this case to chapter 7 without further notice and hearing.

Dated: 8/28/2024                    FURTEK & ASSOCIATES, LLC

                                    By:    */s/ Richard E. Furtek*
                                           *Subchapter V Trustee*

                                    Richard E. Furtek, CPA
                                    Lindenwood Corporate Center
                                    101 Lindenwood Drive, Suite 225
                                    Malvern, PA 19355
                                    Telephone: (610) 768-8030
                                    Email: RFurtek@furtekassociates.com