**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Tri-State Paper, Inc., <br><br> *Debtor*. | Case No. 23-13237-pmm <br> Chapter 11 |

**Objection to Motion to Reconsider**

Cibik Law, P.C., through Michael A. Cibik, Esq., hereby objects to the Motion to Reconsider filed by Debtor Tri-State Paper, Inc. at ECF No. 294, and presents this memorandum of law in support of its objection.

I. **Background**

The Debtor engaged Cibik Law as its attorney on October 20, 2023, to file a chapter 11 bankruptcy case.[1] The case was filed on October 27, 2023, Cibik Law's employment was approved on November 7, 2023,[2] and a plan of reorganization was approved on April 4, 2024.[3] Throughout the process, Cibik Law performed top-quality services on behalf of the Debtor, as shown by the procedural success of the Debtor's bankruptcy case.

Cibik Law filed its first and final application for compensation ("Fee Application") on August 2, 2024, which requested compensation in the amount of $108,455 and reimbursement for expenses in the amount of $3,359.[4] Cibik Law

---

[1] ECF No. 12-2.

[2] ECF No. 32.

[3] ECF No. 231.

[4] ECF No. 263.

served the Fee Application and a notice of the objection deadline on the Debtor.[5] The day after the deadline, the Debtor filed an objection complaining that it thought Cibik Law's services would only cost $40,000, and that Cibik Law's requested fees were unreasonably high.[6] Cibik Law's response to the objection explained that the Debtor's reasoning was ridiculous, and that the Debtor was aware of the terms of Cibik Law's engagement.[7] Cibik Law concurrently moved to withdraw as the Debtor's attorney because the Debtor had made representation unreasonably difficult.[8] A few days after Cibik Law served its response, the Debtor's principal met with Cibik Law, agreed to withdraw its objection, and paid Cibik Law $10,000 for continued representation in post-confirmation services.[9] Collection of the retainer tracked with Section 8.10 of the plan.[10]

The Debtor withdrew its objection to the Fee Application on September 3, 2024, and Cibik Law withdrew its motion to withdraw as attorney the next day.[11] The Court then cancelled the hearing that it had set to consider the Debtor's objection.[12] The

---

[5]  *Id.*

[6]  ECF No. 268.

[7]  ECF No. 270.

[8]  ECF No. 271.

[9]  ECF No. 294.

[10] ECF No. 230.

[11] ECF No. 278, 280.

[12] ECF No. 269, 281.

Court granted the Fee Application in full on October 15, 2024.[13] Shortly before the Court granted the Application, the Debtor fired Cibik Law and retained a new lawyer.[14] Through its new attorney, the Debtor has filed a motion to reconsider the order approving the Fee Application, which is pending before the Court.

## II.    Argument

The Debtor's Motion to Reconsider fails to meet the high standard required because it does not present new law, new evidence, or a clear error of law or manifest injustice. Instead, it rehashes resolved issues and reflects buyer's remorse rather than valid legal grounds. Cibik Law's fees were reasonable, justified by the quality of services provided, and properly approved by the Court after thorough review. The Motion also contains multiple false claims that suggest it was filed for the improper purpose of delaying payment of approved fees. For these reasons, the Court must deny the Motion and consider sanctions against the Debtor, its principal, and its attorney.

### A.    The Motion must be denied because the Debtor has not satisfied the standard for reconsideration.

The Motion must be denied because reconsideration under Fed. R. Civ. P. 59(e) is improper. This Court must only reconsider its orders when there is: (1) new law, (2) new evidence, or (3) a need to correct a clear error of law or prevent manifest

---

[13]    ECF No. 289.

[14]    ECF No. 288.

injustice.[15] The party seeking reconsideration has the burden of proof, and that burden is high.[16] A clear error of law must be "apparent to the point of being indisputable," and a manifest injustice is something that is "so patently unfair and tainted that the error is manifestly clear to all who view it."[17] The moving party must present facts or arguments that could not have been made before; simply disliking a court's decision is not enough.[18]

The Motion before the Court does not identify any injustice commensurate with an appropriate motion to reconsider. Instead, it rehashes arguments and concerns that were known, discussed, and resolved previously. Any disagreement with Cibik Law's fees should have been resolved through the objection process, not an after-the-fact motion seeking reconsideration. Because the Debtor objected to the Fee Application, it was aware of its right to object. The Court set a hearing to permit the Debtor to argue its objection, which was cancelled only because the Debtor voluntarily withdrew its objection after meeting with Cibik Law and discussing its concerns. In doing so, the Debtor made an intentional and informed decision to forgo any objection to the Fee Application, likely in recognition of the value of services rendered and the clear terms of representation.

