IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | CHAPTER 7 |
|---|---|---|
| | : | |
| TRI-STATE PAPER, INC. | : | BANKRUPTCY NO. 23-13237 (PMM) |
| d/b/a TRI-STATE PAPER COMPANY | : | |
| | : | |
| Debtor | : | |
| | : | |

### APPLICATION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE, TO EMPLOY MPN REALTY, INC. AS REAL ESTATE BROKER PURSUANT TO 11 U.S.C. §§ 327 and 328 AND FED. R. BANKR. P. 2014

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of Tri-State Paper, Inc. d/b/a Tri-State Paper Company (the "Debtor"), hereby makes this application to employ MPN Realty, Inc. (the "Broker") as real estate broker pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014 (the "Application"), and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

### BACKGROUND

A. **Procedural Background.**

4. On October 27, 2023 (the "Petition Date"), the Debtor filed for protection under Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5. On September 25, 2025 (the "Conversion Date"), the Bankruptcy Case was converted to Chapter 7 of the Bankruptcy Code.

6.      On September 26, 2025, the Trustee was appointed which appointment remains in effect.

**B.    The Real Property owned by the Debtor's Bankruptcy Estate.**

7.      The Debtor's bankruptcy estate owns commercial real property and improvements located at:

    (a)    4500-4520 North Third Street, Philadelphia, PA 19140-1502 (the "Third Street Property") and

    (b)    2044 East Clementine Street, Philadelphia, PA 19134-3819 (the "Clementine Property", and together with the Third Street Property, the "Properties").

### THE DEBTOR'S PRIOR EMPLOYMENT OF THE BROKER

8.      After the Petition Date and prior to the Conversion Date, the Debtor retained the Broker to market and sell the Properties.

9.      On June 10, 2024, the Debtor filed the Application to Employ the Broker as Real Estate Agent [D.I. 249].

10.    On June 21, 2024, this Court entered an Order authorizing the Debtor's employment of the Broker [D.I. 254].

11.    After the Broker was retained by the Debtor, the Broker located a purchaser for the Third Street Property and the Debtor entered into an Agreement for the Sale of Commercial Property dated March 10, 2025 (the "AOS").

12.    Closing never occurred under the AOS as all of the contingencies were not satisfied and the settlement date under the AOS has passed.

### THE TRUSTEE'S PROPOSED EMPLOYMENT OF BROKER

13.    The Trustee desires to employ the Broker to market and sell the Properties.[1]

---

[1] In light of the aggregate amount of claims in the Bankruptcy Case, the Trustee may decide to only sell the Third Street Property but reserves the right to sell the Clementine Street Property.

14. The Broker will seek a commission of 5% (the "Commission") of the sales price of the Properties after, or at, consummation of the sale in accordance with *In Re Busy Beaver Building Centers, Inc.*, 19 F. 3d 833 (3rd Cir. 1994).

15. In the event of a co-broker arrangement, the Commission will be split equally between the Broker and the co-broker. As co-broker arrangements are typical in connection to the sale of real estate, the Trustee does not intend to file an application to employ the co-broker (if there is one) as a professional as the amount of Commission paid for the services will not change.

16. The Trustee has made a careful and diligent inquiry into the qualifications and competence of the Broker and is advised that the Broker has experience in all areas of marketing and selling real estate and is capable of providing the proper services to the Trustee in connection with this matter.

17. The Trustee believes, and therefore avers, that the employment of the Broker is necessary and in the best interest of the Debtor's estate. A Verified Statement executed by Christopher J. Cimino asserting, among other things, that the Broker does not hold any interest materially adverse to the Debtor's estate and providing details of the engagement of the Broker is attached hereto as Exhibit "A" and made a part hereof.

### RELIEF REQUESTED

18. By this Application, the Trustee requests that the Court enter an order authorizing him to employ the Broker to market and sell the Properties pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

19. The Broker has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

20. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys,

        accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

21. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

        An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

22. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

23. The Trustee contends that the Broker's employment is necessary and in the best interest of the Debtor's estate.

24. The Trustee has determined that the services of the Broker are needed and that the cost is warranted.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court enter an order authorizing the employment of the Broker at such compensation as this Court allows effective as of the date of this Application and for such other and further relief as this Honorable Court deems just.

**Respectfully submitted,**

**ROBERT W. SEITZER, CHAPTER 7 TRUSTEE FOR THE ESTATE OF TRI-STATE PAPER, INC. d/b/a TRI-STATE PAPER COMPANY**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Chapter 7 Trustee*

Dated: October 27, 2025