# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TRI-STATE PAPER, INC.** | : | **BANKRUPTCY NO. 23-13237 (PMM)** |
| **d/b/a TRI-STATE PAPER COMPANY** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**VERIFIED STATEMENT OF CHRSITOPHER J. CIMINO IN SUPPORT
OF THE APPLICATION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE,
TO EMPLOY MPN REALTY, INC. AS REAL ESTATE BROKER PURSUANT TO
11 U.S.C. §§ 327 AND 328 AND FED. R. BANKR. P. 2014**

I, Christopher J. Cimino, hereby declare under penalty of perjury, and in connection with the Chapter 7 bankruptcy case of Tri-State Paper, Inc. d/b/a Tri-State Paper Company, that the following facts are true and correct to the best of my knowledge, information and belief:

1.    I am a sales associate with MPN Realty, Inc. which maintains an address of 1601 Walnut Street, Suite 900, Philadelphia, PA 19102.

2.    I submit this Verified Statement in support of the Application of Robert W. Seitzer, Chapter 7 Trustee, to Employ MPN Realty, Inc. as Real Estate Broker Pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014 (the "Application").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3.    The Broker intends to currently market and sell the Properties.

4.    The Broker seeks a commission of 5% of the sales price of the Properties after, or at, consummation of the sale in accordance with *In Re Busy Beaver Building Centers, Inc.*, 19 F. 3d 833 (3rd Cir. 1994).

5.    In the event of a co-broker arrangement, the Commission will be split equally between the Broker and the co-broker.  As co-broker arrangements are typical in connection to the

sale of real estate, the Trustee does not intend to file an application to employ the co-broker (if there is one) as a professional as the amount of Commission paid for the services will not change.

6.      After the Petition Date and prior to the Conversion Date, the Debtor retained the Broker to market and sell the Properties.

7.      On June 10, 2024, the Debtor filed the Application to Employ the Broker as Real Estate Agent [D.I. 249].

8.      On June 21, 2024, the Court entered an Order authorizing the Debtor's employment of the Broker [D.I. 254].

9.      After the Broker was retained by the Debtor, the Broker located a purchaser for the Third Street Property and the Debtor entered into the AOS.

10.     Closing never occurred under the AOS as all of the contingencies were not satisfied and the settlement date under the AOS has passed.

11.     To the extent one exists, the Broker waives any potential, contingent post-petition claim for services provided to the Debtor prior to the Conversion Date.

12.     The Broker never received any payments from the Debtor.

13.     Except as set forth herein, to the best of my knowledge, information and belief, I, nor any other person associated with the Broker, have any connection with any party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

14.     The Broker does not hold or represent an interest materially adverse to the estate and is a disinterested person.

15.     The Broker is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that the Broker and any other person associated with the Broker:

        a.      are not creditors, equity security holders or insiders of the Debtor;

b.      are not and were not, within two (2) years before the date of the filing of the

Debtor's Petition, directors, officers, or employees of the Debtor; and

c.      does not hold an interest materially adverse to the interest of the estate or of

any class of creditors or equity security holders, by reason of any direct or indirect relationship to,

connection with, or interest in, the Debtor, or for any other reason.

16.     To the best of my knowledge, information and belief, I, nor any other person

associated with the Broker, represent any interest materially adverse to the Debtor or to the estate

in the matters upon which the Broker is to be engaged.


**MPN REALTY, INC.**

By: _____
            Christopher J. Cimino

Dated: October **27**, 2025