IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| TRI-STATE PAPER, INC. d/b/a TRI-STATE PAPER COMPANY | BANKRUPTCY NO. 23-13237 (PMM) |
| Debtor | |

## MOTION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER COMPELLING DEBTOR AND JOHN PETACCIO TO TURNOVER PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §§ 105(a) AND 542(a)

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of Tri-State Paper, Inc. d/b/a Tri-State Paper Company (the "Debtor"), by and through his counsel, Karalis PC, hereby moves this Honorable Court for entry of an Order compelling Debtor and John Petaccio ("Mr. Petaccio") to turnover property of the estate pursuant to 11 U.S.C. §§ 105(a) and 542(a) (the "Motion"), and in support thereof, respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. The statutory basis for the relief requested herein is 11 U.S.C. §§ 105(a), 541(a) and 542(a).

### BACKGROUND

A. **Procedural Background.**

4. On October 27, 2023 (the "Petition Date"), the Debtor filed for protection under Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5. On September 25, 2025, the Bankruptcy Case was converted to one proceeding

under Chapter 7 of the Bankruptcy Code.

6. On September 26, 2025, the Trustee was appointed which appointment remains in effect.

**B.    The Bank Account.**

7. The Debtor has at least one bank account at Citizens Bank, N.A. ("Citizens") ending in 3709 (the "Account").

8. Shortly after the Trustee's appointment, he sent correspondence to Citizens demanding the closure of the Account and turnover of the proceeds from the Account (the "Account Proceeds") and thereafter followed up with Citizens. Citizens has not responded to the Trustee.

9. In addition, shortly after the Trustee's appointment, he personally met with Mr. Petaccio, the Debtor's president and sole shareholder, and discussed, *inter alia*, the closure of the Account and the turnover of the Account Proceeds.

10. Thereafter, the Trustee sent multiple e-mails to the Debtor's counsel requesting the closure of the Account, the turnover of the Account Proceeds, and the turnover of certain bank statements for the Account as none have been filed with the Court in Post-Confirmation Reports since May of 2025. Specifically, the Trustee requires bank statements for the Account from June of 2025 through the date that the Account Proceeds are turned over to him (collectively, the Account Statements").

11. The Debtor's counsel advised the Trustee that Mr. Petaccio has not been responsive to him.

## RELIEF REQUESTED

12.  The Trustee respectfully seeks the entry of an Order compelling the Debtor and Mr. Petaccio to turnover the Account Proceeds and the Account Statements to him for the benefit of the Debtor's creditors.

## BASIS FOR RELIEF

13.  Section 105(a) of the Bankruptcy Code provides that the "Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See*, 11 U.S.C. § 105(a).

14.  Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." *See*, 11 U.S.C. § 541(a)(1).

15.  The Account Proceeds and the Account Statements are property of the Debtor's bankruptcy estate under Section 541 because they constitute a "legal or equitable interest of the debtor in property as of the commencement of the case." As such, the Account Proceeds and the Account Statements are subject to turnover pursuant to 11 U.S.C. § 542.

16.  Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of the Debtor's estate:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

*See*, U.S.C. § 542.

17.  Further, Section 542 of the Bankruptcy Code requires that an entity in possession of property of a debtor's estate deliver such property to the trustee, and account

3

for such property or the value related thereto.

18. The Account Proceeds and the Account Statements are property of the Debtor's bankruptcy estate pursuant to Section 541.

19. The Debtor and Mr. Petaccio are in possession, custody, and/or control of the Account Proceeds and the Account Statements.

20. The Account Proceeds and the Account Statements are valuable and beneficial to the Debtor's bankruptcy estate.

21. Turnover of the Account Proceeds and the Account Statements is appropriate pursuant to 11 U.S.C. § 542.

22. Accordingly, the Account Proceeds and the Account Statements are property of the Debtor's estate under 11 U.S.C. § 541 and subject to turnover to the Trustee pursuant to 11 U.S.C. § 542.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting the relief requested herein and (b) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: November 5, 2025