**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : | CHAPTER 7 |
| : | |
| **TRI-STATE PAPER, INC.** : | **BANKRUPTCY NO. 23-13237 (PMM)** |
| d/b/a TRI-STATE PAPER COMPANY : | |
| : | |
| **Debtor** : | |
| : | |
| **ROBERT W. SEITZER, in his capacity as** : | |
| the Chapter 7 Trustee for the Estate of : | |
| **TRI-STATE PAPER, INC.** : | |
| d/b/a TRI-STATE PAPER COMPANY : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | **ADVERSARY NO. 25-** |
| : | |
| **CITIZENS BANK, N.A.** : | |
| : | |
| **Defendant** : | |
| : | |

**COMPLAINT OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE,**
**FOR TURNOVER OF PROPERTY OF THE DEBTOR'S**
**ESTATE PURSUANT TO 11 U.S.C. § 542**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for the estate of Tri-State Paper, Inc. d/b/a Tri-State Paper Company (the "Debtor"), brings this complaint (the "Complaint"), pursuant to Fed. R. Bankr. P. 7001, for turnover of bank account proceeds and bank account statements as property of the Debtor's estate pursuant to 11 U.S.C. § 542 and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (E), and (0).

3. Venue of this adversary proceeding is properly in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks turnover from the Defendant (as defined below) of the bank account proceeds and bank account statements to the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 542.

## PARTIES

5. Plaintiff is Robert W. Seitzer, the Chapter 7 Trustee for the Debtor's estate.

6. Defendant, Citizens Bank, N.A. (the "Defendant"), is a National Association that maintains a principal place of business at One Citizens Plaza, Providence, RI 02903        .

## FACTUAL BACKGROUND

**A.     Bankruptcy and Procedural Background**

7. On October 27, 2023 (the "Petition Date"), the Debtor filed for protection under Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

8. On September 25, 2025, the Bankruptcy Case was converted to one proceeding under Chapter 7 of the Bankruptcy Code.

9. On September 26, 2025, the Trustee was appointed which appointment remains in effect.

**B.     The Bank Account**

10. The Debtor has at least one bank account with the Defendant ending in 3709 (the "Account").

11. Shortly after the Trustee's appointment, he sent correspondence to the Defendant demanding the closure of the Account and turnover of the proceeds from the Account (the

2

"Account Proceeds") and thereafter followed up with the Defendant. The Defendant never responded to the Trustee.

12. The Trustee is not in possession of any bank statements for the Account since May of 2025 (collectively, the Account Statements").

## COUNT ONE
### (Turnover of Account Proceeds Pursuant to 11 U.S.C. § 542)

13. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

14. Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." *See*, 11 U.S.C. § 541(a)(1).

15. The Account Proceeds are property of the Debtor's bankruptcy estate under Section 541 because they constitute a "legal or equitable interest of the debtor in property as of the commencement of the case." As such, the Account Proceeds are subject to turnover pursuant to 11 U.S.C. § 542.

16. Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of the Debtor's estate:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

*See*, U.S.C. § 542.

17. Further, Section 542 of the Bankruptcy Code requires that an entity in possession of property of a debtor's estate deliver such property to the trustee, and account for such property or the value related thereto.

3

18. The Account Proceeds are property of the Debtor's bankruptcy estate pursuant to Section 541.

19. The Defendant is in possession, custody, and/or control of the Account Proceeds.

20. Turnover of the Account Proceeds is appropriate pursuant to 11 U.S.C. § 542.

21. Accordingly, the Account Proceeds are property of the Debtor's estate under 11 U.S.C. § 541 and subject to turnover to the Trustee pursuant to 11 U.S.C. § 542.

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court enter judgment in his favor and against the Defendant:

(a) declaring that the Account Proceeds are property of the Debtor's bankruptcy estate under 11 U.S.C. § 541, finding that the Account Proceeds are subject to turnover pursuant to 11 U.S.C. § 542, and directing the turnover of the Account Proceeds (and all other bank account proceeds in the Debtor's name) to the Trustee immediately in accordance with 11 U.SC. § 542;

(b) compelling the Defendant to close the Account and all other bank accounts in the Debtor's name;

(c) awarding pre- and post-judgment interest on the Account Proceeds and all other bank account proceeds in the Debtor's name;

(d) awarding attorneys' fees and costs; and

(e) awarding the Trustee such other and further relief as may be just and proper.

**COUNT TWO**
**(Turnover of Account Statements Pursuant to 11 U.S.C. § 542)**

22. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

23. The Trustee requires all of the Account Statements from June of 2025 to the date that the Account Proceeds are turned over to him.

24. Section 541 of the Bankruptcy Code defines property of the estate as "all

legal or equitable interests of the debtor in property as of the commencement of the case." *See*, 11 U.S.C. § 541(a)(1).

25.  The Account Statements are property of the Debtor's bankruptcy estate under Section 541 because they constitute a "legal or equitable interest of the debtor in property as of the commencement of the case." As such, the Account Statements are subject to turnover pursuant to 11 U.S.C. § 542.

26.  Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of the Debtor's estate:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

*See*, U.S.C. § 542.

27.  Further, Section 542 of the Bankruptcy Code requires that an entity in possession of property of a debtor's estate deliver such property to the trustee, and account for such property or the value related thereto.

28.  The Account Statements are property of the Debtor's bankruptcy estate pursuant to Section 541.

29.  The Defendant is in possession, custody, and/or control of the Account Statements.

30.  Turnover of the Account Statements is appropriate pursuant to 11 U.S.C. § 542.

31.  Accordingly, the Account Statements are property of the Debtor's estate under 11 U.S.C. § 541 and subject to turnover to the Trustee pursuant to 11 U.S.C. § 542.

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court enter judgment in his favor and against the Defendant:

(a) declaring that the Account Statements are property of the Debtor's bankruptcy estate under 11 U.S.C. § 541, finding that the Account Statements are subject to turnover pursuant to 11 U.S.C. § 542, and directing the turnover of the Account Statements from June of 2025 to the date that the Account Proceeds are turned over to him in accordance with 11 U.SC. § 542;

(b) awarding attorneys' fees and costs; and

(c) awarding the Trustee such other and further relief as may be just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Plaintiff/Trustee*

Dated: December 15, 2025