United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  Case No. 23-13237-pmm
Tri-State Paper, Inc.  Chapter 7
　　Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2　　　　　　　　　　　User: admin　　　　　　　　　　　Page 1 of 2
Date Rcvd: Feb 09, 2026　　　　　　　　　Form ID: pdf900　　　　　　　　　Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 11, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Tri-State Paper, Inc., 149 E Church Street, Blackwood, NJ 08012-3904 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 11, 2026　　　　　　　　Signature:　　　/s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 9, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ALLEN B. DUBROFF | on behalf of Debtor Tri-State Paper Inc. adminassistant@dubrofflawllc.com, adminassistant@dubrofflawllc.com,john@dubrofflawllc.com |
| CSU - OUCTS, PA Labor & Industry | ra-li-beto-bankreading@state.pa.us |
| DAVE P. ADAMS | on behalf of U.S. Trustee United States Trustee dave.p.adams@usdoj.gov |
| DAVID B. PICKER | on behalf of Defendant PC Events LLC dpicker@sgrvlaw.com, klove@sgrvlaw.com |
| DAVID B. PICKER | on behalf of PC Events LLC dpicker@sgrvlaw.com, klove@sgrvlaw.com |
| JOSEPH JASPER SWARTZ | on behalf of Creditor PA Dept of Revenue RA-occbankruptcy2@state.pa.us  RA-occbankruptcy6@state.pa.us |
| JOSHUA B. LADOV | on behalf of Creditor Penn Jersey Paper Co. jladov@ladovlaw.com  admin@ladovlaw.com |
| KEVIN P. CALLAHAN | |

District/off: 0313-2     User: admin     Page 2 of 2
Date Rcvd: Feb 09, 2026     Form ID: pdf900     Total Noticed: 1

| | |
|---|---|
| | on behalf of U.S. Trustee United States Trustee kevin.p.callahan@usdoj.gov |
| KRISTEN WETZEL LADD | on behalf of Creditor Citizens Bank N.A., successor by merger to Citizens Bank of Pennsylvania kladd@utbf.com, ddays@utbf.com |
| LAWRENCE J. KOTLER | on behalf of Creditor Penske Truck Leasing Co. L.P. ljkotler@duanemorris.com, lawrence-kotler-7511@ecf.pacerpro.com |
| LEO M. GIBBONS | on behalf of Servpro of King of Prussia lgibbons@macelree.com |
| MICHAEL A. CIBIK | on behalf of Attorney Cibik Law P.C. help@cibiklaw.com, noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| MICHAEL A. CIBIK | on behalf of Plaintiff Tri-State Paper Inc. help@cibiklaw.com, noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| MICHAEL I. ASSAD | on behalf of Plaintiff Tri-State Paper Inc. michael@sadeklaw.com, sadeklaw@recap.email |
| PAMELA ELCHERT THURMOND | on behalf of Creditor CITY OF PHILADELPHIA pamela.thurmond@phila.gov |
| RACHEL WOLF | on behalf of U.S. Trustee United States Trustee rachel.wolf@usdoj.gov |
| ROBERT W. SEITZER | on behalf of Plaintiff Robert W. Seitzer Chapter 7 Trustee rseitzer@karalislaw.com, jhysley@karalislaw.com;PA93@ecfcbis.com |
| ROBERT W. SEITZER | rseitzer@karalislaw.com PA93@ecfcbis.com;jhysley@karalislaw.com |
| ROBERT W. SEITZER | on behalf of Trustee ROBERT W. SEITZER rseitzer@karalislaw.com jhysley@karalislaw.com;PA93@ecfcbis.com |
| SAMANTHA LIEB | on behalf of U.S. Trustee United States Trustee samantha.lieb2@usdoj.gov |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 21

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TRI-STATE PAPER, INC.** | : | **BANKRUPTCY NO. 23-13237 (PMM)** |
| **d/b/a TRI-STATE PAPER COMPANY** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

## ORDER

**AND NOW,** upon consideration of the Motion of Robert W. Seitzer, Chapter 7 Trustee (the "Trustee"), for Entry of an Order (I) Authorizing the Sale of Commercial Real Property Located at 4500-4520 North Third Street, Philadelphia, PA 19140-1502 [O.P.A. # 884813900] (the "Property") Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363, (II) Authorizing the Compensation of Real Estate Broker Pursuant to 11 U.S.C. § 330 and (III) Granting the Request for a Waiver of 14 Day Stay Pursuant to Fed. R. Bankr. P. 6004(h) (the "Motion"), and after notice to creditors and parties in interest; it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. § 363(b) and by the issuance of this Order, the Trustee is authorized and empowered to execute and deliver the necessary documents to transfer and sell the Property to 4500 A&E, LLC (the "Purchaser") for the purchase price of $900,000.00 (the "Purchase Price") pursuant to the terms and conditions of the Agreement for the Sale of Commercial Property (the "Agreement of Sale") attached to the Motion as Exhibit "A" (if there is any inconsistency between the Agreement of Sale and this Order, this Order shall control). In accordance with the Agreement of Sale, the Purchaser has paid a deposit in the amount of $120,000.00 which sum shall be credited at the time of closing on account of the Purchase Price.

3. The Trustee be and hereby is permitted to sell the Property to the Purchaser free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures,

loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

4. The Liens and Claims shall attach to the proceeds of sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

5. The Property is being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

6. The transfer of the Property to the Purchaser constitutes a legal, valid and effective transfer of the Property and shall vest the Purchaser with all right, title and interest of the Debtor in and to the Property, free and clear of all Liens and Claims.

7. The Purchase Price provided by the Purchaser for the Property is fair and reasonable. The Purchase Price was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)".

8. MPN Realty, Inc. is allowed brokerage commission in the amount of $45,000.00 pursuant to 11 U.S.C. § 330.

9. At closing on the Property, the Trustee is authorized to distribute the proceeds from the sale of the Property as follows:

2

  (a) First, the amount needed to satisfy the outstanding property tax and municipal liens due to the City of Philadelphia/School District of Philadelphia and the Water Revenue Bureau;

  (b) Second, the amount needed to satisfy the tax liens due to the Pennsylvania Department of Revenue;

  (c) Third, the normal and customary closing costs including, but not limited to, transfer taxes and any recording fees;

  (d) Fourth, satisfaction of the realtor fee due to MPN Realty, Inc. in the amount of $45,000.00 and

  (e) Fifth, the balance to the Trustee.

10. The sale transaction contemplated by this Order is undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and the Purchaser is entitled to the rights and protections granted thereby.

11. The fourteen (14) day time period required under Fed. R. Bankr. P. 6004(h) is hereby waived.

BY THE COURT:

*/Patricia M. Mayer/*

PATRICIA M. MAYER,
UNITED STATES BANKRUPTCY JUDGE

Dated: **February 9, 2026**

3