IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| TRI-STATE PAPER, INC.<br>d/b/a TRI-STATE PAPER COMPANY | BANKRUPTCY NO. 23-13237 (PMM) |
| Debtor | |

**MOTION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER COMPELLING JOSEPH M. GREY PA, EA TO FILE AN APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 105(a) AND 330(a) AND FED. R. BANKR. P. 2016(a)**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of Tri-State Paper, Inc. d/b/a Tri-State Paper Company (the "Debtor"), by and through his counsel, Karalis PC, hereby moves this Honorable Court for entry of an Order compelling Joseph M. Grey PA, EA ("Grey") to file an Application for Compensation and Reimbursement of Expenses pursuant to 11 U.S.C. §§ 105(a) and 330(a) and Fed. R. Bankr. P. 2016(a) (the "Motion"), and in support thereof, respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

3. The statutory basis for the relief requested herein are 11 U.S.C. §§ 105(a) and 330(a) and Fed. R. Bankr. P. 2016(a).

## BACKGROUND

A. **Procedural Background.**

4. On October 27, 2023 (the "Petition Date"), the Debtor filed for protection under

Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5. On September 25, 2025, the Bankruptcy Case was converted to one proceeding under Chapter 7 of the Bankruptcy Code.

6. On September 26, 2025, the Trustee was appointed which appointment remains in effect.

**B.    The Debtor's Employment of Grey.**

7. On October 27, 2023, the Debtor filed the Application to Employ Joseph M. Grey CPA, EA as Debtor's Accountant [D.I. 14].

8. On November 10, 2023, the Debtor filed the Amended Application to Employ Joseph M. Grey PA, EA as Debtor's Accountant (the "Retention Application") [D.I. 41]. The Retention Application is attached hereto as Exhibit "A" and made a part hereof.

9. In the Amended Declaration of Joseph M. Grey PA, EA attached to the Retention Application (the "Declaration"), Grey indicates that he will charge the Debtor a flat rate of $7,000.00 for the completion of its 2022 federal, state and local tax returns and an hourly rate of $250.00 for all other services. *See*, Exhibit "A".

10. In the Declaration, Grey also indicates that he was holding a $12,000.00 retainer (the "Retainer") as of the Petition Date and that:

> - I understand that, if I am approved to serve as the debtor's accountant, all professional fees and services incurred in a bankruptcy case are required to be approved by the bankruptcy court upon application and after notice to all creditors and interested parties.
>
> - I further understand that payment of professional fees by the debtor may only occur after the bankruptcy court has approved those fees, and that I must report payment of any fees from non-debtor sources if made on behalf of the debtor.

*See, Id.*, at ¶¶ 9-10.

2

11. On November 16, 2023, this Court entered an Order approving the Application (the "Retention Order") [D.I. 67]. The Retention Order is attached hereto as Exhibit "B" and made a part hereof.

12. As set forth in the Retention Order:

- the Accountant may receive such compensation as is approved by the Court upon application after notice and opportunity for hearing, and

- no disbursement shall be made from the retainer received by the Accountant unless approved by the Court.

*See*, Exhibit "B", at ¶¶ 3-4.

**C. Grey failed to Abide by the Terms of the Retention Application and the Retention Order.**

13. Despite the clear terms of the Retention Application, Declaration and Retention Order, Grey drew down upon the Retainer in full and received additional payments from the Debtor.

14. Grey had no Court approval to draw down the Retainer or accept any payments from the Debtor.

15. It is not clear from the Debtor's books and records how much money Grey actually received from the Debtor after the Petition Date.

**RELIEF REQUESTED**

16. The Trustee respectfully requests the entry of an Order compelling Grey to file an Application for Compensation and Reimbursement of Expenses (the "Fee Application") and serve notice of the Fee Application upon all parties in interest and creditors.

## BASIS FOR RELIEF REQUESTED

17. Section 105(a) of the Bankruptcy Code provides that the "Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See*, 11 U.S.C. § 105(a).

18. Compensation of professionals retained under 11 U.S.C. § 327, including a debtor's accountant in a Chapter 11 case, is governed by 11 U.S.C. § 330, which provides, in relevant part:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person appointed under section 327 or 1103 –

   (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

   (B) reimbursement for actual, necessary expenses.

*See*, 11 U.S.C. § 330.

19. Federal Rule of Bankruptcy Procedure 2016(a) provides as follows:

(a) **Application for Compensation or Reimbursement.** An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity. Unless

4

the case is a chapter 9 municipality case, the applicant shall transmit to the United States trustee a copy of the application.

*See,* Fed. R. Bankr. P. 2016(a).

20. As set forth herein, Grey drew down upon the Retainer and received payments from the Debtor in violation of the Retention Order, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

21. Quite simply, the Trustee, the Office of the United States Trustee, parties in interest and creditors have a right to review the reasonableness of Grey's fees and costs and to decide whether or not disgorgement of all fees and costs received by Grey is appropriate under the facts of this case.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting the relief requested herein and (b) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: February 12, 2026