# **EXHIBIT "A"**

# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re: <br><br> Tri-State Paper, Inc., <br><br> Debtor. | Case No. 23-13237-pmm <br><br> Chapter 11 |

### Debtor's Amended Application to Employ Joseph M. Grey PA, EA as Debtor's Accountant

**AND NOW**, Applicant Tri-State Paper, Inc., by and through its counsel, applies to this Court for entry of an order authorizing employment of a professional in accordance with L.B.R. 2014-1. In support of this application, the Applicant states as follows:

1. The Applicant is the debtor in the above chapter 11 bankruptcy case.

2. The Applicant seeks to retain Joseph M. Grey PA, EA, (the "Accountant") to serve as its accountant.

3. Employment of the Accountant is necessary for the Applicant to adequately perform its duties as a debtor.

4. The Accountant has been selected because it has considerable experience working as an accountant for bankrupt debtors.

5. The services to be rendered by the Accountant include but are not limited to: (a) preparing the Applicant's 2022 federal, state, and local tax returns, (b) preparing the monthly operating reports required by the bankruptcy code, and (c) providing assistance in developing a plan of reorganization.

6. Upon information and belief, the Accountant has no connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

7. Upon information and belief, the Accountant does not hold an adverse interest to the estate, does not represent an adverse interest to the estate, and does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which they will be retained under 11 U.S.C. § 327(a).

8. A declaration by the Accountant is attached as Exhibit A.

9. The proposed arrangement for compensation is outlined in the declaration of the Accountant, which is attached as Exhibit A.

10. The Applicant respectfully requests authorization to employ the Accountant to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

**NOW, THEREFORE,** the Applicant asks this Court to grant relief in the form of order attached and to grant such other relief in its favor as may be necessary and proper under the law.

Date: November 10, 2023                               CIBIK LAW, P.C.
                                                      *Counsel for Debtor*

                                                      By: /s/ Michael A. Cibik
                                                      Michael A. Cibik (#23110)
                                                      1500 Walnut Street, Suite 900
                                                      Philadelphia, PA 19102
                                                      215-735-1060
                                                      mail@cibiklaw.com

**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| In re: | Case No. 23-13237-pmm |
| Tri-State Paper, Inc., | Chapter 11 |
| Debtor. | Exhibit A |

**Amended Declaration of Joseph M. Grey PA, EA**

1. I have been an enrolled agent since 1973 and a public accountant since 1976.

2. My principal place of business is 1834 Tomlinson Road, Philadelphia 19116-3850.

3. I have no connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

4. I am not a creditor of the debtor.

5. I can perform services required by the debtor relating to this case. Through the years, I have been an accountant for several bankrupt debtors.

6. I will charge the debtor a flat rate of $7,000 for completion of its 2022 federal, state, and local tax returns, inclusive of returns for Pennsylvania, New Jersey, and Delaware. For all other services, I will bill the debtor at an hourly rate of $250.

7. Pursuant to L.B.R. 2014-1, I make the following disclosures with respect to payments received from the debtor within the 90 days preceding the order for relief:

| Date Payment Received | Amount Received | Amount Applied to Services Rendered Before Receipt | Amount Applied to Services Rendered After Receipt | Amount Remaining on Petition Date |
|---|---|---|---|---|
| October 26, 2023 | $12,000.00 | $0.00 | $0.00 | $12,000.00 |
| Total | $12,000.00 | $0.00 | $0.00 | $12,000.00 |

8. The debtor paid me $12,000 on October 26, 2023. I did not receive any other payments from the debtor or from any person on behalf of the debtor in the 90 days immediately preceding the bankruptcy filing. The $12,000 retainer is being held in my operating account at TD Bank.

9. I understand that, if I am approved to serve as the debtor's accountant, all professional fees and services incurred in a bankruptcy case are required to be approved by the bankruptcy court upon application and after notice to all creditors and interested parties.

10. I further understand that payment of professional fees by the debtor may only occur after the bankruptcy court has approved those fees, and that I must report payment of any fees from non-debtor sources if made on behalf of the debtor.

11. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: November 10, 2023            /s/ Joseph M. Grey
                                   Joseph M. Grey

2