**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 7 |
| | § | |
| Tri-State Paper, Inc., | § | Case No. 23-13237 (PMM) |
| | § | |
| Debtor. | § | |
| | § | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE FIRST AND FINAL FEE
APPLICATION OF JOSEPH M. GREY, CPA, EA, FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES, AS DEBTOR'S ACCOUNTANT, FOR THE
<u>PERIOD OCTOBER 26, 2023, THROUGH AUGUST 23, 2024</u>**

The United States Trustee ("U.S. Trustee"), by and through counsel, and in furtherance of his duties pursuant to 28 U.S.C. § 586(a)(3) and (5), respectfully submits this objection ("Objection") to the *First and Final Fee Application of Joseph M. Grey, CPA, EA, for Compensation and Reimbursement of Expenses, as Debtor's Accountant, for the Period of October 26, 2023, through August 23, 2024* (the "Fee Application") (ECF No. 372) filed by counsel for the Debtor, Cibik Law, P.C.

1.      This Court has jurisdiction to hear and determine this Objection.

2.      Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Objection.

## **BACKGROUND**

4.      On October 27, 2023, the Debtor filed a voluntary petition under Subchapter V of Title 11 of the Bankruptcy Code. *See* ECF No. 1.

5.      On October 27, 2023, the Debtor filed an application to employ the Joseph M. Grey PA, EA (the "Accountant"). *See* ECF No. 14.

6.      On October 31, 2023, the U.S. Trustee appointed Richard E. Furtek as Subchapter V trustee (the "Subchapter V Trustee"). *See* ECF No. 16.

7.      On November 10, 2023, the Debtor filed an amended application to employ the Accountant. *See* ECF No. 41. The amended application notes that "the Accountant has been selected because it has considerable experience working as an accountant for bankruptcy debtors." *See id.* at paragraph 4. The amended declaration indicates that the Accountant was holding a $12,000.00 retainer as of the Petition Date. *Id.* at paragraph 8. The amended declaration further provides that the Accountant understood that all professional fees and services are required to be approved by the bankruptcy court upon application and after notice to all creditors and interested parties, and the Accountant further understood that he could not be paid until the court approved the fees. *Id.* at paragraphs 9-10.

8.      On November 16, 2023, the Court entered an Order granting the amended application to employ the Accountant. *See* ECF No. 67. The Order provides that "the Accountant may receive such compensation as is approved by the Court upon application after notice and opportunity for hearing, and no disbursement shall be made from the retainer received by the Accountant unless approved by the Court." *See* Order at paragraphs 3 and 4.

9.      On April 4, 2024, the Court entered an order confirming the Subchapter V Plan. *See* ECF No. 231.

10.     On September 25, 2025, the Court entered an order converting the case to Chapter 7. *See* ECF No. 336.

11.     On September 26, 2025, Robert W. Seitzer was appointed as Chapter 7 trustee ("Case Trustee"). *See* ECF No. 337.

12.     On February 12, 2026, the Case Trustee filed Motion to Compel the Accountant to File an Application for Compensation ("Motion to Compel"). *See* ECF No. 365. The Motion to Compel asserts that the Accountant drew down upon the $12,000 retainer in full and received additional payments from the Debtor without Court approval. *See id.* at paragraphs 13 and 14.

13.     On March 11, 2026, the Court entered an Order granting the Motion to Compel and ordering the Accountant to file a final fee application on or before April 27, 2026. *See* ECF No. 370.

14.     On March 17, 2026, the Debtor filed the Fee Application. The Fee Application requests final approval of fees and expenses totaling $23,582.50 related to preparing the Debtor's 2022 and 2023 tax returns and preparing the Debtor's Principal's, John Petaccio, 2022 tax returns, as well as other unspecified accounting work, bookkeeping, and consultation services. The Fee application further states that the Accountant had not filed any previous fee applications, and the Debtor paid him $23,537.50 for services rendered.

15.     On March 30, 2026, the undersigned counsel confirmed that the Subchapter V Trustee had not been fully paid in accordance with the Court's orders granting him allowances. *See* ECF Nos. 242, 312, and 332. The Subchapter V Trustee advised that he is owed $5,330.50

3

related to his first interim fee application granted prior to confirmation of the Plan. *See* ECF No. 242.

