**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TRI-STATE PAPER, INC.** | : | **BANKRUPTCY NO. 23-13237 (PMM)** |
| **d/b/a TRI-STATE PAPER COMPANY** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**MOTION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE,
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ABANDONMENT
AND DESTRUCTION OF ALL PERSONAL PROPERTY LOCATED AT
2044 EAST CLEMENTINE STREET, PHILADELPHIA, PA 19134-3819 AND
(II) FOR RELATED RELIEF PURSUANT TO 11 U.S.C. §§ 105(a) AND 554(a)
AND FED. R. BANKR. P. 6007(a)**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of Tri-State Paper, Inc.

d/b/a Tri-State Paper Company (the "Debtor"), by and through his counsel, Karalis PC, hereby

moves this Honorable Court for entry of an Order (i) authorizing the abandonment and destruction

of all personal property located at 2044 East Clementine Street, Philadelphia, PA 19134-3819 and

(ii) for related relief pursuant to 11 U.S.C. §§ 105(a) and 554(a) and Fed. R. Bankr. P. 6007(a) (the

"Motion") and in support thereof, respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 554

and Fed. R. Bankr. P. 6007.

**BACKGROUND**

**I.      Procedural Background.**

4.      On October 27, 2023 (the "Petition Date"), the Debtor filed for protection under

Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5.      On September 25, 2025, the Bankruptcy Case was converted to Chapter 7 of the Bankruptcy Code.

6.      On September 26, 2025, the Trustee was appointed which appointment remains in effect.

## II.      The Real Property.

7.      The Debtor's bankruptcy estate owns commercial real property located at 2044 East Clementine Street, Philadelphia, PA 19134-3819 (the "Real Property").

8.      The Trustee intends to liquidate the Real Property for the benefit of the Debtor's bankruptcy estate.

## III.      The Personal Property.

9.      The Debtor's bankruptcy estate also owns certain personal property located at the Real Property (collectively, the "Personal Property").

10.      The Personal Property includes, but is not limited to, the following:

(a)      Inventory consisting of restaurant supplies such as paper and plastic plates, glasses, utensils and containers that were not sold by the Debtor while it was operating,

(b)      An inoperable forklift,

(c)      Hand trucks, and

(d)      Other miscellaneous items.

11.      The Trustee contacted buyers and sellers of restaurant supplies in an attempt to sell the Personal Property but most refused to even inspect it.

12.      The Trustee was able to show the Personal Property to three (3) potential purchasers but no offers were made.

13.     As such, the Personal Property should be abandoned back to the Debtor pursuant to 11 U.S.C. § 554 as it is of limited value to the Debtor's bankruptcy estate.

14.     The Trustee cannot sell the Real Property while the Personal Property remains there without significantly decreasing the value of the Real Property.

### RELIEF REQUESTED

15.     The Trustee respectfully requests the entry of an Order authorizing the abandonment and potential destruction of the Personal Property located at the Real Property pursuant to 11 U.S.C. §§ 105(a) and 554(a) and Fed. R. Bankr. P. 6007.

**I.      Abandonment of Personal Property.**

16.     The Bankruptcy Code, at 11 U.S.C. § 554, governs the abandonment of property of the estate. *See, e.g., In re NJ Affordable Homes Corp.*, 2013 Bankr. LEXIS 4798, at *171 (Bankr. D.N.J. Nov. 8, 2013).

17.     Section 554(a) of the Bankruptcy Code provides as follows:

"(a)     After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate…"

*See*, 11 U.S.C. § 554(a).

18.     The abandonment or disposition of estate property is also governed by Fed. R. Bankr. P. 6007, which provides, in pertinent part, as follows:

Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to other entities as the court may direct.

*See*, Fed. R. Bankr. P. 6007.

