**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TRI-STATE PAPER, INC.** | : | **BANKRUPTCY NO. 23-13237 (PMM)** |
| **d/b/a TRI-STATE PAPER COMPANY** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**OBJECTION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE, TO PROOF OF
CLAIM NO. 10-1 FILED BY WELLCARE INTERNATIONAL INC.**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of Tri-State Paper, Inc.

d/b/a Tri-State Paper Company (the "Debtor"), hereby objects (the "Objection") to Proof of Claim

No. 10-1 (the "Proof of Claim") filed by Wellcare International Inc. (the "Claimant") and in

support thereof, respectfully avers as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),

(B) and (O).

3.      The statutory basis for the relief requested herein is Fed. R. Bankr. P. 3007 and

Local Rule of Bankruptcy Procedure 3007-1.

## BACKGROUND

**A.      Procedural Background.**

4.      On October 27, 2023 (the "Petition Date"), the Debtor filed for protection under

Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5.      On September 25, 2025, the Bankruptcy Case was converted to Chapter 7 of the

Bankruptcy Code.

6. On September 26, 2025, the Trustee was appointed which appointment remains in effect.

**B. The Proof of Claim filed by the Claimant.**

7. On November 16, 2023, the Claimant filed the Proof of Claim asserting a general unsecured claim in the amount of $19,065.50. The Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

**C. Goods returned by the Debtor after the Petition Date.**

8. After the Trustee's appointment, he was advised by the Debtor's sole shareholder that the Debtor had returned certain goods bought from the Claimant back to the Claimant after the Petition Date.

9. As a result, on April 14, 2026, the Trustee reached out to the Claimant and the Claimant acknowledged that certain goods were returned leaving a balance due of $2,216.00. The e-mail string between the Trustee and the Claimant dated April 14, 2026 is attached hereto as Exhibit "B" and made a part hereof.

## OBJECTION

10. The Trustee respectfully requests the entry of an Order sustaining the Objection and allowing the Claimant a general unsecured claim in the amount of $2,216.00.

**I. Legal Standard on an Objection to a Proof of Claim.**

11. Pursuant to Fed. R. Bankr. P. 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See*, Fed. R. Bankr. P. 3001(f).

12. A proof of claim is deemed "allowed, unless a party in interest. . . objects." *See*, 11 U.S.C. § 502(a).

13.    If a creditor's proof of claim "alleges facts sufficient to support a legal liability to the claimant then the proof of claim is *prima facie* valid." *See, In re Bennett*, 528 B.R. 273, 282 (Bankr. E.D. Pa. 2015) (*quoting In re Allegheny Int'l, Inc.*, 954 F.2d 167,173 (3d. Cir. 1992)).

14.    If a claim is *prima facie* valid, then the "objecting party has the burden of producing evidence to refute the claim . . . That evidence, if believed, must refute at least one of the allegations that is essential to the claim's legal sufficiency. . . If the objector meets that burden of production, the claimant must produce evidence to prove the validity of the claim. . . Because the ultimate burden of persuasion is always on the claimant." *See, In re Umstead*, 490 B.R. 186, 192 (Bankr. E.D. Pa. 2013) (internal citations and quotations omitted).

15.    With regard to an objection, "an objector should be able to meet its burden of production and overcome the claimant's Rule 3001(f) *prima facie* case by either generating its own evidence directly rebutting the validity of the charges claimed *or* by demonstrating that the claimant has not responded to *formal or informal* requests for documentation or other evidence supporting the amount, reasonableness or other factors relevant to the validity of the charges at issue..." *See, In re Smith*, 463 B.R. 756, 767 (Bankr. E.D. Pa. 2012) (citation and internal quotation omitted) (emphasis in original).

16.    The Court of Appeals for the Third Circuit has summarized the parties' respective evidentiary burden in a contested matter involving an objection to a proof of claim:

> [A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim ... [T]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*See, In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74 (internal citations omitted). *See also, In re Whitfield*, 578 B.R. 273, 277-78 (Bankr. E.D. Pa. 2017) (if the objector satisfies the initial burden of production and overcomes the claimant's *prima facie* case, the ultimate burden of proof rests with the claimant); *In re Sacko*, 394 B.R. 90, 97 (Bankr. E.D. Pa. 2008) (quoting *Allegheny* and collecting caselaw in accord therewith).

## II.      The Objection must be Sustained.

17.     As set forth herein, the Claimant has acknowledged that certain goods were returned by the Debtor and the balance owed is the sum of $2,216.00. *See*, Exhibit "B".

18.     Despite repeated attempts by the Trustee to amend the Proof of Claim, the Claimant has not done so.

## RESERVATION OF RIGHTS

19.     The Trustee expressly reserves the right to amend, modify or supplement this Objection. Additionally, the Trustee expressly reserves the right to respond to any allegation or defense that may be raised in a response filed by or on behalf of the Claimant and further object to any claim for which the Claimant provides (or attempts to provide) additional documentation or substitution. Should one or more of the grounds of objection stated in this Objection be overruled, the Trustee reserves the right to object to the Proof of Claim on any other grounds that bankruptcy or non-bankruptcy law permit and object to other claims other than the Proof of Claim.

## NOTICE AND HEARING

20.     The Objection and Notice of the Objection to Claim and Hearing Date have been served upon (i) the Office of the United States Trustee, (ii) the Claimant and (iii) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that no further or other notice need be provided.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court (a) sustain the Objection and (b) grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**


By:  ___/s/ Robert W. Seitzer___
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: May 11, 2026