**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TRI-STATE PAPER, INC.** | : | **BANKRUPTCY NO. 23-13237 (PMM)** |
| **d/b/a TRI-STATE PAPER COMPANY** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**OBJECTION OF ROBERT W. SEITZER, CHAPTER 7
TRUSTEE, TO PROOF OF CLAIM NO. 34-1 FILED BY OLIVER
FIRE PROTECTION & SECURITY**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of Tri-State Paper, Inc. d/b/a Tri-State Paper Company (the "Debtor"), hereby objects (the "Objection") to Proof of Claim No. 34-1 (the "Proof of Claim") filed by Oliver Fire Protection & Security (the "Claimant") and in support thereof, respectfully avers as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O).

3.      The statutory basis for the relief requested herein is Fed. R. Bankr. P. 3007 and Local Rule of Bankruptcy Procedure 3007-1.

**BACKGROUND**

**A.      Procedural Background.**

4.      On October 27, 2023 (the "Petition Date"), the Debtor filed for protection under Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5.      On September 25, 2025, the Bankruptcy Case was converted to Chapter 7 of the Bankruptcy Code.

6. On September 26, 2025, the Trustee was appointed which appointment remains in effect.

**B.    The Critical Vendor Motion.**

7. On December 11, 2023, the Debtor filed the Motion to Pay Pre-Petition Debt owed to Critical Vendor (the "Critical Vendor Motion") [D.I. 92].

8. In the Critical Vendor Motion, the Debtor asserted, *inter alia*, that the Claimant's sprinkler services were critical and that it was entitled to an administrative expense claim in the amount of $5,480.00 pursuant to 11 U.S.C. § 503(b).

9. On January 10, 2024, this Court entered an Order granting the Critical Vendor Motion and authorizing the Debtor to pay the Claimant the sum of $5,480.00 as an administrative expense claim (the "1/10/2024 Order") [D.I. 131]. The 1/10/2024 Order is attached hereto as Exhibit "A" and made a part hereof.

**C.    The Proof of Claim filed by the Claimant.**

10. On January 9, 2024, the Debtor filed the Proof of Claim, on behalf of the Claimant, asserting a general unsecured claim in the amount of $5,480.00. The Proof of Claim is attached hereto as Exhibit "B" and made a part hereof.

11. It is not clear why the Proof of Claim does not assert an administrative expense claim as the Proof of Claim is based upon the Critical Vendor Motion and the 1/10/2024 Order.

### OBJECTION

12. The Trustee respectfully requests the entry of an Order sustaining the Objection and disallowing the Proof of Claim in its entirety.

**I.    Legal Standard on an Objection to a Proof of Claim.**

13. Pursuant to Fed. R. Bankr. P. 3001(f), "A proof of claim executed and filed in

accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See*, Fed. R. Bankr. P. 3001(f).

14.    A proof of claim is deemed "allowed, unless a party in interest. . . objects." *See*, 11 U.S.C. § 502(a).

15.    If a creditor's proof of claim "alleges facts sufficient to support a legal liability to the claimant then the proof of claim is *prima facie* valid." *See, In re Bennett*, 528 B.R. 273, 282 (Bankr. E.D. Pa. 2015) (*quoting In re Allegheny Int'l, Inc.*, 954 F.2d 167,173 (3d. Cir. 1992)).

16.    If a claim is *prima facie* valid, then the "objecting party has the burden of producing evidence to refute the claim . . . That evidence, if believed, must refute at least one of the allegations that is essential to the claim's legal sufficiency. . . If the objector meets that burden of production, the claimant must produce evidence to prove the validity of the claim. . . Because the ultimate burden of persuasion is always on the claimant." *See, In re Umstead*, 490 B.R. 186, 192 (Bankr. E.D. Pa. 2013) (internal citations and quotations omitted).

17.    With regard to an objection, "an objector should be able to meet its burden of production and overcome the claimant's Rule 3001(f) *prima facie* case by either generating its own evidence directly rebutting the validity of the charges claimed *or* by demonstrating that the claimant has not responded to *formal or informal* requests for documentation or other evidence supporting the amount, reasonableness or other factors relevant to the validity of the charges at issue..." *See, In re Smith*, 463 B.R. 756, 767 (Bankr. E.D. Pa. 2012) (citation and internal quotation omitted) (emphasis in original).

18.    The Court of Appeals for the Third Circuit has summarized the parties' respective evidentiary burden in a contested matter involving an objection to a proof of claim:

> [A] claim that alleges facts sufficient to support a legal liability to the claimant
> satisfies the claimant's initial obligation to go forward.  The burden of going

forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim ... [T]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*See, In re Allegheny Int'l, Inc.,* 954 F.2d at 173-74 (internal citations omitted). *See also, In re Whitfield,* 578 B.R. 273, 277-78 (Bankr. E.D. Pa. 2017) (if the objector satisfies the initial burden of production and overcomes the claimant's *prima facie* case, the ultimate burden of proof rests with the claimant); *In re Sacko,* 394 B.R. 90, 97 (Bankr. E.D. Pa. 2008) (quoting *Allegheny* and collecting caselaw in accord therewith).

## II.    The Objection must be Sustained.

19.    The Debtor's books and records reflect that the Proof of Claim was paid in full by the Debtor in accordance with the terms of the 1/10/2024 Order.

20.    The Claimant confirmed to the Trustee that the Proof of Claim was paid in full by the Debtor.

21.    Despite repeated attempts by the Trustee to have the Proof of Claim withdrawn by the Claimant, the Claimant has refused to do so.

## RESERVATION OF RIGHTS

22.    The Trustee expressly reserves the right to amend, modify or supplement this Objection. Additionally, the Trustee expressly reserves the right to respond to any allegation or defense that may be raised in a response filed by or on behalf of the Claimant and further object to any claim for which the Claimant provides (or attempts to provide) additional documentation or substitution. Should one or more of the grounds of objection stated in this Objection be overruled, the Trustee reserves the right to object to the Proof of Claim on any other grounds that bankruptcy

4

or non-bankruptcy law permit and object to other claims other than the Proof of Claim.

## NOTICE AND HEARING

23.    The Objection and Notice of the Objection to Claim and Hearing Date have been served upon (i) the Office of the United States Trustee, (ii) the Claimant and (iii) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.  The Trustee submits that no further or other notice need be provided.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court (a) sustain the Objection and (b) grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: ___/s/ Robert W. Seitzer_____
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: May 11, 2026