**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TRI-STATE PAPER, INC.** | : | **BANKRUPTCY NO. 23-13237 (PMM)** |
| **d/b/a TRI-STATE PAPER COMPANY** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**MOTION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE SALE OF COMMERCIAL REAL PROPERTY
LOCATED AT 2044 EAST CLEMENTINE STREET, PHILADELPHIA, PA 19134
[O.P.A. # 884345330] FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND (II) AUTHORIZING THE
COMPENSATION OF REAL ESTATE BROKER PURSUANT TO 11 U.S.C. § 330**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of Tri-State Paper, Inc.

d/b/a Tri-State Paper Company (the "Debtor"), by and through his counsel, Karalis PC, hereby

moves this Honorable Court for entry of an Order (i) authorizing the sale of commercial real

property free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363 and (ii)

authorizing the compensation of real estate broker pursuant to 11 U.S.C. § 330 (the "Motion") and

in support thereof, respectfully represents as follows:

**I.      JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief sought herein are 11 U.S.C. §§ 105, 330 and 363

and Fed. R. Bankr. P. 6004.

**II.      BACKGROUND**

(a)      **Procedural Background.**

4.      On October 27, 2023 (the "Petition Date"), the Debtor filed for protection under

Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5.   On September 25, 2025, the Bankruptcy Case was converted to Chapter 7 of the Bankruptcy Code.

6.   On September 26, 2025, the Trustee was appointed which appointment remains in effect.

**(b)   Real Property Owned by the Debtor's Bankruptcy Estate.**

7.   The Debtor's bankruptcy estate owns commercial real property located at 2044 East Clementine Street, Philadelphia, PA 19134 [O.P.A. # 884345330] (the "Property").

**(c)   Proposed Sale of the Property.**

8.   The Trustee has received an offer to purchase the Property from 2044 E Clementine St, LLC (the "Purchaser") for a purchase price of $135,000.00 (the "Purchase Price"). The Agreement for the Sale of Commercial Property (the "Agreement of Sale") is attached hereto as Exhibit "A" and made a part hereof.

9.   In accordance with the Agreement of Sale, the Purchaser has paid a deposit in the amount of $13,500.00 which sum shall be credited at the time of closing on account of the Purchase Price.

10.   The sale of the Property to the Purchaser is only contingent upon Bankruptcy Court approval. All other contingencies have been waived or satisfied. It is a cash sale.

11.   The Property is being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

**III.   THE PROPOSED SALE AND RELIEF REQUESTED**

12.   The Trustee desires to sell the Property free and clear of all liens, claims, interests and encumbrances pursuant to the provisions of the Agreement of Sale.

13.     Pursuant to 11 U.S.C. § 363 and in furtherance of the Trustee's efforts to liquidate the Property, the sale of the Property must be free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

14.     The Liens and Claims shall attach to the proceeds of the sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

15.     The Purchase Price shall constitute the highest and best offer that the Trustee has or shall receive and shall constitute a purchase in good faith for fair value within the meaning of Section 363(m) of the Bankruptcy Code and *In re Abbots Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986).

16.     The sale of the Property free and clear of all Liens and Claims is in the best interest of the bankruptcy estate and is necessary in order to allow the Trustee to liquidate the Property.

## IV.     THE TRUSTEE HAS COMPLIED WITH 11 U.S.C. § 363

17.     By this Motion, the Trustee seeks the entry of an Order by the Court authorizing the sale of the Property free and clear of the Liens and Claims.

18.     Section 363(b) of the Bankruptcy Code authorizes a trustee to sell assets outside of the ordinary course of business. As a general rule, a trustee must show that each of the following elements have been met before a § 363(b) sale may be approved: (i) that a sound business reason

3

exists for the proposed transaction; (ii) the sale has been proposed in good faith; (iii) the sale price is fair and reasonable; and (iv) that accurate and reasonable notice has been provided of the transaction. *See, Stroud Ford, Inc.*, 163 B.R. 730 (Bankr. M.D. Pa. 1993). Here, the proposed sale of the Property meets each of these four (4) factors.

