**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TRI-STATE PAPER, INC.** | : | **BANKRUPTCY NO. 23-13237 (PMM)** |
| **d/b/a TRI-STATE PAPER COMPANY** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

**APPLICATION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE,**
**TO EMPLOY ASTERION, INC. AS ACCOUNTANTS**
**PURSUANT TO 11 U.S.C. § 327 AND FED. R. BANKR. P. 2014**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of Tri-State Paper, Inc. d/b/a Tri-State Paper Company (the "Debtor"), hereby makes this application to employ Asterion, Inc. ("Asterion") as accountants pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014 (the "Application"), and in support thereof respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

## BACKGROUND

4. On October 27, 2023 (the "Petition Date"), the Debtor filed for protection under Chapter 11 Subchapter V of the Bankruptcy Code (the "Bankruptcy Case").

5. On September 25, 2025, the Bankruptcy Case was converted to Chapter 7 of the Bankruptcy Code.

6. On September 26, 2025, the Trustee was appointed which appointment remains in

effect.

**PROPOSED RETENTION OF ASTERION**

7. The Trustee seeks to employ and retain Asterion as his accountant pursuant to the terms set forth herein.

8. The Trustee has liquidated certain assets and believes that there may be tax consequences from the sales.

9. The Trustee has determined, in the exercise of his business judgment, that he requires an experienced accountant to provide certain services including, but not limited to, the following:

(a) Meetings and telephone conferences with the Trustee, his counsel and interested parties;

(b) Review of documents provided by the Debtor;

(c) Prepare the bankruptcy estate's tax returns and other tax-related documents; and

(d) Perform such other tasks as appropriate and as may be requested by the Trustee.

10. The Trustee has made a careful and diligent inquiry into the qualifications and competence of Asterion and is advised that Asterion has experience in all areas of financial advising, forensic accounting, providing litigation support services and is capable of providing the proper services to the Trustee in connection with this matter.

11. Asterion's fees for this matter shall be based on its customary rates for such services, plus costs. The hourly rates charged by Asterion and agreed to by the Trustee, subject to this Court's approval, are as follows:

| | Per Hour |
|---|---|
| Principals and Managing Directors | $325 - $595/hour |
| Senior Consultants | $225 - $370/hour |
| Associates and Staff | $100 - $245/hour |

12. Asterion will be paid at such compensation as the Court shall allow only after approval of an Application pursuant to 11 U.S.C. § 330 and in accordance with *In Re Busy Beaver Building Centers, Inc.*, 19 F. 3d 833 (3rd Cir. 1994).

13. Asterion is not an insider or affiliate of the Debtor. Asterion was never employed by the Debtor.

14. To the best of the Trustee's knowledge, (i) Asterion does not have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys and accountants, (ii) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) does not hold or represent any interest adverse to the Debtor or its estate, except as set forth in the Verified Statement of Stephen J. Scherf (the "Verified Statement"). The Verified Statement is attached hereto as Exhibit "A" and made a part hereof.

**RELIEF REQUESTED**

15. By this Application, the Trustee requests that the Court enter an order authorizing him to employ Asterion as accountant to provide the services described herein pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014.

16. Asterion has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

17. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

18. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

19. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

20. The Trustee contends that Asterion's employment is necessary and in the best interests of the Debtor's estate.

21. The Trustee has determined that the services of Asterion are needed and that the cost is warranted.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court enter an order authorizing the employment of Asterion as accountants to the Trustee at such compensation as this Court allows and for such other and further relief as this Honorable Court deems just.

**Respectfully submitted,**

**ROBERT W. SEITZER, CHAPTER 7 TRUSTEE FOR THE ESTATE OF TRI-STATE PAPER, INC. d/b/a TRI-STATE PAPER COMPANY**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Chapter 7 Trustee*

Dated: August 19, 2026