**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| TRI-STATE PAPER, INC. d/b/a TRI-STATE PAPER COMPANY, | ) | |
| | ) | Case No.: 23-13237 (PMM) |
| | ) | |
| Debtor. | ) | |

**THE CITY OF PHILADELPHIA'S LIMITED OBJECTION TO THE CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF REAL ESTATE TAXES TO THE CITY OF PHILADELPHIA**

The City of Philadelphia (the "City"), by and through its counsel, Megan N. Harper, Divisional Deputy City Solicitor, files this limited objection (this "Limited Objection") to the *Chapter 7 Trustee's Motion for Entry of an Order Authorizing Payment of Real Estate Taxes to the City of Philadelphia* [D.I. 413] (the "Motion to Pay") and respectfully states as follows:

## LIMITED OBJECTION

The City does not object to the Motion to Pay but seeks clarification with respect to payment of real estate tax owed for 2026 (currently $2,088.77). On July 9, 2026, the Court entered an Order granting the Sale Motion.[1] Real estate taxes for 2026 (the "2026 Taxes") were due and owing at that time and remain outstanding. The City is unclear when the Property went to closing and is also unclear as to who is responsible for payment of the 2026 Taxes including whether the 2026 Taxes were prorated between the Debtor and the purchaser.

Under the MCTLA, a tax lien is a first lien against property dating back to the date the taxes are assessed. 53 P.S. § 7102, *see also, Moore v. Smith*, 494 A.2d 1107, 1108 (Pa. Super. Ct. 1985) (real estate taxes imposed by the City are a first lien against property dating back to assessment); *City of Philadelphia v. Philadelphia Transload & Logistics LLC*, 2012 WL 8681526,

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Pay.

at *2 (Pa. Comwlth., March 15, 2012) (a lien is created when a tax is levied in conformity with Section 7102 of the MCTLA); *N. Coventry Twp. v. Tripoldi*, 64 A.3d 1128, 1132 (Pa. Comwlth. 2013) (a tax lien arises by operation of law whenever a municipal tax is lawfully imposed).

The City has perfected first-priority liens against the Property for real estate taxes including the 2026 Taxes and requests that any Order granting the Motion to Pay address payment of 2026 Taxes in addition to the 2024 and 2025 real estate tax.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: September 15, 2026 By: */s/ Megan N. Harper*

Megan N. Harper (PA ID 81669)
Divisional Deputy City Solicitor
1401 JFK Boulevard, 5th Floor
Philadelphia, PA 19102-1595
215-686-0503 (phone)
Email: Megan.Harper@phila.gov