---

[15] *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[16] *Marshall v. Abdoun*, 636 B.R. 396, 404 (Bankr. E.D. Pa. 2021) (Chan, B.J.).

[17] *Von Kahle v. Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012) (quotation marks omitted) (Frank, B.J.).

[18] *In re Marinari*, 596 B.R. 809, 819 (Bankr. E.D. Pa. 2019) (Chan, B.J.).

The Debtor's failure to offer any substantive change in circumstances in support of reconsideration is evidence of buyer's remorse, not manifest injustice. For that reason, the Court must deny the Motion.

**B. Even if the Debtor satisfies the standard for reconsideration, the Court's order must stand because the fees awarded were reasonable and commensurate with the quality services performed.**

Noticeably absent from the Motion is any allegation that Cibik Law provided services that were substandard. That is because Cibik Law performed quality services that were beneficial to the bankruptcy estate, as shown by the plan's prompt confirmation.

The Debtor's complaints about the amount of time Cibik Law spent working on the reorganization plan lacks merit. The reorganization plan is the most important part of a chapter 11 bankruptcy case, and Cibik Law took the time necessary to do it right. The final confirmed plan is well written and allows all parties to easily read and understand their rights and obligations, and the bankruptcy estate benefits from that. The bankruptcy estate would not have benefitted from the cost savings of slapping a plan together in less time. Similarly, Cibik Law's attorneys routinely met to discuss the progression of the bankruptcy case because that was what was required to do the case the right way, and the bankruptcy estate benefitted from that.

The Fee Application was properly scrutinized because this Court reviews all fee applications for reasonableness, independent of any objections.[19] Although the

---

[19] *In re Jeffery*, 2023 WL 7220759, at *3 (Bankr. E.D. Pa. Nov. 2, 2023) (Mayer, B.J.); *In re Creedon*, 661 B.R. 55, 58 (Bankr. E.D. Pa. 2024) (Mayer, B.J.).

5

Debtor's objection was withdrawn, it was not erased from anyone's memory. When the Court granted the application in full, it did so aware of the objections raised in the Debtor's objection. The Court, on its own initiative, could have reduced Cibik Law's award of compensation, but it did not do so. Given that the Court did not reduce compensation before, it is not appropriate to reduce it now.

### C. The Court should enter an order to show cause why the Debtor, its principal, and its attorney should not be sanctioned.

Signed pleadings filed with this Court must not be presented for an improper purpose, legal contentions must be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and factual contentions have evidentiary support.[20] Despite that, the Motion, which was signed by both the Debtor's principal and its attorney, contains several false claims:

a. The Motion falsely claims that the Debtor was unaware of Cibik Law's hourly billing rates, but the rates were clearly stated in the retainer agreement signed by the Debtor's principal.

b. The Motion falsely claims that Cibik Law did not discuss the Fee Application with the Debtor, but the Debtor's principal met with Michael Cibik before the objection to the Fee Application was withdrawn.

---

[20] Fed. R. Civ. P. 11(b).

6

  c. The Motion falsely claims that the Debtor is unaware of the $18,827.00 Cibik Law held in escrow, but the Fee Application states that those funds remained from the retainer paid before the case was filed.

Given that the Motion is unsupported by the law and contains several false factual connotations, it appears to be presented for the improper purpose of delaying payment to Cibik Law. Accordingly, the Court should exercise its authority under Fed. R. Bankr. P. 11(c)(1) and sanction the Debtor, its principal, and its attorney.

### III. Conclusion

Through Cibik Law's services, a plan was confirmed in this case after just five months. Now, almost eight months later, the Debtor has failed to substantially perform its obligations under the plan.[21] Instead, the Debtor has brought a frivolous Motion to Reconsider that fails to offer new evidence, law, or clear error to justify relief. For those reasons, the Court must deny the Motion in the form of order attached.

Date: November 26, 2024      CIBIK LAW, P.C.

                *By: /s/ Michael A. Cibik, Esq.*
                  Michael A. Cibik, Esq.
                  1500 Walnut Street, Suite 900
                  Philadelphia, PA 19102
                  215-735-1060
                  mail@cibiklaw.com

---

[21] ECF No. 275, 291.

## Certificate of Service

I certify that on this date, I did cause a copy of this document and all attachments to be electronically served on all parties on the Clerk's service list that are registered to receive notices through the CM/ECF system. I did not serve anyone by mail.

Date: November 26, 2024             /s/ Michael A. Cibik, Esq.
                                    Michael A. Cibik, Esq.