**OBJECTION**

16.      11 U.S.C. § 330(a)(1) provides that after notice and a hearing, the court may award to a professional person employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" by such a professional person.  *See* 11 U.S.C. § 330(a)(1).

17.      In assessing the reasonableness of compensation, section 330 of the Bankruptcy Code sets forth six (6) factors that are to be considered.  *See* 11 U.S.C. § 330.  These factors, focusing on the nature, extent, and value of the services provided by the professionals at the time incurred, include:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*See* 11 U.S.C. § 330(a)(3); *see also In re Northwest Airlines Corp.*, 400 B.R. 393, 398 (Bankr. S.D.N.Y. 2009).

18.     The standards set forth in § 330 of the Bankruptcy Code have been interpreted to provide that, "[t]he court may award 'reasonable compensation for actual, necessary services rendered' by . . . professionals 'based on (i) nature of the services, (ii) extent of the services, (iii) value of the services, (iv) time spent on the services, and (v) the cost of comparable services in non-bankruptcy cases.'" *In re Channel Master Holdings, Inc.*, 309 B.R. at 861 *quoting In re Busy Beaver Building Centers, Inc.*, 19 F.3d at 840; *see also In re Fleming Companies, Inc.*, 304 B.R. at 89 (same). A bankruptcy court, however, "'should not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case.'" *In re Fleming Companies, Inc.*, 304 B.R. at 89 (quoting 11 U.S.C. § 330(a)(4)(A)).

19.     It should be noted that professional fees may not be awarded unless and until the applicant shows that there is a reasonably likely benefit to the estate. *See* 11 U.S.C. § 330(a)(4)(A)(ii); *In re Jefsaba, Inc.*, 172 B.R. 786, 799 (Bankr. E.D. Pa. 1994) (noting that fees are compensable where there is a reasonable chance of success that outweighs the cost in pursuing the action and at the outset, it was not clear that success was remote). In addition, the fees must be reasonable and necessary. Thus, benefit to the estate and necessity are the critical threshold issues before the court may award any compensation. *See* 11 U.S.C. § 330(a)(4)(A)(ii); *see also In re Lederman Enters.*, 997 F.2d 1321, 1322-23 (10th Cir. 1993) (where the Court held that the disallowance of fees for services which were not necessary or beneficial to the estate should not be considered a penalty but rather a statutory imperative). The burden rests squarely with the party seeking compensation to prove that the compensation and expenses sought were reasonable and necessary. *See Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 260 (3d Cir. 1995);

*In re Engel*, 124 F.3d 567, 573 (3d Cir. 1997) (citing *In re Ark. Co.*, 798 F.2d 645, 650 (3d Cir. 1986) (other citation omitted)); *Johnson v. Holiday Express Inc.,* 488 F.2d 714 (6th Cir. 1974).

20.     In analyzing whether a movant has satisfied its burden for approval of compensation, a bankruptcy court should evaluate the "two-tier[ed] test for determining whether and in what amount to compensate professionals. . . [f]irst, the court must be satisfied that the professionals performed actual and necessary services. . . [s]econd, the court must assess a reasonable value for those services." *In re Channel Master Holdings, Inc.*, 309 B.R. at 861 (internal quotation omitted); *see also In re Fleming Companies, Inc.*, 304 B.R. at 90.

21.     The *Busy Beaver* opinion directs that professionals retained by a debtor "exercise[] the same 'billing judgment'" as they do when billing services for clients who are not involved in a bankruptcy case, such as "by, for example, writing off" charges "for which analogous non-bankruptcy clients typically decline to pay." *See In re Busy Beaver Bldg. Centers., Inc.*, 19 F. 3d 833, 856 (3d Cir. 1994). This directive applies to the amount of time billed for professional services as well as to the amount of charges for those services.