19.     Abandonment is a term of art with special meaning in the bankruptcy context. *See, e.g., In re Tadayon*, 2019 Bankr. LEXIS 1372, at *12 (B.A.P. 9th Cir. Apr. 29, 2019). According to one Bankruptcy Court in this Circuit:

> " ... [t]he word 'abandonment' is a term of art in this context and has special meaning. ***Once abandonment for purposes of § 554 has occurred, the property that has been abandoned no longer is property of the bankruptcy estate.*** *Fields v. Bleiman (In re Fields)*, 267 Fed. Appx. 144, 146 (3d Cir 2008). The debtor's interest in the property is restored *nunc pro tunc* as of the petition date. *Catalano*, 279 F.3d at 685 ..." (***emphasis added***)

*See, In re Jones*, 396 B.R. 638, 648 (Bankr. W.D. Pa. 2008). *See also, In re Pena*, 600 B.R. 415, 422 (B.A.P. 9th Cir. 2019) *quoting Catalano v. Comm'r of Internal Revenue*, 279 F.3d 682, 685 (9th Cir. 2002) (articulating that "[a]bandonment is the 'formal relinquishment of the property at issue from the bankruptcy estate'"); *In re Shultz*, 509 B.R. 190, 201 (Bankr. N.D. Ind. 2014) (articulating that the "abandonment provisions are designed to allow the trustee to relinquish assets that would be a financial drain on the estate, or relieve the trustee of the financial burden of administering inconsequential assets that would cost more than they are worth to the estate").

20.     "The abandonment power embodied in Section 554 enables the trustee to rid the estate of burdensome or worthless assets, and so speeds the administration of the estate ... and also protects the estate from diminution. In such manner, abandonment serves the creditors' interest in expeditiously obtaining a fair amount on settlement of their claims." *See, In re Quanta Resources Corp.*, 739 F.2d 912, 916 (3d Cir. 1984).

21.     A trustee's decision to abandon property of the estate is discretionary. *See, In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003). As is the case with a trustee's decision to reject an executory contract, the business judgment standard applies to a trustee's decision to abandon property that is either of inconsequential value or burdensome to the estate. *See, In re Slack*, 290 B.R. at 284. ("The trustee's power to abandon property is discretionary . . .

The Court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority.") (internal citations omitted). *See, Mele v. First Colony Ins. Co.*, 127 B.R. 82, 85 (D.D.C. 1991) ("[A]bandonment provisions are designed to allow the trustee to relinquish assets that would be a financial drain on the estate, or relieve the trustee of the financial burden of administering inconsequential assets that would cost more than they are worth to the estate.").

22.  The Personal Property located at the Real Property is (i) burdensome to the Debtor's estate and (ii) has little value or benefit to the Debtor's estate.

23.  As set forth herein, the Trustee has received no offers to purchase the Personal Property and the Personal Property is depressing the value of the Real Property.

24.  As such, the Trustee desires to abandon the Personal Property located at the Real Property back to the Debtor pursuant to 11 U.S.C. § 554(a).

**II.  Potential Destruction of the Personal Property.**

25.  As the Personal Property must be removed from the Real Property for the Trustee to effectively market and sell the Real Property, the Trustee also requests the entry of an Order authorizing the Trustee to destroy the Personal Property if it is not removed by the Debtor within twenty (20) days after the entry of an Order granting the instant Motion.

26.  Section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See*, 11 U.S.C. § 105(a). The purpose of Section 105(a) of the Bankruptcy Code is "to assure the bankruptcy court's power to take whatever action is

appropriate or necessary in aid of the exercise of their jurisdiction." *See*, 2 *Collier on Bankruptcy* ¶ 105.01 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

27.     The Trustee was advised that the removal and destruction of the Personal Property would cost less than $10,000.00 (the "Destruction Costs").

## NOTICE

28.     This Motion and Notice of this Motion have been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) the Debtor's counsel; (iii) the Debtor; and (iv) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.  In addition, Notice of this Motion has been provided to all of the Debtor's creditors.  The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an Order: (i) granting the relief requested herein and (ii) for such other relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: ___/s/ Robert W. Seitzer___
        ROBERT W. SEITZER
        1900 Spruce Street
        Philadelphia, PA 19103
        (215) 546-4500
        rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: April 9, 2026