**(a)    The Proposed Sale is Supported by Sound Business Reasons.**

19.    Courts have made it clear that a trustee's showing of a sound business justification need not be exhaustive, but rather a trustee is "simply required to justify the proposed disposition with sound business reasons." *See, In re Baldwin United Corp.*, 43 B.R. 898, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See, In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). *See also, Industrial Valley Refrig. & Air Conditioning Supplies, Inc.*, 77 B.R. 15 (Bankr. E.D. Pa. 1987) (adopting *Lionel* reasoning). When considering whether a trustee has demonstrated a sound business justification for a proposed sale of assets under § 363(b) of the Bankruptcy Code, a court "should consider all salient factors pertaining to the proceeding." *See, Lionel*, 722 F.2d at 1071. In evaluating these and other pertinent factors, the court should bear in mind that the overriding goal is "to further the diverse interests of the trustee, creditors and equity holder, alike." *See, Id.*

20.    The Trustee believes, and therefore avers, that there is good and sufficient business justification for the Trustee to sell the Property and is in the best interest of the bankruptcy estate for this Court to grant the Motion.

21.    Accordingly, as the foregoing discussion demonstrates, the Trustee believes that the sale of the Property is justified by sound business reasons and is necessary to preserve and maximize the return to the bankruptcy estate.

**(b)      The Sale has been Proposed in Good Faith.**

22.      "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." *See, In re Abbotts Dairies Pennsylvania, Inc.,*788 F.2d 143, 147 (3d Cir. 1986). "Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *See, Id.*

23.      The proposed sale of the Property is an arms-length transaction.

24.      The Trustee has no relationship with the Purchaser.

**(c)      The Purchase Price is Fair and Reasonable.**

25.      The Trustee believes the Purchase Price is fair and reasonable.

26.      The Property was shown to potential purchasers by the Trustee's real estate broker, MPN Realty, Inc.

27.      The Property is in a state of disrepair and has a water leak from its roof.

28.      MPN Realty, Inc. recommended that the Trustee accept the Purchase Price.

29.      The Purchase Price is the highest and best offer received by the Trustee.

**(d)      Accurate and Reasonable Notice of the Sale will be Provided.**

30.      In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private or by public auction. *See,* Fed. R. Bankr. P. 6004(f)(1).

31.      Pursuant to Bankruptcy Rule 6004, notice of a proposed use, sale, or lease of property required under Bankruptcy Rule 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. *See,* Fed. R. Bankr. P. 2002(c)(1). Moreover, notice of a proposed use, sale, or lease of property is

sufficient if it generally describes the property.

32.    The Trustee submits that the Notice attached to this Motion meets all of the above requirements. The Notice describes the Property and fixes a deadline for objecting to the same.

**(e)    The Requirements of 11 U.S.C. § 363(f).**

33.    Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if --
>
> (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)    such entity consents;
>
> (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)    such interest is in bona fide dispute; or
>
> (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*See*, 11 U.S.C. § 363(f).

34.    In the case at hand, the Property is encumbered by the following secured claims:

|   | CREDITOR | TYPE OF ENCUMBRANCE | PRINCIPAL BALANCE AS OF THE PETITION DATE |
|---|---|---|---|
| 1 | City of Philadelphia/ School District of Philadelphia | Real Estate Tax Liens | $4,218.44 |
| 2 | Water Revenue Bureau | Municipal Water Liens | $1,193.08 |
| 3 | Commonwealth of Pennsylvania Department of Labor & Industry | Labor & Industry Lien | $829.83 |
| 4 | City of Philadelphia, Office of Administrative Review – Code Unit | Judgment Lien | $600.00 |

TOTAL = $6,841.35

6

35. At closing, the Trustee intends to distribute the proceeds from the sale of the Property as follows:

(a) First, the amount needed to satisfy the outstanding property tax and municipal liens due to the City of Philadelphia/School District of Philadelphia and the Water Revenue Bureau;

(b) Second, the amount needed to satisfy the lien due to the Commonwealth of Pennsylvania Department of Labor & Industry;

(c) Third, the amount needed to satisfy the judgment lien due to the City of Philadelphia, Office of Administrative Review – Code Unit;

(d) Fourth, the normal and customary closing costs including, but not limited to, transfer taxes and any recording fees;

(e) Fifth, satisfaction of the realtor fee due to MPN Realty, Inc. in the amount of $6,750.00 and

(f) Sixth, the balance to the Trustee.