22.     Applicants may not fail to supply sufficient information to enable proper analysis of the services rendered as required by Fed. R. Bankr. P. 2016(a), which requires that an entity seeking compensation for services set forth a detailed statement of the services rendered, time expended, and expenses incurred to allow the determination of whether the services were actual and necessary. *See id.* at 845. Professionals should not be compensated for excessive, duplicative, or redundant services. *Id.*

23.     As an initial matter, the Court should deny the Fee Application and order the Accountant to disgorge his fees as he violated the clear terms of the retention order. Per the amended application to employ the Accountant, the Accountant has "considerable experience"

working for bankrupt debtors. The Accountant certified in his amended declaration that he knew he could not be paid until he filed a fee application and the Court entered an order approving the fees, yet he chose to pay himself the entire $12,000 retainer and accept further post-petition payments from the Debtor without any Court orders approving those payments.

24.     The Accountant has chosen to flout the Court's order, the Federal and Local Bankruptcy Rules, and the Bankruptcy Code, elevating payment of his fees above other administrative claims and estate professionals, including the Subchapter V Trustee. Courts within the Third Circuit have required estate professionals, including attorneys and accountants, to disgorge post-petition payments made without court approval. *See, e.g., In re Pannebaker Custom Cabinet Corp.*, 198 B.R. 453, 465-66 (Bankr. M.D. Pa. 1996) (requiring accountant to disgorge $2,000.00 of the $10,000.00 pre-petition retainer he disbursed post-petition without court approval); *In re Berg*, 356 B.R. 378, 384-85 (Bankr. E.D. Pa. 2006) (ordering debtor's counsel to disgorge $5,000 he accepted without application to and approval of the court, as counsel's actions evidenced a willful violation of the Code and Rules). Thus, the Accountant's Fee Application should be denied, and he should be required to disgorge fees to the Case Trustee.

25.     Notwithstanding the above requests to deny the Fee Application and order the Accountant to disgorge fees, the U.S. Trustee also objects to the Fee Application for other reasons. The Fee Application attaches as Exhibit A several statements describing services rendered, the fees related to those services, and the date and amount of payments received by the Accountant. *See* ECF No. 372-3. The December 11, 2023 Statement shows that the Accountant performed 29.3 hours of "other accounting work" totaling $7,325.00, but there is no description or breakdown of the work performed. *See* ECF No. 372-3 at page 3 of 8. The Fee Application does not explain why the description of services was omitted, which is concerning as it represents almost all of the hourly

work performed by the Accountant during the case. Further, the August 12, 2024 Statement includes a detailed Statement of Other Accounting and Related Services for the 5.5 hours of work performed,[1] so it is unclear why a similar Statement was not included with the December 11, 2023 Statement. *See id.* at pages 6-7 of 8. Neither the Court nor any party is capable of conducting the requisite review for reasonableness and necessity under section 330 of the Bankruptcy Code. Therefore, the Court should deny the Fee Application or reduce the fees related to hourly work.

26.    Next, it appears that certain of the fees requested by the Accountant were not reasonably likely to benefit the Debtor's estate including, but not limited to, a $750 flat fee to prepare the Debtor's Principal's 2022 tax return. Nothing in the amended retention application or retention order permits the Accountant to handle the Principal's personal tax preparation or allows the Debtor or the estate to compensate the Accountant for work that does not benefit the estate. Additionally, as the Accountant failed to provide a description of services for the 29.3 hours of "other" work performed noted in the December 11, 2023 Statement, it is not known at this time whether any of that work may have only benefitted the Principal, rather than the Debtor's estate. As such, the Court should deny the Fee Application or reduce the fees related to hourly work.

27.    Finally, the Subchapter V Trustee has not been fully paid pursuant to Court orders granting his fee allowances. The Subchapter V Trustee advised the undersigned that he is owed $5,330.50 related to his first interim fee application granted prior to confirmation of the Plan. *See* ECF No. 242. The Court should not allow the Subchapter V Trustee to remain unpaid when he followed the correct procedures to receive payment, in direct contrast to the Accountant's actions in this case.

---

[1] The scope of some of these services related to litigation or representation before a taxing authority may be inconsistent with the services the Court approved the Accountant to perform. *See* ECF No. 372-3, page 7 of 8, numbered items 3, 4, and 6.

8

WHEREFORE, the U.S. Trustee respectfully requests that the Court sustain the Objection, deny the Fee Application, and grant other relief as it deems just and necessary.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By: */s/ Samantha S. Lieb*
        Samantha S. Lieb
        Trial Attorney

Dated: March 31, 2026