36. Thus, the Trustee submits that the sale of the Property, free and clear of the Liens and Claims, satisfies the statutory prerequisites of § 363(f) of the Bankruptcy Code. Accordingly, the Trustee seeks the entry of an Order authorizing the sale of the Property pursuant to § 363 of the Bankruptcy Code.

## V.   **BROKER COMPENSATION**

37. On October 27, 2025, the Trustee filed the Application of Robert W. Seitzer, Chapter 7 Trustee, to Employ MPN Realty, Inc. as Real Estate Broker Pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014 (the "Employment Application").

38. By Order dated November 6, 2025, this Honorable Court approved the Employment

Application. A copy of the Order approving the Employment Application is attached hereto as Exhibit "B" and made a part hereof.

39.     The Employment Application indicated, *inter alia*, that MPN Realty, Inc. is to be paid a commission of 5% of the sales price of the Property and in the event of a co-broker arrangement, the commission will be split equally between MPN Realty, Inc. and the co-broker.

40.     In the case at hand, there was no co-broker.

41.     As such, the total broker commission owed to MPN Realty, Inc. is $6,750.00 ($135,000.00 X .05 = $6,750.00).

42.     The Trustee is requesting approval of the brokerage commissions identified herein pursuant to 11 U.S.C. § 330.

## VI.     POTENTIAL DISTRIBUTION TO UNSECURED CREDITORS *[THE NUMBERS AND CALCULATIONS SET FORTH BELOW ARE ONLY GOOD FAITH ESTIMATIONS AND ARE SUBJECT TO CHANGE]*

43.     Upon information and belief, the Trustee estimates that he will be able to make a meaningful distribution to unsecured creditors though the sale of the Property and other assets.

44.     The anticipated proceeds from the sale of the Property is calculated as follows:

| | |
|---|---|
| $135,000.00 | (Purchase Price) |
| -$6,841.00 | (Secured Claims) |
| -$13,500.00 | (Closing costs estimated at ten percent (10%) of the Purchase Price including the realtor commission) |
| $114,659.00 | |

45.     As such, the Trustee estimates that the bankruptcy estate may realize the sum of $114,659.00 from the sale of the Property. There may be tax consequences associated with the sale of the Property.

46.     While the Trustee does not know what the total amount of Chapter 7 administrative expense claims will be in this case, he believes that he will be able to make a meaningful

distribution to creditors.

47.     The claims against the Debtor's bankruptcy estate are estimated as follows:

|   | TYPE OF CLAIM | AMOUNT OF CLAIM |
|---|---|---|
| 1 | Unpaid Chapter 11 Administrative Expense Claims | $77,144.50 |
| 2 | Priority Unsecured Claims | $101,569.50 |
| 3 | General Unsecured Claims | $735,163.98 |

TOTAL = $913,877.98

48.     Based upon the estimations set forth herein, the Trustee believes that he may be able to pay all unpaid Chapter 11 administrative expense claims in full, all priority unsecured claims in full and make a meaningful distribution to general unsecured creditors through the sale of the Property and other estate assets.

49.     The Trustee previously sold other commercial real property and realized net sale proceeds in the amount of $733,013.05.

## VII.   NOTICE

50.     This Motion and Notice of Motion, Response Deadline and In-Person Hearing Date have been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) the Debtor's counsel; (iii) all secured creditors and (iv) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.  In addition, Notice of Motion, Response Deadline and In-Person Hearing Date has been provided to all of the Debtor's creditors.  The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## VIII.   CONCLUSION

51.     The Trustee avers that the sale is in the best interest of all of the bankruptcy estate's creditors.  The Trustee further avers that the sale satisfies the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that this Honorable Court enter an Order (i) granting the relief requested herein and (ii) providing such other and further relief as this Honorable Court deems just and reasonable.

Respectfully submitted,

KARALIS PC

By:   /s/ Robert W. Seitzer
     ROBERT W. SEITZER
     1900 Spruce Street
     Philadelphia, PA  19103
     (215) 546-4500
     rseitzer@karalislaw.com

     *Attorneys for the Trustee*

Dated: June 15, 2026